1  MORGAN, LEWIS & BOCKIUS LLP
2  Ali S. Razai, Bar No. 246,922
   ali.razai@morganlewis.com
   Brandon G. Smith, Bar No. 307,676
3  brandon.smith@morganlewis.com
   600 Anton Boulevard, Suite 1800
4  Costa Mesa, CA  92626-7653
   Tel:    +1.714.830.0600
5  Fax:   +1.714.830.0700

6  Jack Hendershott (*pro hac vice* forthcoming)
   jack.hendershott@morganlewis.com
7  101 Park Avenue
   New York, NY 10178-0060
8  Tel:    +1.212.309.6000
   Fax:   +1.212.309.6001
9
   Attorneys for Plaintiffs
10 LULULEMON ATHLETICA CANADA INC.
   LULULEMON USA INC.
11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15 LULULEMON ATHLETICA            Case No.  2:25-cv-5864
   CANADA INC. AND LULULEMON
16 USA, INC.,                     **COMPLAINT JURY TRIAL**
                                  **DEMANDED**
17              Plaintiffs,

18         vs.

19 COSTCO WHOLESALE
   CORPORATION
20
                Defendant.
21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

Plaintiffs lululemon athletica canada inc. and lululemon usa, inc. ("lululemon" or "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendant Costco Wholesale Corporation ("Costco" or "Defendant") allege as follows:

## **INTRODUCTION**

1. lululemon is a path-breaking athletic and lifestyle apparel company founded in 1998 in Vancouver, British Columbia, Canada. lululemon designs, manufactures, and distributes innovative, unique and high-performing apparel, footwear and accessories that have achieved remarkable consumer success. Since its inception, lululemon has been pioneering products that are sought after by athletes as well as a growing core of consumers who desire everyday performance wear consistent with their active lifestyles, including lululemon's popular SCUBA® hoodies and sweatshirts, DEFINE® jackets, and ABC pants.

2. As a design and innovation led company, lululemon has invested substantial effort and resources to develop, promote, and protect its brands and innovations. lululemon's product design process is driven by extensive research, guest feedback, and testing to develop high-performance products with innovative design concepts, impressive construction techniques, and strategic fits. As a result, consumers in the United States and around the world recognize, enjoy and rely upon lululemon's trademarks and creative designs as signifiers of lululemon's high-quality and high-performance products, placing them among the most recognizable athletic and lifestyle apparel in the world.

3. lululemon files this action as part of its intellectual property enforcement efforts directed to retailers who have chosen to copy rather than compete. Costco has unlawfully traded upon Plaintiffs' reputation, goodwill and sweat equity by selling unauthorized and unlicensed apparel employing knockoff, infringing versions of Plaintiffs' well-known trade dress and design patents (the "Infringing Products") and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

2

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

to recover fully for the monetary damages and significant harm to lululemon's brands and reputation caused by Defendant.

4.     Given the success of Plaintiffs' products, some companies have replicated or copied Plaintiffs' proprietary apparel designs to create what are colloquially known in the fashion world as "knockoffs" or "dupes."  There is even a hashtag "LululemonDupes" on social media platforms such as TikTok that social media influencers use when promoting these copycat products. The Infringing Products create an improper association with Plaintiffs' authentic products.  Upon information and belief, some customers incorrectly believe these Infringing Products are authentic lululemon apparel while still other customers specifically purchase the Infringing Products because they are difficult to distinguish from authentic lululemon products, particularly for downstream purchasers or observers.

5.     These Infringing Products, including the products at issue in this Complaint, infringe Plaintiffs' intellectual property rights and damage Plaintiffs' hard-earned reputation and immense goodwill.  Plaintiffs' have used various methods to remove the infringing products from the market.  Plaintiffs send cease and desist letters to companies, including Defendant, who, through the advertising or sale of dupes, infringe Plaintiffs' intellectual property.    Plaintiffs also enforce their intellectual property rights in court.

6.     Upon information and belief, one of the reasons retailers such as Defendant, desire to sell dupes of Plaintiffs' products is the potential for confusion and perceived association between dupe products and Plaintiffs' authentic products that such sales create amongst their consumers that benefits the retailer.  Indeed, one of the purposes of selling "dupes" is to confuse consumers at the point-of-sale and/or observers post-sale into believing that the "dupes" are Plaintiffs' authentic products when they are not.  For example, *The Washington Post* published an article titled "Is That Hoodie a Lululemon or a Costco Dupe?  No One Has to Know But You."  As another example, *The New York Times* recently published an article titled "Are These

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

3

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

$20 Costco Pants a Lululemon Dupe? We Investigated." A true and correct copy of this article is attached as **Exhibit 1**. *The New York Times* article stated "[w]hen I held these two pairs of pants and inspected their construction, they looked almost identical. I asked Lululemon whether the brand made these pants for Kirkland." That same article stated: "If the promise of the Lululemon ABC pants is that they can fully replace cotton chinos, Kirkland doesn't even begin to deliver on that with its pants."

7.     Upon information and belief, Defendant is known to use manufacturers of popular branded products for its own KIRKLAND® "private label" products. Such private label sales accounts for over a third of Defendant's sales, but neither Defendant nor the original manufacturer informs their consumers of the connection for many of the KIRKLAND-branded dupes. Upon information and belief, this source ambiguity preconditions at least some consumers into believing that private label, KIRKLAND-branded dupes are in fact manufactured by the authentic supplier of the "original" products. Defendant does not dispel this ambiguity.

## JURISDICTION AND VENUE

8.     This is an action for trade dress infringement and unfair competition under the Lanham Act (15 U.S.C. § 1051 *et seq.*), patent infringement arising under the patent laws of the United States (35 U.S.C. § 1 *et seq.*), violation of the California Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200 *et. seq.*), and violations of the common law of the state of California.

9.     This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) since they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

10.     This Court has personal jurisdiction over Defendant by virtue of Defendant's longstanding presence in this state, by having regular and established places of business in this judicial district, by placing infringing products in the stream

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

4

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

of commerce marketed and directed to residents of this judicial district, by deriving financial and commercial benefits from the sale of infringing products, by causing injury to Plaintiffs within this judicial district and by being registered with the Secretary of State of California to do business in this state.

11.    Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged in this lawsuit occurred in this judicial district and Plaintiffs have been injured in this judicial district and 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this judicial district and committed acts of infringement in this judicial district.

## THE PARTIES

12.    Plaintiff lululemon usa, inc. is a Nevada corporation with a principal place of business at 1818 Cornwall Avenue, Vancouver, British Colombia, V6J 1C7, Canada.  Plaintiff lululemon athletica canada inc. is a Canadian corporation with a principal place of business at 1818 Cornwall Avenue, Vancouver, British Colombia, V6J 1C7, Canada.  Plaintiffs' performance apparel and accessories are available throughout the United States online and through retail stores, including multiple stores in this judicial district.

13.    Upon information and belief, Defendant Costco Wholesale Corporation is a corporation organized and existing under the laws of the state of Washington with a principal place of business at 999 Lake Drive, Issaquah, Washington 98027. Upon information and belief, Defendant owns and operates retail stores throughout the United States, including multiple stores in this judicial district.

## FACTUAL BACKGROUND

14.    Since 1998, Plaintiffs have designed, distributed, strategically marketed, offered for sale and sold premium athletic and casual lifestyle apparel and accessories under distinctive trademarked brands and trade dress, including their wildly popular SCUBA® hoodies and sweatshirts, DEFINE® jackets, and ABC pants.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

5

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

15.     The prestige and renown of Plaintiffs' brands, including SCUBA hoodies and sweatshirts, DEFINE jackets, and ABC pants are further enhanced by careful marketing and distribution of Plaintiffs' products.

16.     Plaintiffs' products have widespread recognition. Consumers understand and have come to expect Plaintiffs' products to be at the forefront of design, creativity, high quality and unique innovation in the athletic and casual lifestyle apparel market. Accordingly, consumers associate products originating from, sponsored by, or affiliated with lululemon as associated with these characteristics of quality and innovation.

17.     Plaintiffs are the owner of, and have widely promoted, trademarks and trade dress, including for SCUBA hoodies and sweatshirts, DEFINE jackets, and ABC pants, several of which are registered on the Principal Register of the U.S. Patent & Trademark Office and which have earned substantial fame and considerable goodwill among the public.

18.     Plaintiffs have used their trademarks and trade dress on and in association with its various lines of athletic and casual lifestyle apparel and accessories, including SCUBA hoodies and sweatshirts, DEFINE jackets, and ABC pants, as well as in connection with packaging, retail store services, and online e-commerce.

19.     Plaintiffs have also secured patent protection for their designs, including designs embodied in the SCUBA hoodies and sweatshirts and DEFINE jackets.

**A.     The Intellectual Property Protecting Plaintiffs' DEFINE® Apparel**

20.     Plaintiffs' DEFINE jackets are protected by trade dress registered on the Principal Register of the U.S. Patent & Trademark Office for which Plaintiff lululemon athletica canada inc. owns all rights, title and interest, namely (the "Registered DEFINE Trade Dress"):

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

6

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

| Reg. No. | Mark | Reg. Date | Date of First Use | Relevant Goods |
|---|---|---|---|---|
| 7,526,264 |  | October 8, 2024 | 2009 | Clothing jackets |
| 7,526,265 |  | October 8, 2024 | 2009 | Clothing jackets |

21.    True and correct copies of the certificates of registration for the Registered DEFINE Trade Dress are attached hereto as **Exhibits 2 and 3** and incorporated herein. These registrations are valid, subsisting and in full force and effect.

22.    The Registered DEFINE Trade Dress has been used exclusively and continuously by Plaintiffs and their subsidiaries, since at least as early as 2009, and has never been abandoned.

23.    Plaintiffs have also acquired extensive common law rights in the distinctive overall appearance and holistic design of its DEFINE jackets comprised of the following unique combination of elements (the "lululemon DEFINE Trade

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

7

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

Dress"). Examples of products bearing the lululemon DEFINE Trade Dress are depicted below:



24. The lululemon DEFINE Trade Dress includes a jacket having:

- approximately mirror image curvilinear ornamental lines on the front of the jacket;
- one set of the mirroring curvilinear ornamental lines on the front extend from the chest to the waist;
- another set of the mirroring curvilinear lines extending from the chest toward the neck region;



COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

- a curved ornamental line that extends across the mid-back region of the jacket; and,

- an approximately mirror image curvilinear ornamental line from below the ornamental line across the mid-back of the region towards the bottom seam of the jacket.



25.   The lululemon DEFINE Trade Dress has been used exclusively and continuously by Plaintiffs since at least as early as 2009, and has never been abandoned (the Registered DEFINE Trade Dress and lululemon DEFINE Trade Dress are collectively referred to as the "DEFINE Trade Dress").

26.   Plaintiffs have spent significant resources and effort to develop and promote public recognition of the DEFINE Trade Dress throughout the world. As a result of Plaintiffs' extensive promotional efforts, sales and its continuous use for more than 15 years, Plaintiffs have attained high levels of recognition of the DEFINE Trade Dress. For example, Plaintiffs' products bearing the DEFINE Trade Dress have been featured favorably in unsolicited media coverage such as *USA Today*, *People*, and *Yahoo! Style*.  As another example, products bearing the DEFINE Trade Dress have appeared on popular shows such as *Bachelorette, Big Little Lies* and *New Girl*. As another example, products bearing the DEFINE Trade Dress have received millions of views on social media platforms such as TikTok and Instagram. Additionally, celebrities such as Kate Middleton, Nicole Kidman, Reese

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

Witherspoon, Kristin Davis, Kourtney Kardashian, LeAnne Rimes, and Kelly Ripa have been "spotted" wearing Plaintiffs' products featuring the DEFINE Trade Dress. Images of some of these individuals are shown below:

  

As a result of Plaintiffs' longstanding and widespread use, sales and promotion of the DEFINE Trade Dress, the public has come to recognize products bearing the DEFINE Trade Dress as emanating from Plaintiffs and associate such products with Plaintiffs' high-quality goods and services. The DEFINE Trade Dress has established strong secondary meaning and extensive goodwill.

27. The DEFINE Trade Dress is non-functional. The design features embodied by the DEFINE Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not affect the quality of the product. The design elements of the DEFINE Trade Dress are not a competitive necessity for apparel products. Examples of jackets that do not bear the DEFINE Trade Dress are illustrated below:

| **Free People Ashton Zip Thermal** | **NSF Aminah Crop Cable-Knit Half-Zip Pullover** |
|---|---|
|  |  |

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

| **HEAD Women's 1/2 Zip Up Pullover Track Jacket** | **Altra Women's Core 1/2 Zip Pullover** |
|:---:|:---:|
|  |  |

28.     The design features of the DEFINE Trade Dress are not comparatively simple or inexpensive to manufacture because the elements are more complex than other garments.  For example, the ornamental lines in the DEFINE Trade Dress make products bearing the DEFINE Trade Dress more expensive to manufacture than other garments without these ornamental lines.  The design of the DEFINE Trade Dress is not a competitive necessity.

**B.     The Intellectual Property Protecting Plaintiffs' SCUBA® Apparel**

29.     Plaintiffs' SCUBA hoodies and sweatshirts are protected by a number of patents, for example, U.S. Patent No. D989,442 issued on June 20, 2023 and U.S. Patent No. D1,035,219 issued on July 16, 2024 covering the ornamental design of the SCUBA hoodies and sweatshirts, true and correct copies of which are attached hereto as **Exhibits 4 and 5** and incorporated herein.  Plaintiff lululemon athletica canada inc. owns all right, title and interest in these design patents.

| Reg. No. | Exemplar Figures | Reg. Date | Claim |
|---|---|---|---|
| D989,442 | | June 20, 2023 | The ornamental design for a garment, as shown and described |
| D1,035,219 | | July 16, 2024 | The ornamental design for a garment, as shown and described |

30.    Plaintiffs have also acquired extensive common law rights in the distinctive overall appearance and design of their hoodies and sweatshirts sold under the SCUBA mark (the "SCUBA Trade Dress").  Examples of products bearing the SCUBA Trade Dress are depicted below:



MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

31.    The SCUBA Trade Dress includes sweatshirts and hoodies having:

- a kangaroo pocket on the front;

- the top of the kangaroo pocket is narrower than the bottom of the kangaroo pocket;

- curved openings that extend from each side of the kangaroo pocket to approximately the middle of the kangaroo pocket;

- a closed seam that extends linearly from approximately the middle of the kangaroo pocket to the bottom seam of the kangaroo pocket;



- a set of ornamental lines that extend from each side of the neck line toward the underarm on the front of the sweatshirt, defining a region of visual texture between the ornamental lines that differs from a visual texture of the adjacent region.



32.    The SCUBA Trade Dress has been used exclusively and continuously by Plaintiffs since at least as early as 2020, and has never been abandoned.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

33.     Plaintiffs have spent significant resources and effort to develop and promote public recognition of the SCUBA Trade Dress throughout the world. As a result of Plaintiffs' extensive promotional efforts, sales and its continuous use, Plaintiffs have attained high levels of recognition in the SCUBA Trade Dress. For example, Plaintiffs' products bearing the SCUBA Trade Dress have been featured favorably in unsolicited media coverage such as *Yahoo! Life* and *Pop Sugar*.

34.     As a result of Plaintiffs' longstanding and widespread use, sales and promotion of the SCUBA Trade Dress, the public has come to recognize products bearing the SCUBA Trade Dress as emanating from Plaintiffs and to identify such products with Plaintiffs' high-quality goods and services.  The SCUBA Trade Dress has established strong secondary meaning and goodwill.

35.     The SCUBA Trade Dress is non-functional.   The design features embodied by the SCUBA Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not affect the quality of the product.  The design elements of the SCUBA Trade Dress are not a competitive necessity for apparel products. Examples of sweatshirts that do not bear the SCUBA Trade Dress are illustrated below:

| **Outerknown Women's Hightide Hoodie** | **Tommy Hilfiger Embroidered Tommy Logo Hoodie** |
|---|---|
|  |  |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

| **Aeropostale Cloud Soft Pullover Hoodie** | **H&M Oversized Hoodie** |
|---|---|
|  |  |

36.     The design features of the SCUBA Trade Dress are not comparatively simple or inexpensive to manufacture because the elements are more complex than other garments.  For example, the ornamental lines in the SCUBA Trade Dress make products bearing the SCUBA Trade Dress more expensive to manufacture than other garments without these ornamental lines.  The design of the SCUBA Trade Dress is not a competitive necessity.

37.     Plaintiff lululemon athletica canada inc. is also the owner of all right, title, and interest in U.S. Trademark Registration No. 4,333,759 (the "'759 Registration) for SCUBA (the "SCUBA Mark") for use in connection with clothing, namely hooded sweatshirts, jackets, coats, and tops.  A true and correct copy of the Registration Certificate for the '759 Registration is attached hereto as **Exhibit 6**.

38.     lululemon sells numerous products under the TIDEWATER TEAL™ mark, including the viral sensation Everywhere Belt Bag, the ALIGN product franchise, CITY SWEAT joggers, LOUNGEFUL hoodies, SWIFTLY tank tops, and some of lululemon's SCUBA Trade Dress products.  lululemon has continuously and extensively used the TIDEWATER TEAL™ mark since at least 2019.  Due to lululemon's extensive efforts, as well as the publicity associated with lululemon's apparel, the TIDEWATER TEAL™ mark is an important component of lululemon's business and recognized as symbolizing lululemon's high quality products.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

15

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

39.     As a result of lululemon's long, continuous, extensive, and exclusive use of the TIDEWATER TEAL™ mark, as well as its substantial marketing, promotion, and sale of products under the mark, the public has come to recognize this mark as identifying products that originate from lululemon.  lululemon has spent time, effort, and expense to create valuable goodwill in the TIDEWATER TEAL™ mark.  Products sold under lululemon's TIDEWATER TEAL™ mark typically sell very quickly relative to lululemon's other products.   There are reddit threads specifically discussing lululemon products sold under the TIDEWATER TEAL™ mark.

40.     lululemon's products sold under the TIDEWATER TEAL™ mark have been featured favorably in unsolicited media coverage such as *Yahoo! Style*, *Canadian Running*, and *ABC 7* (Los Angeles).

41.     The top listings in a Google search for "tidewater teal" returns results referencing lululemon products and do not refer to any other sellers of clothing or bags. **Exhibit 7**.

42.     Upon information and belief, none of lululemon's competitors use TIDEWATER TEAL in connection with clothing or bags other than the Infringing Products.

C.     **The Intellectual Property Protecting Plaintiffs' ABC Pants**

43.     Plaintiffs have also acquired extensive common law rights in the distinctive overall appearance and holistic design of its ABC pants comprised of the following unique combination of elements (the "ABC Trade Dress").  Examples of products bearing the ABC Trade Dress are depicted below:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

16

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13



14        44.    The ABC Trade Dress includes pants comprised of a fabric that has a

15   synthetic, flat, semi-matte appearance and appears to be largely made of a uniform

16   texture with four-direction stretch, i.e., it appears to be able to stretch in four

17   directions;

18   an outlined area in the crotch region that is formed by ornamental lines at least one

19   of which extends through the crotch region and at least partially down each leg and

20   another of which is curved toward the back of the pants:

21
22
23
24
25
26
27



28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Costa Mesa

17

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

an ornamental line extending across the rear of the pants above any pockets but below any belt loops:



mirror image ornamental lines on the front of the pants extending in an arc from a region near the waistband toward the side of the pants and the ending of which is overlapped by a decorative metallic circle:



45.     Plaintiffs have spent significant resources and effort to develop and promote public recognition of the ABC Trade Dress throughout the world. As a result of Plaintiffs' extensive promotional efforts, sales and its continuous use for more than ten years, Plaintiffs have attained high levels of recognition in the ABC Trade Dress.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

For example, advertising for products bearing the ABC Trade Dress has featured hockey great Wayne Gretzky, football star DK Metcalf, and football coach Sean Payton wearing products bearing the ABC Trade Dress.    As another example, Plaintiffs' products bearing the ABC Trade Dress have been featured favorably in publications such as *Men's Health*, *Esquire*, the *Wall Street Journal*, *New York Magazine*, and *The New York Times*.  Former President Barak Obama has also been "spotted" wearing products bearing the ABC Trade Dress.

46.    As a result of Plaintiffs' longstanding and widespread use, sales and promotion of the ABC Trade Dress, the public has come to recognize products bearing the ABC Trade Dress as emanating from Plaintiffs and to identify such products with Plaintiffs' high-quality goods and services.  The ABC Trade Dress has established strong secondary meaning and goodwill.

47.    The ABC Trade Dress is non-functional.  The design features embodied by the ABC Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not affect the quality of the product.    The design elements of the ABC Trade Dress are not a competitive necessity for apparel products. Examples of pants that do not bear the ABC Trade Dress are illustrated below:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

19

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

### Tommy Hilfiger Men's TH Flex Stretch Chino Pant



### Dockers Men's Easy Classic Fit Khaki Stretch Pants



### H&M Relaxed-Fit Cargo Pants



### Bonobos Course Legend Pants



48.   The design features of the ABC Trade Dress are not comparatively simple or inexpensive to manufacture because the elements are more complex than other garments.  For example, the ornamental lines in the ABC Trade Dress make products bearing the ABC Trade Dress more expensive to manufacture than other garments without these ornamental lines.  The design of the ABC Trade Dress is not a competitive necessity.

**D.    Defendant's Infringing Activities**

49.   Plaintiffs bring this action to combat Defendant's importation, distribution, advertisement, marketing, offering for sale and sale in the U.S. of apparel that infringe upon the SCUBA Hoodie Trade Dress, the SCUBA Patents, the SCUBA Mark, the DEFINE Trade Dress, and the ABC Trade Dress.

50.   Upon information and belief, Defendant Costco is a large online and bricks-and-mortar retailer that sells a wide variety of apparel.  Defendant competes with Plaintiffs by selling apparel nationwide, including through numerous stores located in this judicial district and its website (www.costco.com), which is accessible to customers in this judicial district as well as throughout the country.

51.   Upon information and belief, Defendant has imported into the U.S., distributed, advertised, marketed, offered for sale and/or sold at least the Infringing Products identified under the names "Danskin Ladies Half-Zip Hoodie," "Danskin Half-Zip Pullover," "Jockey Ladies Yoga Jacket," "Spyder Women's Yoga Jacket," "Hi-Tec Men's Scuba Full Zip," and "Kirkland 5 Pocket Performance Pant."

52.   On November 11, 2024, lululemon wrote to Costco about its infringement of lululemon's intellectual property, including the SCUBA Mark and U.S. Design Patent Nos. D989,442 and D1,035,219 and U.S. Trademark Reg. No. 4,333,759.  On information and belief, Costco subsequently removed at least some of the products that infringed lululemon's SCUBA Mark, but later began selling the infringing Hi-Tec Men's Scuba Full Zip.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

i.    **The Infringing "Danskin Ladies Half-Zip"**

53.    Upon information and belief, Defendant imported into the U.S., distributed, advertised, marketed, offered for sale and/or sold at least the Infringing Products identified under the name "Danskin Half-Zip Pullover," an exemplar of which is shown below next to Plaintiffs' genuine SCUBA product embodying Plaintiffs' SCUBA Trade Dress and the ornamental design of the Asserted Patents (the "Danskin Pullover Products"):

| lululemon SCUBA® Product | Danskin Half-Zip Pullover Front |
|---|---|
|  |  |

54.    Upon information and belief, Defendant imported into the U.S., distributed, advertised, marketed, offered for sale, and/or sold at least some of the Danskin Half-Zip Pullover products using the phrase "Tidewater Teal."

ii.    **The Infringing "Danskin Ladies Half-Zip Hoodie"**

55.    Upon information and belief, Defendant imported into the U.S., distributed, advertised, marketed, offered for sale and/or sold at least the Infringing Products identified under the name "Danskin Ladies Half-Zip Hoodie," an exemplar of which is shown below next to Plaintiffs' genuine SCUBA hoodies embodying Plaintiffs' SCUBA Trade Dress and the ornamental design of the Asserted Patents (the "Danskin Hoodie Products"):

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

| lululemon SCUBA® Product | Danskin Half-Zip Hoodie Front |
|---|---|
|  | |

56.    Upon information and belief, Defendant imported into the U.S., distributed, advertised, marketed, offered for sale, and/or sold at least some of the Danskin Half-Zip Hoodie products using the phrase "Tidewater Teal."

### iii.    The Infringing "Jockey Ladies Yoga Jacket"

57.    Upon information and belief, Defendant has imported into the U.S., distributed, advertised, marketed, offered for sale and/or sold at least the Infringing Products identified under the name "Jockey Ladies Yoga Jacket," an exemplar of which is shown below next to Plaintiffs' genuine DEFINE jackets embodying Plaintiffs' DEFINE Trade Dress (the "Jockey Products"):

| lululemon DEFINE® Jacket Front | Jockey Ladies Yoga Jacket Front |
|---|---|
|  | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

| lululemon DEFINE® Jacket Back | Jockey Ladies Yoga Jacket Back |
|---|---|
|  | |

### iv. The Infringing "Spyder Women's Yoga Jacket"

58.     Upon information and belief, Defendant has imported into the U.S., distributed, advertised, marketed, offered for sale and/or sold at least the Infringing Products identified under the name "Spyder Women's Yoga Jacket," an exemplar of which is shown below next to Plaintiffs' genuine DEFINE jackets embodying Plaintiffs' DEFINE Trade Dress (the "Spyder Products"):

| lululemon DEFINE® Jacket Front | Spyder Women's Yoga Jacket Front |
|---|---|
|  | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

24

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

| lululemon DEFINE® Jacket Back | Spyder Women's Yoga Jacket Back |
|---|---|
|  |  |

[REMAINDER OF PAGE BLANK]

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

25

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1       **v.**  **The Infringing "Hi-Tec Men's Scuba Full Zip"**

2       59.    Upon information and belief, Defendant has imported into the U.S.,

3  distributed, advertised, marketed, offered for sale and/or sold at least the Infringing

4  Products identified under the name "Hi-Tec Men's Scuba Full Zip."  An image of

5  Defendant's website advertising this product is shown below:



18       **vi.** **The Infringing "Kirkland 5 Pocket Performance Pant"**

19       60.    Upon information and belief, Defendant has imported into the U.S.,

20  distributed, advertised, marketed, offered for sale and/or sold at least the Infringing

21  Products identified under the name "Kirkland 5 Pocket Performance Pant," an

22  exemplar of which is shown below next to Plaintiffs' genuine ABC Pant embodying

23  Plaintiffs' ABC Trade Dress (the "5 Pocket Products"):

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

26

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

| lululemon ABC Pant Front | Kirkland 5 Pocket Pant Front |
|---|---|
| |  |
| **lululemon ABC Pant Back** | **Kirkland 5 Pocket Pant Back** |
|  |  |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

**FIRST CAUSE OF ACTION**

**(Trade Dress Infringement – 15 U.S.C. § 1114)**

61.    Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 to 60 of this Complaint as though fully set forth herein.

62.    Plaintiff lululemon athletica canada inc. is the exclusive owner of all right, title and interest in the Registered DEFINE Trade Dress and the corresponding United States Registration Nos. 7,526,264 and 7,526,265 covering the same are valid, subsisting and in full force and effect.

63.    The Registered DEFINE Trade Dress has acquired distinctiveness and serves as a source-identifier for Plaintiffs' apparel among consumers.

64.    Upon information and belief, Defendant knew or had reason to know of the Registered DEFINE Trade Dress and Plaintiffs' exclusive rights to use of the same in commerce.

65.    Nevertheless, subsequent to Plaintiffs' use and adoption of the Registered DEFINE Trade Dress, and the development of secondary meaning in that trade dress, Defendant has sold, offered to sell, marketed, distributed and is still selling, offering to sell, marketing, distributing, and advertising the infringing Jockey Products and the infringing Spyder Products.

66.    Defendant is not, and has never been, authorized by Plaintiffs to use the Registered DEFINE Trade Dress on or in connection with the sale of any goods.

67.    Defendant's actions have caused, and are likely to continue to cause confusion, mistake, and deception among consumers as the origin, source, sponsorship, approval, and/or affiliation of Defendant's and/or its products with Plaintiffs.

68.    Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, constituting exceptional circumstances under the Lanham Act.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

28

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

69.     Defendants' unauthorized use of the Registered DEFINE Trade Dress constitutes willful trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a), damaging Plaintiffs in an amount to be proven at trial.

70.     Defendant's infringing conduct has directly and proximately caused substantial, irreparable injury to Plaintiffs and to the business and goodwill represented by the Registered DEFINE Trade Dress, and unless enjoined will continue to do so, leaving Plaintiffs without an adequate remedy at law.

<u>**SECOND CAUSE OF ACTION**</u>

**(Trade Mark Infringement – 15 U.S.C. § 1114)**

71.     Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 to 60 of this Complaint as though fully set forth herein.

72.     Plaintiff lululemon athletica canada inc. is the exclusive owner of all right, title and interest in the SCUBA Mark and the corresponding United States Registration No. 4,333,759 covering the same is valid, subsisting and in full force and effect.

73.     Upon information and belief, Defendant knew or had reason to know of the SCUBA Mark and Plaintiffs' exclusive rights to use of the same in commerce.

74.     Nevertheless, Defendant has sold, offered to sell, marketed, distributed and is still selling, offering to sell, marketing, distributing, and advertising products bearing marks that are confusingly similar to lululemon's SCUBA Mark, including, for example, Hi-Tec Men's Scuba Full Zip.

75.     Defendant's actions are likely to cause (and may have already caused) confusion, mistake, and deception among consumers as the origin, source, sponsorship, approval, and/or affiliation of Defendant and/or its products with Plaintiffs.

76.     Defendant is not, and has never been, authorized by Plaintiffs to use the SCUBA Mark on or in connection with the sale of any goods.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

29

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

77.     Defendant's actions have caused, and are likely to continue to cause confusion, mistake, and deception among consumers as the origin, source, sponsorship, approval, and/or affiliation of Defendant's Hi-Tec Men's Scuba Full Zip product with Plaintiffs.

78.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, constituting exceptional circumstances under the Lanham Act.

79.     Defendants' unauthorized use of the SCUBA Mark constitutes willful trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a), damaging Plaintiffs in an amount to be proven at trial.

80.     Defendant's infringing conduct has directly and proximately caused substantial, irreparable injury to Plaintiffs and to the business and goodwill represented by the SCUBA Mark, and unless enjoined will continue to do so, leaving Plaintiffs without an adequate remedy at law.

## **THIRD CAUSE OF ACTION**

### **(Trade Dress Infringement – 15 U.S.C. § 1125(a))**

81.     Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 to 60 of this Complaint as though fully set forth herein.

82.     Plaintiff lululemon athletica canada inc. is the exclusive owner of all right, title and interest in the DEFINE Trade Dress.

83.     The DEFINE Trade Dress has acquired distinctiveness and serve as a source-identifier for Plaintiffs' apparel among consumers.

84.     Upon information and belief, Defendant knew or had reason to know of the DEFINE Trade Dress and Plaintiffs' exclusive rights to use of the same in commerce.

85.      Subsequent to Plaintiffs' use and adoption of the DEFINE Trade Dress, and the development of secondary meaning in that trade dress, the Jockey Ladies Yoga Jacket has been imported, distributed, advertised, offered for sale, and/or sold

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

30

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

by Defendant bearing a confusingly similar reproduction of the DEFINE Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Plaintiffs of the Jockey Ladies Yoga Jacket.

86.    Subsequent to Plaintiffs' use and adoption of the DEFINE Trade Dress, and the development of secondary meaning in that trade dress, the Spyder Women's Yoga Jacket has been imported, distributed, advertised, offered for sale, and/or sold by Defendant bearing a confusingly similar reproduction of the DEFINE Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Plaintiffs of the Spyder Women's Yoga Jacket.

87.    The foregoing unlawful acts have been and are being done without Plaintiffs' permission or authorization, and in total disregard of Plaintiffs' exclusive rights to control their intellectual property. There are myriad other designs in the athletic apparel industry, none of which necessitate copying or imitating the DEFINE Trade Dress.

88.    The importation, distribution, advertisement, offer for sale and sale by Defendant of the Jockey Products and the Spyder Products bearing a confusingly similar reproduction of the DEFINE Trade Dress, is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Jockey Products and the Spyder Products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Plaintiffs.

89.    Defendant's actions are likely to cause (and may have already caused) confusion, mistake, and deception among consumers as to the origin, source, sponsorship, approval, and/or affiliation of Defendant and/or its products with Plaintiffs.

90.    As a direct and proximate result of the foregoing acts, Plaintiffs have suffered and will continue to suffer significant injuries in an amount to be determined at trial. Plaintiffs are entitled to recover all damages, including attorneys' fees, that it

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

31

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

has sustained and will sustain, and all gains, profits and commercial advantages obtained by Defendant as a result of its infringing acts.

91.    Unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Plaintiffs for the harm caused by Defendant's infringement, which is ongoing, and Plaintiffs are entitled to injunctive relief enjoining Defendant from continuing to infringe the DEFINE Trade Dress or any trade dress confusingly similar thereto.

## FOURTH CAUSE OF ACTION

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

92.    Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 to 60 of this Complaint as though fully set forth herein.

93.    Plaintiff lululemon athletica canada inc. is the exclusive owner of all right, title and interest in the lululemon DEFINE Trade Dress.

94.    The lululemon DEFINE Trade Dress has acquired distinctiveness and serves as a source-identifier for Plaintiffs' apparel among consumers.

95.    Upon information and belief, Defendant knew or had reason to know of the lululemon DEFINE Trade Dress and Plaintiffs' exclusive rights to use of the same in commerce.

96.    Subsequent to Plaintiffs' use and adoption of the lululemon DEFINE Trade Dress, and the development of secondary meaning in that trade dress, the Jockey Ladies Yoga Jacket has been imported, distributed, advertised, offered for sale, and/or sold by Defendant bearing a confusingly similar reproduction of the lululemon define Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Plaintiffs of the Jockey Ladies Yoga Jacket.

97.    Subsequent to Plaintiffs' use and adoption of the lululemon DEFINE Trade Dress, and the development of secondary meaning in that trade dress, the Spyder Women's Yoga Jacket has been imported, distributed, advertised, offered for sale, and/or sold by Defendant bearing a confusingly similar reproduction of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

32

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

lululemon DEFINE Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Plaintiffs of the Spyder Women's Yoga Jacket.

98.    The foregoing unlawful acts have been and are being done without Plaintiffs' permission or authorization, and in total disregard of Plaintiffs' exclusive rights to control their intellectual property. There are myriad other designs in the athletic apparel industry, none of which necessitate copying or imitating the lululemon DEFINE Trade Dress.

99.    The importation, distribution, advertisement, offer for sale and sale by Defendant of Jockey Ladies Yoga Jacket bearing a confusingly similar reproduction of the lululemon DEFINE Trade Dress, is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Jockey Ladies Yoga Jacket is produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Plaintiffs.

100.    The importation, distribution, advertisement, offer for sale and sale by Defendant of Spyder Women's Yoga Jacket bearing a confusingly similar reproduction of the lululemon DEFINE Trade Dress, is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Spyder Women's Yoga Jacket is produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Plaintiffs.

101.    Defendant's actions are likely to cause (and may have already caused) confusion, mistake, and deception among consumers as to the origin, source, sponsorship, approval, and/or affiliation of Defendant and/or its products with Plaintiffs.

102.    As a direct and proximate result of the foregoing acts, Plaintiffs have suffered and will continue to suffer significant injuries in an amount to be determined at trial. Plaintiffs are entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and commercial advantages obtained by Defendant as a result of its infringing acts.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

33

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

103.   Unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Plaintiffs for the harm caused by Defendant's infringement, which is ongoing, and Plaintiffs are entitled to injunctive relief enjoining Defendant from continuing to infringe the lululemon DEFINE Trade Dress, or any trade dress confusingly similar thereto.

## FIFTH CAUSE OF ACTION

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

104.   Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 to 60 of this Complaint as though fully set forth herein.

105.   Plaintiff lululemon athletica canada inc. is the exclusive owner of all right, title and interest in the SCUBA Trade Dress.

106.   The SCUBA Trade Dress has acquired distinctiveness and serves as a source-identifier for Plaintiffs' apparel among consumers.

107.   Upon information and belief, Defendant knew or had reason to know of the SCUBA Trade Dress and Plaintiffs' exclusive rights to use of the same in commerce.

108.   Subsequent to Plaintiffs' use and adoption of the SCUBA Trade Dress, and the development of secondary meaning in that trade dress, the Danskin Half-Zip Pullover and the Danskin Half-Zip Hoodie has been imported, distributed, advertised, offered for sale, and/or sold by Defendant bearing confusingly similar reproductions of the SCUBA Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Plaintiffs of the Danskin Half-Zip Pullover and/or the Danskin Half-Zip Hoodie.

109.   The foregoing unlawful acts have been and are being done without Plaintiffs' permission or authorization, and in total disregard of Plaintiffs' exclusive rights to control their intellectual property. There are myriad other designs in the athletic apparel industry, none of which necessitate copying or imitating the SCUBA Trade Dress.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

34

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

110.   The importation, distribution, advertisement, offer for sale and sale by Defendant of Danskin Half-Zip Pullover and the Danskin Half-Zip Hoodie bear confusingly similar reproductions of the SCUBA Trade Dress respectively, is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Danskin Half-Zip Pullover and the Danskin Half-Zip Hoodie are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Plaintiffs.

111.   Defendant's actions are likely to cause (and may have already caused) confusion, mistake, and deception among consumers as to the origin, source, sponsorship, approval, and/or affiliation of Defendant and/or its products with Plaintiffs.

112.   As a direct and proximate result of the foregoing acts, Plaintiffs have suffered and will continue to suffer significant injuries in an amount to be determined at trial. Plaintiffs are entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and commercial advantages obtained by Defendant as a result of its infringing acts.

113.   Unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Plaintiffs for the harm caused by Defendant's infringement, which is ongoing, and Plaintiffs are entitled to injunctive relief enjoining Defendant from continuing to infringe SCUBA Trade Dress or any trade dress confusingly similar thereto.

## SIXTH CAUSE OF ACTION

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

114.   Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 to 60 of this Complaint as though fully set forth herein.

115.   Plaintiff lululemon athletica canada inc. is the exclusive owner of all right, title and interest in the ABC Trade Dress.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

35

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

116.   The ABC Trade Dress has acquired distinctiveness and serves as a source-identifier for Plaintiffs' apparel among consumers.

117.   Upon information and belief, Defendant knew or had reason to know of the ABC Trade Dress and Plaintiffs' exclusive rights to use of the same in commerce.

118.   Subsequent to Plaintiffs' use and adoption of the ABC Trade Dress, and the development of secondary meaning in that trade dress, the Kirkland 5 Pocket Performance Pants has been imported, distributed, advertised, offered for sale, and/or sold by Defendant bearing a confusingly similar reproduction of the ABC Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Plaintiffs of the Kirkland 5 Pocket Performance Pants.

119.   The foregoing unlawful acts have been and are being done without Plaintiffs' permission or authorization, and in total disregard of Plaintiffs' exclusive rights to control their intellectual property. There are a myriad of other designs in the athletic apparel industry, none of which necessitate copying or imitating the ABC Trade Dress.

120.   The importation, distribution, advertisement, offer for sale and sale by Kirkland 5 Pocket Performance Pants bearing confusingly similar reproductions of the ABC Trade Dress, is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Kirkland 5 Pocket Performance Pants are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Plaintiffs.

121.   Defendant's actions are likely to cause (and may have already caused) confusion, mistake, and deception among consumers as to the origin, source, sponsorship, approval, and/or affiliation of Defendant and/or its products with Plaintiffs.

122.   As a direct and proximate result of the foregoing acts, Plaintiffs have suffered and will continue to suffer significant injuries in an amount to be determined at trial. Plaintiffs are entitled to recover all damages, including attorneys' fees, that it

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

36

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1   has sustained and will sustain, and all gains, profits and commercial advantages

2   obtained by Defendant as a result of its infringing acts.

3        123.   Unless Defendant's unlawful acts are enjoined by this Court, there is no

4   adequate remedy at law that can fully compensate Plaintiffs for the harm caused by

5   Defendant's infringement, which is ongoing, and Plaintiffs are entitled to injunctive

6   relief enjoining Defendant from continuing to infringe ABC Trade Dress or any trade

7   dress confusingly similar thereto.

8                          **SEVENTH CAUSE OF ACTION**

9                    **(Trade Mark Infringement – 15 U.S.C. § 1125(a))**

10       124.   Plaintiffs re-allege and incorporate by reference the allegations in

11   paragraphs 1 to 60 of this Complaint as though fully set forth herein.

12       125.   Plaintiff lululemon athletica canada inc. is the exclusive owner of all

13   right, title and interest in the TIDEWATER TEAL™ Mark.

14       126.   The TIDEWATER TEAL™ Mark has acquired distinctiveness and

15   serves as a source-identifier for Plaintiffs' apparel among consumers.

16       127.   Upon information and belief, Defendant knew or had reason to know of

17   the TIDEWATER TEAL™ Mark and Plaintiffs' exclusive rights to use of the same

18   in commerce.

19       128.   Subsequent to Plaintiffs' use and adoption of the TIDEWATER

20   TEAL™ Mark, and the development of secondary meaning in that mark, Defendant

21   has sold, offered to sell, marketed, distributed and is still selling, offering to sell,

22   marketing, distributing, and advertising products bearing marks that are confusingly

23   similar to lululemon's TIDEWATER TEAL™ Mark, including, for example,

24   Danskin Ladies Half-Zip and Danskin Ladies Half-Zip Hoodie in Tidewater Teal.

25       129.   Defendant's actions are likely to cause (and may have already caused)

26   confusion, mistake, and deception among consumers as the origin, source,

27   sponsorship, approval, and/or affiliation of Defendant and/or its products with

28   Plaintiffs.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

37

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

130.    Defendant is not, and has never been, authorized by Plaintiffs to use the TIDEWATER TEAL™ Mark on or in connection with the sale of any goods.

131.    Defendant's actions have caused, and are likely to continue to cause confusion, mistake, and deception among consumers as the origin, source, sponsorship, approval, and/or affiliation of Defendant's Danskin Ladies Half-Zip and Danskin Ladies Half-Zip Hoodie products with Plaintiffs.

132.    Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, constituting exceptional circumstances under the Lanham Act.

133.    Defendants' unauthorized use of the TIDEWATER TEAL™ Mark constitutes willful trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a), damaging Plaintiffs in an amount to be proven at trial.

134.    Defendant's infringing conduct has directly and proximately caused substantial, irreparable injury to Plaintiffs and to the business and goodwill represented by the TIDEWATER TEAL™ Mark, and unless enjoined will continue to do so, leaving Plaintiffs without an adequate remedy at law

## EIGHTH CAUSE OF ACTION

### (False Designation of Origin, Passing Off, & Federal Unfair Competition)

135.    Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-134 of this Complaint as though fully set forth herein.

136.    This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

137.    Defendant's use of the DEFINE Trade Dress, SCUBA Trade Dress, ABC Trade Dress, SCUBA Mark, and the TIDEWATER TEAL™ Mark (the "lululemon Marks") without Plaintiffs' consent, constitutes false designation of origin, false or misleading description of fact, false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such entity with another entity, or as to origin,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

38

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

sponsorship, or approval of its goods or commercial activities by another entity in violation of 15 U.S.C. § 1125(a).

138.   Defendant's use of lululemon Marks without Plaintiffs' consent, constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its products or commercial activities in violation of 15 U.S.C. § 1125(a).

139.   Defendant's use of lululemon Marks, without Plaintiffs' consent, constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that Defendant and/or its products originate from, are sponsored or approved by, and/or are affiliated with Plaintiffs, when they are not.

140.   Plaintiffs are informed and believe and, based thereon, allege that Defendant's acts of false designation of origin, passing off, and unfair competition have been willful and without regarding to Plaintiffs' rights.

141.   Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover (1) Defendant's profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the Court finds to be just, according to the circumstances of the case. The Court may also award Plaintiffs their reasonable attorneys' fees for the necessity of bringing this claim in an exceptional case.

142.   Plaintiffs have been damaged by Defendant's conduct in an amount to be determined at trial.

143.   Due to Defendant's actions, constituting false designation or origin, false or misleading statement, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, Plaintiffs

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

39

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

have suffered and continue to suffer great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

144. Defendant will continue its false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, passing off, and unfair competition, unless and until Defendant is enjoined by this Court.

## **NINTH CAUSE OF ACTION**

### **(California Common Law Trade Dress and Trade Mark Infringement)**

145. Plaintiffs re-allege and incorporate by reference the allegations paragraphs 1 to 134 of this Complaint as though fully set forth herein.

146. Defendant's infringement of the lululemon DEFINE Trade Dress, SCUBA Trade Dress, and ABC Trade Dress also constitutes trade dress infringement under common law of the state of California.

147. The Infringing Products imported, distributed, advertised, offered for sale, and/or sold by Defendant bear confusingly similar reproductions of the lululemon DEFINE Trade Dress, SCUBA Trade Dress, and/or ABC Trade Dress respectively, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Plaintiffs of the Infringing Products.

148. Defendant's unauthorized use of the lululemon DEFINE Trade Dress, SCUBA Trade Dress, and/or ABC Trade Dress has caused and is likely to cause confusion as to the source of Infringing Products among consumers.

149. As a direct and proximate result of the foregoing acts, Plaintiffs have suffered and will continue to suffer significant injuries in an amount to be determined at trial. Plaintiffs are entitled to recover all damages, including attorneys' fees, that they have sustained on account of Defendant's infringement, and all gains, profits and advantages obtained by Defendant as a result of its unlawful acts.

150. Defendant's unlawful acts were willful, deliberate, and intended to cause confusion among the public, taken in reckless disregard of Plaintiffs' rights.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

40

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1  As such, an award of exemplary and punitive damages is necessary in an amount

2  sufficient to deter Defendant's similar misconduct in the future.

3  <center>**TENTH CAUSE OF ACTION**</center>

4  <center>**(California Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et. seq.*)**</center>

5      151.  Plaintiffs re-allege and incorporate by reference the allegations in

6  paragraphs 1 to 60 of this Complaint as though fully set forth herein.

7      152.  Defendant's misappropriation and unauthorized use of the DEFINE

8  Trade Dress, SCUBA Trade Dress, ABC Trade Dress, SCUBA Mark, and

9  TIDEWATER TEAL Mark to promote the Infringing Products is likely to confuse

10  or mislead consumers into believing that those products are affiliated with and/or

11  approved, authorized, licensed and/or sponsored by Plaintiffs, constituting deceptive,

12  unfair and fraudulent business practices and unfair competition in violation of

13  California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 et. seq.

14      153.  Upon information and belief, Defendant's deceptive, unfair and

15  fraudulent business practices were willfully undertaken with full knowledge of the

16  DEFINE Trade Dress, SCUBA Trade Dress, SCUBA Mark, and ABC Trade Dress

17  and with intent to misappropriate Plaintiffs' goodwill and reputation established in

18  the DEFINE Trade Dress, SCUBA Trade Dress, ABC Trade Dress, SCUBA Mark,

19  and TIDEWATER TEAL Mark.

20      154.  As a direct and proximate result of the foregoing unlawful acts,

21  Plaintiffs have suffered and will continue to suffer significant injuries in an amount

22  to be determined at trial.

23      155.  Plaintiffs are entitled to all available relief provided under the California

24  Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 et. seq., including an

25  accounting and disgorgement of all illicit profits that Defendant made on account of

26  its deceptive, unfair and fraudulent business practices.

27      156.  As Plaintiffs have not adequate remedy at law, Plaintiffs are entitled to

28  injunctive relief enjoining Defendant from its unlawful acts.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

41

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

**ELEVENTH CAUSE OF ACTION**

**(California Common Law Unfair Competition)**

157.    Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 to 60 of this Complaint as though fully set forth herein.

158.    Defendant's misappropriation and unauthorized use of the lululemon DEFINE Trade Dress, SCUBA Trade Dress, and ABC Trade Dress to promote and sell the Infringing Products also constitutes unfair competition in violation of common law of the state of California.

159.    Plaintiffs have spent substantial time, resources and effort in creating, designing, developing, marketing and selling the DEFINE® jackets and the SCUBA® hoodies and sweatshirts, and ABC Pants the embodiments of the lululemon DEFINE Trade Dress, SCUBA Trade Dress, and ABC Trade Dress respectively, which consumers recognize as originating exclusively from Plaintiffs.

160.    Upon information and belief, Defendant introduced the Infringing Products into the stream of commerce in order to exploit Plaintiffs' goodwill and reputation established in the DEFINE® jackets, the SCUBA® hoodies and sweatshirts, and the ABC Pants for Defendant's own financial and commercial gain.

161.    Defendant's unauthorized use of the lululemon DEFINE Trade Dress, SCUBA Trade Dress, and ABC Trade Dress has resulted in Defendant unfairly benefitting from Plaintiffs' goodwill and reputation established in the DEFINE® jackets, the SCUBA® hoodies and sweatshirts, and the ABC Pants.

162.    Upon information and belief, Defendant's unlawful acts are willful, deliberate, and intended to cause confusion among the public and taken in reckless disregard of Plaintiffs' rights. As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter Defendant from similar misconduct in the future.

163.    As a direct and proximate result of the foregoing acts, Plaintiffs have suffered and will continue to suffer significant injuries in an amount to be determined

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

42

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

at trial. Plaintiffs are entitled to recover all damages, including attorneys' fees, that Plaintiffs have sustained on account of Defendant's unfair competition, and all gains, profits and advantages obtained by Defendant as a result of its unlawful acts. As Plaintiffs have no adequate remedy at law for Defendant's ongoing unlawful conduct, Plaintiffs are also entitled to injunctive relief enjoining Defendant from its unlawful acts.

## **TWELFTH CAUSE OF ACTION**

### **(Design Patent Infringement – 35 U.S.C. § 271)**

164.    Plaintiff lululemon athletica canada inc. re-alleges and incorporates by reference the allegations in paragraphs 1 to 60 of this Complaint as though fully set forth herein.

165.    Plaintiff lululemon athletica canada inc. also owns a number of patents to protect its valuable designs and inventions.  For example, lululemon owns U.S. Patent Nos. D989,442 and D1,035,219, which cover the ornamental design of the SCUBA® hoodies (collectively, the "Asserted Patents").

166.    Plaintiff lululemon athletica canada inc. is the owner by assignment of all rights, title and interest in and to the Asserted Patents.

167.    Defendant, through its agents, employees and/or servants has knowingly, intentionally, and willfully infringed, and upon information and belief continues to infringe, the Asserted Patents by making, using, selling, offering for sale, and/or importing products, including the Danskin Half-Zip Pullover and the Danskin Half-Zip Hoodie ("Danskin Pullover Products") in violation of 35 U.S.C. § 271.

168.    An ordinary observer, giving such attention as a purchaser usually gives, would perceive the design of the Infringing Products to be at least substantially the same as the designs of the Asserted Patents because the resemblance is such as to deceive such an observer inducing them to purchase one supposing it to be the other.

169.    Upon information and belief, Defendant imported into the U.S., distributed, advertised, marketed, offered for sale and/or sold infringing Danskin

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

43

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

Pullover Products, an exemplar of which is shown below next to Fig. 1 of U.S. Patent No. D1,035,219 covering Plaintiffs' genuine SCUBA apparel:

| U.S. Patent No. D1,035,219 | Danskin Half-Zip Pullover |
|---|---|
|  FIG.1 |  |
|  FIG.2 |  |

170.    Upon information and belief, Defendant imported into the U.S., distributed, advertised, marketed, offered for sale and/or sold infringing Danskin Hoodie Products, an exemplar of which is shown below next to Fig. 1 of U.S. Patent No. D989,442 covering Plaintiffs' genuine SCUBA apparel:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

44

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF



| **U.S. Patent No. D989,442** | **Danskin Half-Zip Hoodie Front** |

171.   The Federal Circuit has held that a design patent is infringed if the accused product looks substantially the same, in light of the existing prior art, to the patented design in the eyes of an ordinary observer. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 682-83 (Fed. Cir. 2008).   As can be seen in the side-by-side comparisons of representative figures from the D219 and D442 Patents above, the Danskin Pullover Products are "substantially the same" to Plaintiffs' patented design, and thus, infringe.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

45

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

172.   Plaintiff lululemon athletica canada inc. has not granted Defendant a license or otherwise given Defendant any permission to the Asserted Patents and Defendant's infringement of the Asserted Patents is in total disregard of Plaintiff lululemon athletica canada inc.'s patent rights.

173.   Plaintiff lululemon athletica canada inc. has suffered and will continue to suffer significant damages in an amount to be determined at trial as a direct and proximate result of Defendant's infringement. Pursuant to 35 U.S.C. §§ 284 and 289, Plaintiff lululemon athletica canada inc. is entitled to recover all damages it has sustained on account of Defendant's infringement, including all gains and profits and other commercial advantages unlawfully obtained by Defendant.

174.   Defendant's infringement is willful, deliberate, and done in reckless disregard of the Asserted Patents despite having been on notice. Defendant knowingly took these actions understanding the objectively high likelihood its actions constituted infringement of the Asserted Patents. Defendant's willful acts make this an exceptional case entitling Plaintiff lululemon athletica canada inc. to enhanced damages and reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

175.   There is no adequate remedy at law that can fully compensate Plaintiff for the harm caused by Defendant's infringement of the Asserted Patents, which is ongoing, unless Defendant's unlawful acts are enjoined by this Court. Plaintiff lululemon athletica canada inc. is entitled to injunctive relief under 35 U.S.C. § 283 enjoining Defendant from its continuing infringement of the Asserted Patents.

**PRAYER FOR RELIEF**

WHEREFORE, lululemon athletica canada inc. and lululemon usa inc. respectfully pray for judgment against Costco Wholesale Corporation as follows:

1.     Enter judgment that Defendant has violated the Lanham Act, 15 U.S.C. § 1125(a), the California Unfair Business Practices Act, Cal. Bus. & Prof. Code §

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

46

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

17200 *et. seq.*, the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the common law of California,

2. Enter judgment against Defendant that the above acts were willful and intentional, making this an exceptional case.

3. An Order that Defendant pay to Plaintiff lululemon athletica canada inc. actual damages in the form of lost profits, or in the alternative, other damages adequate to compensate for its patent infringement, but in no event less than a reasonable royalty for the use made of the Plaintiff lululemon athletica canada inc.'s design patents in accordance with 35 U.S.C. § 284 and/or, at Plaintiff's election, Defendant's total profits as a result of Defendant's infringement of Plaintiff's design patents, pursuant to 25 U.S.C. § 289;

4. Enter an order permanently enjoining and restraining Defendant and its officers, directors, agents, employees, attorneys, successors, and assigns, and all others in active concert or participation with any of them, from:

a. Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products or any other products that are identical or confusingly similar to Plaintiffs' DEFINE Trade Dress, SCUBA Trade Dress, and ABC Trade Dress.

b. Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products or any other products under the SCUBA Mark and the TIDEWATER TEAL Mark or any confusingly similar mark to the SCUBA Mark or the TIDEWATER TEAL Mark.

c. Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products or any other products that infringe the Asserted Patents.

d. Committing any acts calculated to cause consumers to believe that Defendant's goods are sold under the authorization, control or supervision

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

47

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

e.    Otherwise engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public and/or the trade, including without limitation, the use of indicia, designations and design elements used or owned by or associated with Plaintiff; and

f.    Causing, engaging in or permitting others to do any of the aforesaid acts.

5.    Order Defendant to remove from any print or digital materials, or the internet, including its websites and social media accounts, any advertising or promotion or other activities that display the Infringing Products, or any confusingly similar products;

6.    Order Defendant to file with the Court and serve on counsel for Plaintiffs within thirty (30) days after the entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendant has complied with the injunction;

7.    Enter an order for an accounting of all gains, profits and advantages derived by Defendant on account of the unlawful acts complained of herein pursuant to 15 U.S.C. § 1117(a), and any other applicable federal statute or California state and common law;

8.    Award damages equal to Defendant's profits and all damages sustained by Plaintiffs as a result of Defendant's unlawful acts;

9.    Award treble damages on account of Defendant's willful infringement and punitive damages for violations of California law;

10.    Plaintiffs' costs, attorneys' fees, and interest as allowed under applicable federal and California state laws; and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

48

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1        11.    For such other and further relief as the Court may deem necessary, just,

2 and proper.

3 <div align="center">**<u>DEMAND FOR JURY TRIAL</u>**</div>

4      Plaintiffs hereby demand a jury trial on all claims herein.

5

6 Dated:     June 27, 2025        MORGAN, LEWIS & BOCKIUS LLP
Ali Razai

7                         By: */s/ Ali S. Razai*

8                           Ali S. Razai
Brandon G. Smith

9                           Jack Hendershot

10                       Attorneys for Plaintiff
LULULEMON ATHLETICA

11                       CANADA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">49</div>

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF