William A. Delgado (SBN 222666)
  wdelgado@dtolaw.com
Ellen Y. Yang (SBN 223143)
  eyang@dtolaw.com
Nicole G. Malick (SBN 335754)
  nmalick@dtolaw.com
DTO LAW
915 Wilshire Boulevard, Suite 1950
Los Angeles, California 90017
Telephone:  (213) 335-6999
Facsimile:   (213) 335-7802

Sudip Kundu (*pro hac vice*)
  skundu@dtolaw.com
DTO LAW
307 5th Avenue, 12th Floor
New York, New York 10016
Telephone:  (646) 955-5400
Facsimile:   (213) 335-7802

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LULULEMON ATHLETICA CANADA INC. AND LULULEMON USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> Defendant. | Case No.  2:25-cv-05864-FLA(AJRx) <br> Hon. Fernando L. Aenlle-Rocha <br><br> **DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: June 27, 2025 |

1011916

DEFENDANT'S ANSWER TO COMPLAINT

Defendant Costco Wholesale Corporation ("Defendant" or "Costco"), by and through its counsel of record, hereby answers the Complaint of lululemon athletica canada inc. and lululemon usa, inc. (together, "Plaintiffs" or "lululemon") as follows:

## INTRODUCTION[1]

1. Costco lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 and therefore denies them.

2. Costco lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 and therefore denies them.

3. Costco lacks knowledge or information sufficient to form a belief about why lululemon filed this action and therefore denies that allegation. Costco denies that it infringes any of lululemon's alleged intellectual property. Costco further denies lululemon has suffered any harm or damages, and denies lululemon is entitled to any relief. Costco denies the remaining allegations of paragraph 3.

4. Costco denies that it infringes any of lululemon's alleged intellectual property. Costco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 4 and therefore denies them.

5. Costco admits it received a letter from lululemon athletica canada inc. prior to the filing of the litigation but denies the Accused Products infringe any of lululemon's alleged intellectual property. Costco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 5 and therefore denies them.

6. Costco denies it infringes any of lululemon's alleged intellectual property. Costco admits the articles referenced in Exhibit 6 exist, but such articles

---

[1] Costco adopts the headings used by lululemon in the Complaint for ease of reference only. To the extent the headings include any argument or factual allegations, Costco denies them.

were not written by Costco and speak for themselves.  Costco denies the remaining allegations of paragraph 6.

7. Costco admits that Kirkland® is a Costco private label brand that represents an increasing percentage of Costco's worldwide sales.  Costco denies the remaining allegations of paragraph 7.

## JURISDICTION AND VENUE

8. Costco admits lululemon has filed an action against Costco which purports to state the claims identified in paragraph 8 but denies those claims have merit.

9. Costco admits this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) but denies the claims asserted have merit.  Except as expressly admitted, Costco denies the remaining allegations of paragraph 9.

10. For purposes of this matter only, Costco does not contest personal jurisdiction.  Costco denies the remaining allegations of paragraph 10.

11. For purposes of this matter only, Costco does not contest venue.  Costco denies the remaining allegations of paragraph 11.

## THE PARTIES

12. Costco lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 and therefore denies them.

13. Costco admits the allegations of paragraph 13.

## FACTUAL BACKGROUND

14. Costco lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14 and therefore denies them.

15. Costco lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15 and therefore denies them.

16. Costco lacks knowledge or information sufficient to form a belief about

the truth of the allegations of paragraph 16 and therefore denies them.

17. Costco lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17 and therefore denies them.

18. Costco lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18 and therefore denies them.

19. Costco lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19 and therefore denies them.

### A. The Intellectual Property Protecting Plaintiffs' DEFINE® Apparel

20. Costco admits paragraph 20 provides allegations about trade dress registered as U.S. Registration Nos. 7,526,264 and 7,526,265. Costco denies all factual allegations made in connection with or about that information. Costco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 20 and therefore denies them.

21. Costco admits Exhibit 2 appears to be a certificate of registration for Reg. No. 7,526,264. Costco admits Exhibit 3 appears to be a certificate of registration for Reg. No. 7,526,265. Except as expressly admitted, Costco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 21 and therefore denies them.

22. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 22 and therefore denies them.

23. Costco denies the allegations of paragraph 23.

24. Costco denies the allegations of paragraph 24.

25. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 25 and therefore denies them.

26. Costco denies the allegations of paragraph 26.

27. The allegations of paragraph 27 are conclusions of law and contain no factual allegations. To the extent a response is required, Costco denies the allegations of paragraph 27.

28. The allegations of paragraph 28 are conclusions of law and contain no factual allegations. To the extent a response is required, Costco denies the allegations of paragraph 28.

### B. The Intellectual Property Protecting Plaintiffs' SCUBA® Apparel

29. Costco admits the face of U.S. Patent No. D989,442 (the "'442 Patent") states it issued on June 20, 2023 and that the face of U.S. Patent No. D1,035,219 (the "'219 Patent") states it issued on July 16, 2024. Costco admits Exhibit 4 appears to be the '442 Patent and that Exhibit 5 appears to be the '219 Patent. Costco further admits the table in paragraph 29 appears to include the issue dates, claims, and certain figures from the '442 Patent and '219 Patent, respectively. Except as expressly admitted, Costco lacks knowledge or information sufficient to form a belief about the remaining allegations of paragraph 29 and therefore denies them.

30. Costco denies the allegations of paragraph 30.

31. Costco denies the allegations of paragraph 31.

32. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 32 and therefore denies them.

33. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 33 and therefore denies them.

34. Costco denies the allegations of paragraph 34.

35. The allegations of paragraph 35 are conclusions of law and contain no factual allegations. To the extent a response is required, Costco denies the allegations of paragraph 35.

36. The allegations of paragraph 36 are conclusions of law and contain no factual allegations. To the extent a response is required, Costco denies the allegations of paragraph 36.

37. Costco admits Exhibit 6 appears to be a certificate of registration for Reg. No. 4,333,759. Costco lacks knowledge or information sufficient to form a

belief about the remaining allegations of paragraph 37 and therefore denies them.

38. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 38 and therefore denies them.

39. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 39 and therefore denies them.

40. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 40 and therefore denies them.

41. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 41 and therefore denies them.

42. Costco denies that it infringes any of lululemon's alleged intellectual property. Costco lacks knowledge or information sufficient to form a belief about the remaining allegations of paragraph 42 and therefore denies them.

C. **The Intellectual Property Protecting Plaintiffs' ABC Pants**

43. Costco denies the allegations of paragraph 43.

44. Costco denies the allegations of paragraph 44.

45. Costco denies the allegations of paragraph 45.

46. Costco denies the allegations of paragraph 46.

47. The allegations of paragraph 47 are conclusions of law and contain no factual allegations. To the extent a response is required, Costco denies the allegations of paragraph 47.

48. The allegations of paragraph 48 are conclusions of law and contain no factual allegations. To the extent a response is required, Costco denies the allegations of paragraph 48.

D. **Defendant's Infringing Activities**

49. Costco denies it infringes any of lululemon's alleged intellectual property. Costco lacks knowledge or information sufficient to form a belief about the remaining allegations of paragraph 49 and therefore denies them.

50. Costco admits it operates membership brick-and-mortar warehouses

and e-commerce sites in the U.S. and worldwide and sells a limited selection of branded and private-label products in a wide range of categories including apparel. Costco denies it competes with lululemon. Except as expressly admitted, Costco denies the remaining allegations of paragraph 50.

51. Costco admits it has offered for sale and sold products under the names "Danskin Ladies Half-Zip Hoodie," "Danskin Half-Zip Pullover," "Jockey Ladies Yoga Jacket," "Spyder Women's Yoga Jacket," "Hi-Tec Men's Scuba Full Zip," and "Kirkland 5 Pocket Performance Pant." Costco denies the remaining allegations of paragraph 51 and specifically denies any of the foregoing products infringe any of lululemon's alleged intellectual property rights.

52. Costco admits lululemon sent Costco a letter on November 11, 2024. Costco denies it began selling the Hi-Tec Men's Scuba Full Zip after November 11, 2024. Costco denies the remaining allegations of paragraph 52.

i. **The Infringing "Danskin Ladies Half-Zip"**

53. Costco admits it has offered for sale and sold products under the name "Danskin Half-Zip Pullover." Costco denies the remaining allegations of paragraph 53 and specifically denies the foregoing product infringes any of lululemon's alleged intellectual property.

54. Costco denies the allegations of paragraph 54.

ii. **The Infringing "Danskin Ladies Half-Zip Hoodie"**

55. Costco admits it has offered for sale and sold products under the name "Danskin Ladies Half-Zip Hoodie." Costco denies the remaining allegations of paragraph 55 and specifically denies the foregoing product infringes any of lululemon's alleged intellectual property.

56. Costco denies the allegations of paragraph 56.

iii. **The Infringing "Jockey Ladies Yoga Jacket"**

57. Costco admits it has offered for sale and sold products under the name "Jockey Ladies Yoga Jacket." Costco denies the remaining allegations of paragraph

1  57 and specifically denies the foregoing product infringes any of lululemon's
2  alleged intellectual property.

        **iv.**      **The Infringing "Spyder Women's Yoga Jacket"**

4      58.    Costco admits it has offered for sale and sold products under the name
5  "Spyder Women's Yoga Jacket." Costco denies the remaining allegations of
6  paragraph 58 and specifically denies the foregoing product infringes any of
7  lululemon's alleged intellectual property.

        **v.**      **The Infringing "Hi-Tec Men's Scuba Full Zip"**

9      59.    Costco admits it has offered for sale and sold products under the name
10 "Hi-Tec Men's Scuba Full Zip." Costco denies the remaining allegations of
11 paragraph 59 and specifically denies the foregoing product infringes any of
12 lululemon's alleged intellectual property.

        **vi.**      **The Infringing "Kirkland 5 Pocket Performance Pant"**

14     60.    Costco admits it has offered for sale and sold products under the name
15 "Kirkland 5 Pocket Performance Pant." Costco denies the remaining allegations of
16 paragraph 60 and specifically denies the foregoing product infringes any of
17 lululemon's alleged intellectual property.

**FIRST CAUSE OF ACTION**

**(Trade Dress Infringement – 15 U.S.C. § 1114)**

20     61.    No responsive pleading is required for the allegations set forth in
21 paragraph 61. Costco hereby incorporates by reference its responses to paragraphs
22 1–60 as if fully set forth herein.
23     62.    Costco lacks knowledge or information sufficient to form a belief about
24 the allegations of paragraph 62 and therefore denies them.
25     63.    Costco denies the allegations of paragraph 63.
26     64.    Costco denies the allegations of paragraph 64.
27     65.    Costco denies the allegations of paragraph 65.
28     66.    Costco denies it infringes any of lululemon's alleged intellectual

1 | property and therefore denies the allegations of paragraph 66.

2 |     67.    Costco denies the allegations of paragraph 67.

3 |     68.    Costco denies the allegations of paragraph 68.

4 |     69.    Costco denies the allegations of paragraph 69.

5 |     70.    Costco denies the allegations of paragraph 70.

## SECOND CAUSE OF ACTION

**(Trade Mark Infringement – 15 U.S.C. § 1114)**

71. No responsive pleading is required for the allegations set forth in paragraph 71. Costco hereby incorporates by reference its responses to paragraphs 1–70 as if fully set forth herein.

72. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 72 and therefore denies them.

73. Costco denies the allegations of paragraph 73.

74. Costco denies the allegations of paragraph 74.

75. Costco denies the allegations of paragraph 75.

76. Costco denies it infringes any of lululemon's alleged intellectual property and therefore denies the allegations of paragraph 76.

77. Costco denies the allegations of paragraph 77.

78. Costco denies the allegations of paragraph 78.

79. Costco denies the allegations of paragraph 79.

80. Costco denies the allegations of paragraph 80.

## THIRD CAUSE OF ACTION

**(Trade Dress Infringement – 15 U.S.C. § 1125(a))**

81. No responsive pleading is required for the allegations set forth in paragraph 81. Costco hereby incorporates by reference its responses to paragraphs 1–80 as if fully set forth herein.

82. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 82 and therefore denies them.

1.  83. Costco denies the allegations of paragraph 83.
2.  84. Costco denies the allegations of paragraph 84.
3.  85. Costco denies the allegations of paragraph 85.
4.  86. Costco denies the allegations of paragraph 86.
5.  87. Costco denies the allegations of paragraph 87.
6.  88. Costco denies the allegations of paragraph 88.
7.  89. Costco denies the allegations of paragraph 89.
8.  90. Costco denies the allegations of paragraph 90.
9.  91. Costco denies the allegations of paragraph 91.

## FOURTH CAUSE OF ACTION

**(Trade Dress Infringement – 15 U.S.C. § 1125(a))**

12. 92. No responsive pleading is required for the allegations set forth in paragraph 92. Costco hereby incorporates by reference its responses to paragraphs 1–91 as if fully set forth herein.

15. 93. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 93 and therefore denies them.

17. 94. Costco denies the allegations of paragraph 94.
18. 95. Costco denies the allegations of paragraph 95.
19. 96. Costco denies the allegations of paragraph 96.
20. 97. Costco denies the allegations of paragraph 97.
21. 98. Costco denies the allegations of paragraph 98.
22. 99. Costco denies the allegations of paragraph 99.
23. 100. Costco denies the allegations of paragraph 100.
24. 101. Costco denies the allegations of paragraph 101.
25. 102. Costco denies the allegations of paragraph 102.
26. 103. Costco denies the allegations of paragraph 103.

27. //
28. //

## FIFTH CAUSE OF ACTION

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

104. No responsive pleading is required for the allegations set forth in paragraph 104. Costco hereby incorporates by reference its responses to paragraphs 1–103 as if fully set forth herein.

105. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 105 and therefore denies them.

106. The allegations of paragraph 106 are conclusions of law and are therefore denied.

107. Costco denies the allegations of paragraph 107.

108. Costco denies the allegations of paragraph 108.

109. Costco denies the allegations of paragraph 109.

110. Costco denies the allegations of paragraph 110.

111. Costco denies the allegations of paragraph 111.

112. Costco denies the allegations of paragraph 112.

113. Costco denies the allegations of paragraph 113.

## SIXTH CAUSE OF ACTION

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

114. No responsive pleading is required for the allegations set forth in paragraph 114. Costco hereby incorporates by reference its responses to paragraphs 1–113 as if fully set forth herein.

115. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 115 and therefore denies them.

116. The allegations of paragraph 116 are conclusions of law and are therefore denied.

117. Costco denies the allegations of paragraph 117.

118. Costco denies the allegations of paragraph 118.

119. Costco denies the allegations of paragraph 119.

120. Costco denies the allegations of paragraph 120.

121. Costco denies the allegations of paragraph 121.

122. Costco denies the allegations of paragraph 122.

123. Costco denies the allegations of paragraph 123.

## SEVENTH CAUSE OF ACTION

**(Trade Mark Infringement – 15 U.S.C. § 1125(a))**

124. No responsive pleading is required for the allegations set forth in paragraph 124. Costco hereby incorporates by reference its responses to paragraphs 1–123 as if fully set forth herein.

125. Costco lacks knowledge or information sufficient to form a belief about the allegations of paragraph 125 and therefore denies them.

126. The allegations of paragraph 126 are conclusions of law and are therefore denied.

127. Costco denies the allegations of paragraph 127.

128. Costco denies the allegations of paragraph 128.

129. Costco denies the allegations of paragraph 129.

130. Costco denies it infringes any of lululemon's alleged intellectual property and therefore denies the allegations of paragraph 130.

131. Costco denies the allegations of paragraph 131.

132. Costco denies the allegations of paragraph 132.

133. Costco denies the allegations of paragraph 133.

134. Costco denies the allegations of paragraph 134.

## EIGHTH CAUSE OF ACTION

**(False Designation of Origin, Passing Off, & Federal Unfair Competition)**

135. No responsive pleading is required for the allegations set forth in paragraph 135. Costco hereby incorporates by reference its responses to paragraphs 1–134 as if fully set forth herein.

136. Costco admits lululemon purports to bring a claim for unfair

competition and false designation of origin arising under 15 U.S.C. § 1125(a) as its eighth cause of action. Costco denies the claim has merit.

137. Costco denies the allegations of paragraph 137.

138. Costco denies the allegations of paragraph 138.

139. Costco denies the allegations of paragraph 139.

140. Costco denies the allegations of paragraph 140.

141. Costco denies the allegations in paragraph 141.

142. Costco denies the allegations in paragraph 142.

143. Costco denies the allegations in paragraph 143.

144. Costco denies the allegations in paragraph 144.

## NINTH CAUSE OF ACTION

**(California Common Law Trade Dress and Trade Mark Infringement)**

145. No responsive pleading is required for the allegations set forth in paragraph 145. Costco hereby incorporates by reference its responses to paragraphs 1–144 as if fully set forth herein.

146. Costco denies the allegations of paragraph 146.

147. Costco denies the allegations of paragraph 147.

148. Costco denies the allegations of paragraph 148.

149. Costco denies the allegations of paragraph 149.

150. Costco denies the allegations of paragraph 150.

## TENTH CAUSE OF ACTION

**(California Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et. seq.*)**

151. No responsive pleading is required for the allegations set forth in paragraph 151. Costco hereby incorporates by reference its responses to paragraphs 1–150 as if fully set forth herein.

152. Costco denies the allegations of paragraph 152.

153. Costco denies the allegations of paragraph 153.

154. Costco denies the allegations of paragraph 154.

155. Costco denies the allegations of paragraph 155.

156. Costco denies the allegations of paragraph 156.

## ELEVENTH CAUSE OF ACTION

### (California Common Law Unfair Competition)

157. No responsive pleading is required for the allegations set forth in paragraph 157. Costco hereby incorporates by reference its responses to paragraphs 1–156 as if fully set forth herein.

158. Costco denies the allegations of paragraph 158.

159. Costco denies the allegations of paragraph 159.

160. Costco denies the allegations of paragraph 160.

161. Costco denies the allegations of paragraph 161.

162. Costco denies the allegations of paragraph 162.

163. Costco denies the allegations of paragraph 163.

## TWELFTH CAUSE OF ACTION

### (Design Patent Infringement – 35 U.S.C. § 271)

164. No responsive pleading is required for the allegations set forth in paragraph 164. Costco hereby incorporates by reference its responses to paragraphs 1–163 as if fully set forth herein.

165. Costco lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 165 and therefore denies them.

166. Costco lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 166 and therefore denies them.

167. Costco denies the allegations of paragraph 167.

168. Costco denies the allegations of paragraph 168.

169. Costco admits it has offered for sale and sold products under the name "Danskin Half-Zip Pullover." Costco denies the remaining allegations of paragraph 169.

170. Costco admits it has offered for sale and sold products under the name

"Danskin Ladies Half-Zip Hoodie." Costco denies the remaining allegations of paragraph 170.

171. Paragraph 171 includes a case citation to which no responsive pleading is required. Costco denies the remaining allegations of paragraph 171.

172. Costco admits it does not have licenses to the '219 or '442 Patents. Costco denies the remaining allegations of paragraph 172.

173. Costco denies the allegations of paragraph 173.

174. Costco denies the allegations of paragraph 174.

175. Costco denies the allegations of paragraph 175.

## PRAYER FOR RELIEF

Costco denies Plaintiffs' Prayer for Relief in its entirety and denies that Plaintiffs are entitled to any relief. Costco denies all allegations in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Costco asserts the following affirmative defenses, without assuming the burden of proof for any defense. Headings are included for convenience only and do not limit Costco's defense. Costco reserves the right to assert additional defenses as this action proceeds up to and including the time of trial and any appeal thereof, and hereby reserves the right to amend this Answer to assert any such additional defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Trade Dress Invalidity)

The alleged Registered DEFINE Trade Dress is invalid, not protectable and/or unenforceable under federal, state, or common law because the alleged Registered DEFINE Trade Dress does not act as a source identifier, is not inherently distinctive, and has not acquired secondary meaning.

//
//

## SECOND AFFIRMATIVE DEFENSE

### (Trademark Invalidity)

The alleged Registered SCUBA Mark is invalid, not protectable, and/or unenforceable under federal, state, or common law. The alleged Registered SCUBA Mark is generic and was generic when registered, does not serve as a source identifier, and is therefore not entitled to protection as a trademark under 15 U.S.C. § 1065(4).

## THIRD AFFIRMATIVE DEFENSE

### (Patent Invalidity)

The '442 and '219 Patents are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 101, *et seq.*, including by claiming designs that are not novel under 35 U.S.C. § 102 and claiming designs that would have been obvious in view of prior art under 35 U.S.C. § 103.

## FOURTH AFFIRMATIVE DEFENSE

### (Fair Use)

lululemon's claims are barred in whole or in part by the doctrine of fair use. Any use by Costco of any of lululemon's alleged intellectual property is and has been fair use.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

lululemon's claims are barred in whole or in part by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

lululemon's claims are barred in whole or in part by the doctrines of laches, waiver, equitable estoppel, and/or unclean hands.

//
//

## SEVENTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

lululemon's twelfth cause of action is barred, in whole or in part, by the doctrine of patent misuse.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

lululemon's claims are barred in whole or in part because Costco's conduct was at all times in good faith and with non-willful intent.

## NINTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

lululemon is not entitled to equitable relief because there is an adequate remedy at law.

## ADDITIONAL AFFIRMATIVE DEFENSES

Costco reserves the right to state additional affirmative defenses or claims as its investigation and discovery continue.

## DEMAND FOR JURY TRIAL

Costco hereby demands a jury trial on all issues so triable.

Dated: August 21, 2025         DTO LAW

By: */s/ William A. Delgado*
William A. Delgado

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION