Thomas Vidal (State Bar No. 204432)
  tvidal@pryorcashman.com
PRYOR CASHMAN LLP
1901 Avenue of the Stars, Suite 900
Los Angeles, California 90067
(310) 683-6900

Brad D. Rose (*pro hac vice* application to be filed)
  brose@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100
*Attorneys For Proposed Intervenor*
JACQUES MORET INC.
*Additional Counsel Listed on Next Page*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LULULEMON ATHLETICA CANADA INC. AND LULULEMON USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> Defendant. | Case No. 2:25-cv-05864-FLA(AJRx) <br> Hon. Fernando L. Aenlle-Rocha <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JACQUES MORET INC. TO INTERVENE AS DEFENDANT PURSUANT TO RULE 24** <br><br> Hearing Date: September 26, 2025 <br> Hearing Time: 1:30 PM <br> Place: Courtroom 6B <br><br> Date Filed: June 27, 2025 <br> Trial Date: Pending <br> Judge: Hon. Fernando L. Aenlle-Rocha |

i
PROPOSED INTERVENOR JACQUES MORET INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO INTERVENE PURSUANT TO RULE 24

Matthew Barkan (*pro hac vice* application to be filed)
mbarkan@pryorcashman.com
Jeffrey L. Snow (*pro hac vice* application to be filed)
jsnow@pryorcashman.com
Alexander White (*pro hac vice* application to be filed)
awhite@pryorcashman.com
PRYOR CASHMAN LLP
7 TIMES SQUARE
New York, NY 10036
(212) 421-4100
*Attorneys For Proposed Intervenor*
JACQUES MORET INC.

ii

PROPOSED INTERVENOR JACQUES MORET INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO RULE 24

# **TABLE OF CONTENTS**

**PAGE(s)**

TABLE OF AUTHORITIES ................................................................................... iv

I.  INTRODUCTION ........................................................................................ 1

II. STATEMENT OF THE FACTS .................................................................. 2

III. LEGAL STANDARD .................................................................................. 3

    A. Intervention as of Right Under Fed. R. Civ. P. 24(a)(2) ...................... 3

    B. Permissive Intervention Under Fed. R. Civ. P. 24(b) .......................... 3

IV. ARGUMENT ................................................................................................ 4

    A. The Court Should Grant Intervention as of Right Under Fed. R. Civ. P. 24(a)(2) ................................................................................ 4

        1. The Motion to Intervene is Timely ............................................. 4

        2. Moret Has A Significant Protectable Interest in this Action ...... 6

        3. Moret's Interests in the Case Will Be Impaired if Intervention is Denied ........................................................................................ 9

        4. The Existing Parties Do Not Adequately Represent Moret's Interests ..................................................................................... 10

    B. Alternatively, The Court Should Grant Moret Permissive Intervention Under Fed. R. Civ. P. 24(b)(1)(B) ................................ 12

V. CONCLUSION ........................................................................................... 14

PROPOSED INTERVENOR JACQUES MORET INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO RULE 24

# TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

*Ancora Techs., Inc. v. Toshiba America Info. Sys., Inc.*,
  No. SA CV 08-0626 AG (MLGx),
  2008 WL 4326788 (C.D. Cal. Sept. 22, 2008) ........................................ 8, 11, 13

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ................................................................................. 3

*California ex rel. Lockyer v. United States*,
  450 F.3d 436 (9th Cir. 2006) ................................................................................ 9

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
  647 F.3d 893 (9th Cir. 2011) .............................................................................. 10

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) ................................................................................ 12

*Freedom from Religion Found., Inc. v. Geithner*,
  644 F.3d 836 (9th Cir. 2011) .............................................................................. 12

*Grumpy Cat Ltd. v. Grenade Beverage, LLC*,
  No. SA CV15-2063-DOC(DFMx),
  2016 WL 7507767 (C.D. Cal. July 6, 2016) ........................................................ 9

*LG Elecs. Inc. v. Q-Lity Comput. Inc.*,
  211 F.R.D. 360 (N.D. Cal. 2002) ........................................................... 7, 10, 11

*Indus. Tech. Research Inst. v. LG Elecs., Inc.*,
  No. 3:13-CV2016-GPC-WVG,
  2014 WL 5325709 (S.D. Cal. Oct. 17, 2014) ............................................ 8, 9, 10

*Int'l Bus. Machines, Corp. v. Conner Peripherals, Inc.*,
  No. C–93–20117 RPA (EAI),
  1994 WL 706208 (N.D. Cal. Dec. 13, 1994) ....................................................... 8

*Nazomi Commun., Inc. v. Nokia Corp.*,
  No. SACV 10-151 DOC (RNBx),
  2010 WL 11508956 (C.D. Cal. June 21, 2010) ................ 4, 5, 6, 7, 8, 11, 12, 13

*Nikon Corp. v. ASM Lithography B.V.*,
  222 F.R.D. 647 (N.D. Cal. 2004) ................................................................ 13, 14

PROPOSED INTERVENOR JACQUES MORET INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO RULE 24

*Nw. Forest Resource Council v. Glickman*,
　82 F.3d 825 (9th Cir. 1996) ................................................................................4

*Seasalt Del Mar, LP v. Five Greeks LLC*,
　No. 16CV00601 JAH-KSC,
　2017 WL 3730411 (S.D. Cal. Mar. 29, 2017) ....................................................13

*Select Retrieval, LLC v. ABT Elecs.*,
　No. 11 C 03752,
　2013 WL 6576861 (N.D. Ill. Dec. 13, 2013) ..............................7, 9, 11, 13, 14

*Smith v. Los Angeles Unified Sch. Dist.*,
　830 F.3d 843 (9th Cir. 2016) ................................................................................5

*Spangler v. Pasadena City Bd. of Educ.*,
　552 F.2d 1326 (9th Cir. 1977) ..............................................................................4

*Sw. Ctr. for Biological Diversity v. Berg*,
　268 F.3d 810 (9th Cir. 2001) .......................................................................3, 6, 9

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
　No. 2:17-CV-00235-JRG,
　2017 WL 6059303 (E.D. Tex. Dec. 7, 2017) ..............................7, 9, 10, 11, 12

*United States v. State of Oregon*,
　745 F.2d 550 (9th Cir. 1984) ................................................................................5

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
　6:09-CV-448-JDL,
　2010 WL 11488729 (E.D. Tex. May 10, 2010) ................................................10

*W. Watersheds Project v. Haaland*,
　22 F.4th 828 (9th Cir. 2022) ....................................................................5, 10, 11

*Wilderness Soc'y v. U.S. Forest Serv.*,
　630 F.3d 1173 (9th Cir. 2011) ..............................................................................6

**STATUTES & RULES**

Fed. R. Civ. P. 24..................................................................................1, 3, 4, 6, 12, 14

v

PROPOSED INTERVENOR JACQUES MORET INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO RULE 24

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 24, Proposed Intervenor, Jacques Moret Inc. ("Intervenor" or "Moret") by and through its undersigned counsel, respectfully submits this memorandum of law in support of its Motion to Intervene in the Action between Lululemon Athletica Canada Inc. and Lululemon USA, Inc. (collectively, "Plaintiffs" or "Lululemon") and Costco Wholesale Corporation ("Defendant" or "Costco"). As set forth below, neither Lululemon nor Costco oppose Moret's motion to intervene.

Moret should be granted intervention in this action because it is the designer, importer, and supplier of the DANSKIN® and JOCKEY® products accused of trade dress, trademark, patent infringement and unfair competition in this case (the "Moret Accused Products"). Moret has a clear interest in this litigation and the right to be a party defendant. The issues to be resolved in this litigation are of critical importance to Moret and this litigation will address questions involving the marketing, sale, and distribution of the Moret Accused Products for Costco and any additional retailers or licensees authorized by Moret to market, sell, or distribute the Moret Accused Products. As the designer, importer, and supplier of the Moret Accused Products, Moret has a unique interest in the resolution of these issues and its rights in the Moret Accused Products may be harmed if not permitted to intervene. The relief requested by Moret flows from that recognition.

Moret respectfully requests that it be permitted to intervene as of right under Fed. R. Civ. P. 24(a)(2), or, in the alternative, that this Court allow Moret to permissively intervene under Fed. R. Civ. P. 24(b)(1)(B). Moret further seeks leave to file an Answer, Affirmative Defenses and Counterclaims, with Moret's proposed pleading accompanying this Memorandum as Exhibit A.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

For over 40 years, Moret has been a leading designer, importer and supplier of apparel and accessories (including women's activewear) under a number of brands including the Danskin and Jockey brands. Declaration of Eddie Sassoon ("Sassoon Dec."), at ¶5. As such, Moret understands the value of intellectual property and respects the intellectual property rights of others.

One of Moret's customers is Costco. *See* Sassoon Dec. at ¶10. Moret has supplied Costco with innovative and high-quality products, including the Moret Accused Products. *Id*. As part of Moret's supply agreements with Costco, Moret agreed to indemnify Costco in the case of infringement claims asserted against Costco with respect to Moret's products. *Id*. The Moret Accused Products are thus subject to such an indemnification. *Id*. Prior to the filing of the present action, Moret, Costco, and Lululemon discussed Lululemon's potential assertion of infringement claims with respect to some of the Moret Accused Products after Costco tendered its demand for indemnity to Moret. *Id*., at ¶13.

On June 27, 2025, Lululemon filed suit against Costco claiming Costco's sales of six products, including the Moret Accused Products, constituted federal and state trademark and trade dress infringement, as well as federal patent infringement, and unfair competition, among others, with respect to Lululemon's intellectual property rights. Dkt. No. 1. On July 21, 2025, the parties stipulated to a thirty-day extension of time for Costco to file a responsive pleading. Dkt. No. 23. Costco filed its Answer on August 21, 2025—mere days ago—and no date has been set for a Scheduling Conference. Moreover, when the parties met and conferred pursuant to Local Rule 7-3, counsel for both parties indicated that they do not oppose Moret's motion to intervene. Declaration of Matthew Barkan ("Barkan Dec."), at ¶5. Now, less than two months after the Complaint was filed, Moret has carefully considered its interests affected by this litigation and respectfully moves to intervene.

2

PROPOSED INTERVENOR JACQUES MORET INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO RULE 24

## III.  LEGAL STANDARD

### A.  Intervention as of Right Under Rule Fed. R. Civ. P. 24(a)(2)

Fed. R. Civ. P. 24(a)(2) provides that:

> On timely motion, the court must permit anyone to intervene who: [...] (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impeded the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24 is liberally construed to favor proposed intervenors. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). The Ninth Circuit instructs that so long as the moving papers state the legal and factual grounds for the motion, the proposed intervenor has provided the Court with sufficient basis to grant intervention pursuant to Fed. R. Civ. P. 24. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992). *See also* Fed R. Civ. P. 24 Advisory Committee's Note (1966) ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.").

A party seeking to intervene as of right must satisfy the Ninth Circuit's four-part test, which requires: "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented the existing parties." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 817 (citation omitted).

### B.  Permissive Intervention Under Fed. R. Civ. P. 24(b)

Alternatively, Fed. R. Civ. P. Rule 24(b) provides for permissive intervention as follows:

3

> On timely motion, the court may permit anyone to intervene who: […]
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> Fed. R. Civ. P. rule 24(b)(1)(B).

The Ninth Circuit has interpreted permissive intervention under Rule 24(b)(1)(B) to require proposed intervenors to show: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Nazomi Commun., Inc. v. Nokia Corp.*, No. SACV 10-151 DOC (RNBx), 2010 WL 11508956, at *5 (C.D. Cal. June 21, 2010) (citing *Nw. Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). Once the proposed intervenor makes such showings, the court considers other factors such as "the nature and extent of the intervenors' interest" and "whether the intervenors' interests are adequately represented by other parties." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). Additionally, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## IV.  ARGUMENT

### A.  The Court Should Grant Intervention as of Right Under Fed. R. Civ. P. 24(a)(2)

Moret, as the designer, importer, and supplier of the Moret Accused Products, is entitled to intervene as of right in this action.

As discussed below, because Moret's motion fully satisfies all four criteria for intervention as of right under Fed. R. Civ. P. 24(a)(2), this Court should grant Moret's motion.

#### 1.  The Motion to Intervene is Timely

Moret's Motion to Intervene is timely. Courts look to three factors when considering timeliness: (i) the stage of the proceeding; (ii) prejudice to other parties,

4

and (iii) the reason for and length of the delay. *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835-36 (9th Cir. 2022) (citation omitted).

First, this action is in its nascent stages, with Costco's responsive pleading filed a few days ago and no Initial Conference scheduled. *See Nazomi*, 2010 WL 11508956 at *5 (motion to intervene was timely where there was no scheduling order entered and discovery had not started). Upon information and belief, no discovery has started, and no motions have been filed by any party, other than the instant motion. Barkan Dec., at ¶4. In fact, Lululemon and Costco stipulated to a thirty-day extension of time for Costco to file a responsive pleading. Dkt. No. 23. Ninth Circuit precedent further cements the timeliness of this motion, with many motions to intervene being granted many months or even years after an initial complaint was filed because the proposed intervenor moved diligently to intervene once they knew their interests would not be adequately represented. *See, e.g., W. Watersheds Project*, 22 F.4th at 839-40; *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 859-60 (9th Cir. 2016); *United States v. State of Oregon*, 745 F.2d 550, 552-53 (9th Cir. 1984). As such, the first factor weighs in favor of timeliness.

Second, there is no prejudice to Lululemon or Costco if Moret is permitted to intervene, particularly given the early stage of the case and that both parties to the litigation are and have been fully aware of Moret's interest in this action for months prior to its filing. Sassoon Dec., at ¶13; *see Nazomi*, 2010 WL 11508956 at *5 (motion to intervene was timely where there was no scheduling order entered and discovery had not started, and no prejudice to parties in action because supplier's presence would aid in expediting discovery). Moreover, there is no prejudice to Costco because Costco does not oppose this Motion. Barkan Dec., at ¶5. Thus, the second factor weighs in Moret's favor.

Third, Moret has not delayed in bringing this motion to intervene. *See Nazomi*, 2010 WL 11508956 at *5 (motion to intervene was timely where there was no

5

PROPOSED INTERVENOR JACQUES MORET INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO RULE 24

1  scheduling order entered and discovery had not started). Moret moved to intervene
2  promptly after recognizing it needed to do so to adequately protect its interests in this
3  litigation. Sassoon Dec., at ¶14.
4      Accordingly, considering all of the factors, Moret has acted reasonably and
5  promptly in bringing this current motion.

### 2. Moret Has A Significant Protectable Interest in this Action

Moret has also demonstrated the requisite "significantly protectable interest relating to the property or transaction that is the subject of the action" pursuant to FRCP 24(a)(2) for intervention as of right. *See Southwest Center for Biological Diversity*, 268 F.3d at 817. To satisfy this factor, it is sufficient that "the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011); *Southwest Center for Biological Diversity*, 268 F.3d at 818.

No specific legal or equitable interest need be established to satisfy this test. *Wilderness Soc*, 630 F.3d at 1179. Instead, the interest test directs courts to make a practical, threshold inquiry, and is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id*. (citation omitted). This test is construed "broadly in favor of proposed intervenors." *Id*. (citation omitted). The Ninth Circuit has held that where "an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Southwest Center for Biological Diversity*, 268 F.3d at 818 (quoting Fed. R. Civ. P. 24 advisory committee's note).

Here, Moret has a direct, substantial, and legally protectable interest in this litigation because Moret is the designer, importer, and supplier to Costco of the Moret Accused Products. Sassoon Dec., at ¶8; *see, e.g., Nazomi*, 2010 WL 11508956 at *3

6

(intervenor had significant protectable interest where the products they designed and sold to defendants were components in every accused product in the lawsuit); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2017 WL 6059303 at *4 (E.D. Tex. Dec. 7, 2017) (granting intervention of right where manufacturers products sold by retailer were "focus of the litigation"). Moret's direct interest in the ongoing import and distribution of these products is put at risk by Lululemon's allegations of infringement. *See, e.g., Team Worldwide Corp.*, 2017 WL 6059303 at *4 (Three manufacturers were granted intervention of right in part because their products were "put at risk" by infringement claims.); *Nazomi*, 2010 WL 11508956 at *3 (designer-supplier intervenor's ability to sell products to customers was "threatened" by plaintiff's infringement claims); *LG Elecs. Inc. v. Q-Lity Comput. Inc.*, 211 F.R.D. 360, 363-66 (N.D. Cal. 2002) (Intervention allowed where products were put at risk by proposed amended complaint and the products were at "the heart of the litigation").

Moreover, Moret's interest in this case extends beyond Costco's sale of the Moret Accused Products, as Moret supplies at least one of the Moret Accused Products to at least one other customer in the United States. Sassoon Dec., at ¶11. This fact presents Moret with the possibility of future lawsuits, either directly or through Moret's other customers, which would be an inefficient use of Moret' s and Lululemon's resources. *See Select Retrieval, LLC v. ABT Elecs.*, No. 11 C 03752, 2013 WL 6576861, at *2 (N.D. Ill. Dec. 13, 2013) (finding intervention of right supported by fact that intervenor's "other customers" were not accused of infringement, and "[intervenor] (through its customers) would be subject to" future lawsuits with both parties "forced to proceed inefficiently in piecemeal fashion"); *cf. Nazomi*, 2010 WL 11508956 at *3 (significant protectable interest test "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.") (citation omitted).

Additionally, should the Moret Accused Products be found to infringe in this action, Moret's relationships with its other customers may be harmed. *See Indus. Tech. Research Inst. v. LG Elecs., Inc.*, No. 3:13-CV2016-GPC-WVG, 2014 WL 5325709, at *4 (S.D. Cal. Oct. 17, 2014) (finding (while undisputed) a protectable interest where "[intervenor] may be unable to sell [the accused product] to U.S. customers if Plaintiff were to succeed in this litigation," which may "adversely impair [intervenor's] significantly protectable interest"); *Nazomi*, 2010 WL 11508956 at *4 (designer-supplier intervenor's relationships with its customers would potentially be "frustrated" by an adverse judgment).

Finally, Moret is obligated to indemnify Costco against Lululemon's claims. Sassoon Dec., at ¶10. Ninth Circuit Courts have found that where a party has tendered demands for indemnification to the proposed intervenor, there is a protectable interest to permit the proposed intervenor to intervene. *See Ancora Techs., Inc. v. Toshiba America Info. Sys., Inc.*, No. SA CV 08-0626 AG (MLGx), 2008 WL 4326788, at *1 (C.D. Cal. Sept. 22, 2008) (non-party permitted to intervene as of right in action accusing non-party's customers of patent infringement, noting defendants had tendered demands for indemnification and defense to the non-party); *cf. Int'l Bus. Machines, Corp. v. Conner Peripherals, Inc.*, No. C–93–20117 RPA (EAI), 1994 WL 706208, at *4-*5 (N.D. Cal. Dec. 13, 1994) (non-party permitted to intervene as of right in action accusing its customers of patent infringement; intervenor had a significant protectable interest because it had agreement to indemnify its customers).

Accordingly, Moret satisfies the "significantly protectable interest" requirement because it is entitled to vigorously defend the Moret Accused Products against Lululemon's claims that could impact Moret's products and business relationships well beyond the confines of this litigation.

### 3. Moret's Interests in the Case Will Be Impaired if Intervention is Denied

As the designer, importer, marketer, seller, and distributor of the Moret Accused Products, denial of this Motion would be a practical impairment of Moret's ability to protect its interests in the Moret Accused Products. A prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). "[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. For Biological Diversity*, 268 F.3d at 822 (quoting Fed. R. Civ. P. 24 Advisory Committee's Notes) (alteration in original); *see also Grumpy Cat Ltd. v. Grenade Beverage, LLC*, No. SA CV15-2063-DOC(DFMx), 2016 WL 7507767 at *4 (C.D. Cal. July 6, 2016) (finding the relief requested in the Complaint would impair or impede the intervenor's property and licensing interests).

Lululemon's allegations target the Moret Accused Products, among others, and Moret is best situated to ensure that facts are fully developed and presented in this case for purposes of defending against the claims respecting the Moret Accused Products. *See Indus. Tech. Research Inst.*, 2014 WL 5325709, at *5 (manufacturer allowed to intervene because defendant customers lack the same knowledge of the accused products as the manufacturer); *Team Worldwide*, 2017 WL 6059303 at *5 (retailer's relative lack of investment in and knowledge about a particular product compared to the product's supplier or manufacturer is a factor that leans toward finding that the supplier's interests would be impaired without intervention.). Among Lululemon's requested relief, Lululemon seeks money damages and an injunction related to the Moret Accused Products. Because of its indemnification obligation to Costco, Moret is ultimately responsible for any potential adverse money judgment against Costco for the Moret Accused Products. *See Select Retrieval*, 2013 WL

6576861, at *2 (noting that a customer may have less incentive to establish a manufacturer's product is non-infringing when the customer is indemnified by the manufacturer); *see also Indus. Tech. Research Inst.*, 2014 WL 5325709 at *4 (manufacturer intervenor's indemnification obligation created a significantly protectable interest that would be impaired without intervention). Further, injunctive relief, if granted, would harm Moret's ability to sell, market, or distribute the Moret Accused Products. *LG Elecs. Inc.*, 211 F.R.D. at 365 (N.D. Cal. 2002) (If a "Court finds that [an Intervenor's] products infringe [Plaintiff's] patents, [the Intervenor] will no longer be able to sell them. Thus, the disposition of [Plaintiff's] motion to amend may as a practical matter impair or impede [Intervenor's] ability to protect its interest.").

Additionally, reputational harm to Moret may occur in the event of an adverse ruling, possibly affecting Moret's relationships with its current and potential customer base beyond Costco. *See Team Worldwide*, 2017 WL 6059303 at *4 (citing *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 6:09-CV-448-JDL, 2010 WL 11488729, at *2 (E.D. Tex. May 10, 2010)); *see also Indus. Tech. Research Inst.*, 2014 WL 5325709 at *4 (disposition of litigation without intervenor may impair intervenor's relationships with other customers).

### 4. The Existing Parties Do Not Adequately Represent Moret's Interests

In determining whether an existing party adequately represents the interests of an absent party, a court evaluates: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary element to the proceedings that other parties would neglect." *See W. Watersheds Project*, 22 F.4th at 840-41 (quoting *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir.

2011)). To meet these requirements, a proposed intervenor must make only a minimal showing that the representation of their interests by other parties may be inadequate. *See W. Watersheds Project*, 22 F.4th at 840.

First, Costco does not have the same interest in defending the Moret Accused Products as Moret, and thus cannot adequately represent Moret's interests. *See Select Retrieval*, 2013 WL 6576861, at *2 (while a manufacturer's and customer's overall goals may be similar, their interests are different and the customer cannot adequately represent the manufacturer's interests); *cf. Nazomi*, 2010 WL 11508956 at *5 (finding that customers have a strong incentive to disclaim knowledge of infringement of products from supplier and blame the supplier for concealing the infringement). The Moret Accused Products are only a small portion of the thousands of products Costco sells, and adequately defending Moret's interests is not something that Costco can reasonably be expected to do when Costco also sells products that compete directly with Moret's products. *See Team Worldwide*, 2017 WL 6059303 at *6 (a retailer and manufacturer's interests diverge where the retailer sells competing products alongside the manufacturer's products). Costco cannot be expected to have the same familiarity with as Moret with the technical aspects of the Moret Accused Products. *See LG Elecs. Inc.*, 211 F.R.D. at 365-66 (finding that a manufacturer's interest may be inadequately represented because the manufacturer knows more about its product than a customer, and thus can better defend the product).

Second, while Costco has an interest in defending against Lululemon's allegations, Moret has a greater interest in defending the products that Moret designed, imported, and sold to others outside of Costco. *See Ancora Techs.*, 2008 WL 4326788, at *1 (finding of inadequate representation where defendants did not have a comparable incentive to intervenor's in defending intervenor's technology); *Select Retrieval*, 2013 WL 6576861, at *2 (observing that customers lack the same incentive to prove a product is non-infringing as the product's manufacturer). For example,

11

Costco must defend other products from other suppliers in this lawsuit, with some of those products directly competing with the Moret Accused Products. *See Team Worldwide*, 2017 WL 6059303 at *6 (a retailer may need to represent the interests of multiple competitor's products, and thus not align with each competitors' individual interests). Costco may seize upon arguments or strategies that maximize Costco's position across all of the accused products at the expense of one or more of the suppliers, possibly at the expense of Moret and the Moret Accused Products. *See Nazomi*, 2010 WL 11508956 at *5 ("Moreover, as [the supplier] argues, the defendants may seek to settle this lawsuit and stipulate to a finding of infringement, even though [the supplier] may stand to lose valuable market share from such a stipulation."). The suppliers of the other accused products may seek to influence Costco to adopt strategies that run counter to or hamper positions Moret would prefer. *See Team Worldwide*, 2017 WL 6059303 at *6 (Court noting that a showing of potential "adversity of interest, collusion, or nonfeasance on the part of the existing party", such as a retailer having to represent the interests of competitors' products, is enough to show inadequacy of representation for each competitor individually) (citing *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996)). Such competing interests are likely to render Costco's representation of Moret's interests inadequate.

### B. Alternatively, The Court Should Grant Moret Permissive Intervention Under Fed. R. Civ. P. 24(b)(1)(B)

Should the Court not grant Moret's motion to intervene as of right under Fed. R. Civ. P. 24(a)(2), Moret respectfully requests that the Court grant Moret's motion to permissively intervene under Fed. R. Civ. P. 24(b)(1)(B) as Moret satisfies the requirements for permissive intervention for substantially the reasons set forth above.

Notably, the Ninth Circuit has clarified that "the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims." *Freedom from Religion*

12

*Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011); *cf. Seasalt Del Mar, LP v. Five Greeks LLC*, No. 16CV00601 JAH-KSC, 2017 WL 3730411 at *5 (S.D. Cal. Mar. 29, 2017) (District Courts have jurisdiction over federal trademark claims and defenses). Moreover, as set forth above, the motion is timely, since this lawsuit is in its early stages, with no responsive pleadings filed, no discovery started, and no initial conference scheduled. *See Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 651 (N.D. Cal. 2004) (permissive intervention granted where motion made during discovery after intervenor waited for almost a year after learning their products were the focus of the litigation). Lastly, the Moret Accused Products that were designed, imported, marketed, and sold by Moret to Costco for resale are directly at issue in this action, and therefore Moret's defenses share questions of fact with the main action filed by Lululemon against Costco. *See Nazomi*, 2010 WL 11508956 at *5 ("[P]roducts designed by [supplier] are directly at issue in this action; thus, the applicant's defense shares a question of fact with the main action."). Further, as set forth above, Ninth Circuit courts have found that suppliers and indemnitors of a reseller's accused products have a strong interest in defending the accused products, while Costco is not incentivized to fully and properly represent Moret's interests. *See, e.g., Ancora Techs.*, 2008 WL 4326788, at *1 (intervenor with indemnification obligation met interest requirements and customers sued for infringement did not have a "comparable" interest in defending intervenor's technology); *accord Select Retrieval*, 2013 WL 6576861, at *2 (Court finding that indemnification agreements are evidence of strong interest, and indemnified customers do not have the same interests to defend products as the manufacturers).

      Finally, as noted above, Moret's intervention will not cause undue delay or prejudice to either of Lululemon's or Costco's rights, and neither party opposes this motion. *See supra*, pp. 5-6. Instead, Moret's presence as a party to this action will aid in generating full and complete discovery as common questions of fact predominate

13

with the Moret Accused Products being the focus of the litigation. *See Select Retrieval*, 2013 WL 6576861, at *3 (N.D. Ill. Dec. 13, 2013) (finding permissive intervention appropriate where common questions of fact regarding intervenor's products predominate.); *See Nikon Corp.*, 222 F.R.D. at 650-51 (N.D. Cal. 2004) (permissive intervenor's presence would make evidence more readily available for discovery, with questions of law and fact being nearly "identical").

## V.   CONCLUSION

For the foregoing reasons, the Court should grant Moret's Motion to Intervene and allow Moret to intervene of right as a Defendant pursuant to Fed. R. Civ. P. 24(a), or in the alternative, allow Moret to permissibly intervene pursuant to Fed. R. Civ. P. 24(b). Moret respectfully requests the Court's permission under either rule to file its proposed Answer and Affirmative Defenses to ensure that Moret will not waive any defenses it may have in this action. Moret provides a proposed Order herewith regarding the same.

Respectfully submitted,

Dated:  August 26, 2025          PRYOR CASHMAN LLP

By: */s/ Thomas Vidal*
Thomas Vidal
Brad D. Rose
Matthew Barkan
Jeffrey L. Snow
Alexander White

Attorneys for Proposed Intervenor,
JACQUES MORET INC.

14

PROPOSED INTERVENOR JACQUES MORET INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO RULE 24

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CERTIFICATE OF COMPLIANCE – L.R. 11-6.1

The undersigned counsel of record for Proposed Intervenor, The Moret Group, certifies that this brief contains 5,099 words, complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated:  August 26, 2025    PRYOR CASHMAN LLP

By: */s/ Thomas Vidal*
Thomas Vidal
Brad D. Rose
Matthew Barkan
Jeffrey L. Snow
Alexander White

Attorneys for Proposed Intervenor,
JACQUES MORET INC.