Thomas Vidal (State Bar No. 204432)
*tvidal@pryorcashman.com*
**PRYOR CASHMAN LLP**
1901 Avenue of the Stars, Suite 900
Los Angeles, California 90067
(310) 683-6900

Brad D. Rose (admitted *pro hac vice*)
*brose@pryorcashman.com*
Matthew Barkan (admitted *pro hac vice*)
*mbarkan@pryorcashman.com*
**PRYOR CASHMAN LLP**
7 Times Square
New York, NY 10036
(212) 421-4100
*Attorneys For Defendant Intervenor*
JACQUES MORET INC.

*Additional Counsel Listed on Following Page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LULULEMON ATHLETICA CANADA INC. AND LULULEMON USA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. 2:25-cv-05864-FLA(AJRx)<br>Hon. Fernando L. Aenlle-Rocha<br><br>**DEFENDANT INTERVENOR JACQUES MORET INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>Date Filed: June 27, 2025<br>Trial Date: Pending<br>Judge: Hon. Fernando L. Aenlle-Rocha |

1  Jeffrey L. Snow (admitted *pro hac vice*)
   *jsnow@pryorcashman.com*
2  Alexander White (admitted *pro hac vice*)
3  *awhite@pryorcashman.com*
   Kate E. Garber (*pro hac vice* application to be filed)
4  *kgarber@pryorcashman.com*
5  PRYOR CASHMAN LLP
   7 Times Square
6  New York, NY 10036
7  (212) 421-4100

8  *Attorneys For Defendant Intervenor*
9  JACQUES MORET INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          2

1
2
3
4
5
6
7
8
9
10

Jacques Moret Inc. ("Moret"), a Delaware Corporation, is a Defendant-In-Intervention appearing under Fed. R. Civ. P. 24(a)(2). Moret's intervention is limited to defending claims arising out of Defendant Costco Wholesale Corporation's ("Costco") sales of DANSKIN® and JOCKEY® products (the "Moret Accused Products") accused of trade dress, trademark, and patent infringement by Plaintiffs Lululemon Athletica Canada Inc. and Lululemon USA, Inc. (collectively, "Lululemon" or "Plaintiffs"). Moret answers Lululemon's Complaint as follows. The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint. The headings used by Lululemon are restated for ease of reference only, but Moret denies any allegations contained therein.

11

## INTRODUCTION

12
13
14

1.    Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 1 of the Complaint; on that basis, Moret denies the allegations of paragraph 1.

15
16
17

2.    Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 2 of the Complaint; on that basis, Moret denies the allegations of paragraph 2.

18
19
20
21
22
23
24
25

3.    Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 3 of the Complaint to the extent those allegations are outside the scope of Moret's intervention; on that basis Moret denies the allegations of paragraph 3 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 3 of the Complaint and the legal conclusions set forth therein. Further, Moret denies that any DANSKIN® or JOCKEY® branded garments constitute Infringing Products and denies that any DANSKIN® branded garments infringe any valid claim of the Asserted Patents.

26
27

4.    Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 4 of the Complaint to the extent those

28

3

allegations are outside the scope of Moret's intervention; on that basis, Moret denies the allegations of paragraph 4 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 4 of the Complaint and the legal conclusions set forth therein. Further, Moret denies that any DANSKIN® or JOCKEY® branded garments constitute Infringing Products and denies that any DANSKIN® branded garments infringe any valid claim of the Asserted Patents.

5.      Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 5 of the Complaint to the extent those allegations are outside the scope of Moret's intervention; on that basis, Moret denies the allegations of paragraph 5 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 5 of the Complaint and the legal conclusions set forth therein. Further, Moret denies that any DANSKIN® or JOCKEY® branded garments constitute Infringing Products and denies that any DANSKIN® branded garments infringe any valid claim of the Asserted Patents.

6.      Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 6 of the Complaint to the extent those allegations are outside the scope of Moret's intervention; on that basis, Moret denies the allegations of paragraph 6 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 6 of the Complaint and the legal conclusions set forth therein. Further, Moret denies that any DANSKIN® or JOCKEY® branded garments constitute Infringing Products and denies that any DANSKIN® branded garments infringe any valid claim of the Asserted Patents. Moret respectfully refers the Court to the articles referenced in Paragraph 6 for their true and complete content.

7.      Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 7 of the Complaint to the extent those allegations are outside the scope of Moret's intervention; on that basis, Moret denies

4

the allegations of paragraph 7 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 7 of the Complaint and the legal conclusions set forth therein. Further, Moret denies that any DANSKIN® or JOCKEY® branded garments constitute Infringing Products and denies that any DANSKIN® branded garments infringe any valid claim of the Asserted Patents.

## JURISDICTION AND VENUE

8.     Moret denies the allegations in Paragraph 8 of the Complaint, except admits only that Lululemon's Complaint purports to allege claims of "trade dress infringement and unfair competition under the Lanham Act (15 U.S.C. § 1051 *et seq*.), patent infringement arising under the patent laws of the United States (35 U.S.C. § 1 *et seq*.), violation of the California Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200 *et. seq*.), and violations of the common law of the state of California." Moret denies the merit and validity of any and all of Lululemon's claims brought pursuant to 15 U.S.C. § 1051 *et seq*., 35 U.S.C. § 1 *et seq*., Cal. Bus. & Prof. Code § 17200 *et. seq*., and the common law of the state of California that relate to DANSKIN® or JOCKEY® branded garments.

9.     Moret denies the allegations in paragraph 9 of the Complaint, and further denies the legal conclusions set forth therein, except admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Moret denies the merit and validity of any and all of Lululemon's claims.

10.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 10 of the Complaint to the extent those allegations are outside the scope of Moret's intervention; on that basis, Moret denies the allegations of paragraph 10 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 10 of the Complaint and the legal conclusions set forth therein, except, for the purposes of this

5

1  matter only, does not contest personal jurisdiction. Further, Moret denies that any

2  DANSKIN® or JOCKEY® branded garments constitute Infringing Products and denies

3  that any DANSKIN® branded garments infringe any valid claim of the Asserted Patents.

4      11.    Moret lacks information or knowledge sufficient to answer or form a belief

5  as to the truth of the allegations in paragraph 11 of the Complaint to the extent those

6  allegations are outside the scope of Moret's intervention; on that basis, Moret denies

7  the allegations of paragraph 11 to the extent those allegations are outside the scope of

8  Moret's intervention. Moret denies the remaining allegations in paragraph 11 of the

9  Complaint and the legal conclusions set forth therein, except, for the purposes of this

10  matter only, does not contest venue. Further, Moret denies that any DANSKIN® or

11  JOCKEY® branded garments constitute Infringing Products and denies that any

12  DANSKIN® branded garments infringe any valid claim of the Asserted Patents.

13                          **THE PARTIES**

14      12.    Moret lacks information or knowledge sufficient to answer or form a belief

15  as to the truth of the allegations in paragraph 12 of the Complaint; on that basis, Moret

16  denies the allegations of paragraph 12.

17      13.    Moret lacks information or knowledge sufficient to answer or form a belief

18  as to the truth of the allegations in paragraph 13 of the Complaint; on that basis, Moret

19  denies the allegations of paragraph 13, except admits that Costco operates retail stores

20  throughout the United States.

21                      **FACTUAL BACKGROUND**

22      14.    Moret lacks information or knowledge sufficient to answer or form a belief

23  as to the truth of the allegations in paragraph 14 of the Complaint; on that basis, Moret

24  denies the allegations of paragraph 14.

25      15.    Moret lacks information or knowledge sufficient to answer or form a belief

26  as to the truth of the allegations in paragraph 15 of the Complaint; on that basis, Moret

27  denies the allegations of paragraph 15.

28

DEFENDANT INTERVENOR JACQUES MORET INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1    16.    Moret lacks information or knowledge sufficient to answer or form a belief

2 as to the truth of the allegations in paragraph 16 of the Complaint; on that basis, Moret

3 denies the allegations of paragraph 16. Moret further denies the legal conclusions set

4 forth therein.

5    17.    Moret lacks information or knowledge sufficient to answer or form a belief

6 as to the truth of the allegations in paragraph 17 of the Complaint; on that basis, Moret

7 denies the allegations of paragraph 17. Moret further denies the legal conclusions set

8 forth therein.

9    18.    Moret lacks information or knowledge sufficient to answer or form a belief

10 as to the truth of the allegations in paragraph 18 of the Complaint; on that basis, Moret

11 denies the allegations of paragraph 18.

12    19.    Moret lacks information or knowledge sufficient to answer or form a belief

13 as to the truth of the allegations in paragraph 19 of the Complaint; on that basis, Moret

14 denies the allegations of paragraph 19. Moret further denies the legal conclusions set

15 forth therein.

16    **A.    The Intellectual Property Protecting Plaintiffs' DEFINE® Apparel**

17    20.    Moret lacks information or knowledge sufficient to answer or form a belief

18 as to the truth of the allegations in paragraph 20 of the Complaint; on that basis, Moret

19 denies the allegations of paragraph 20. Moret further denies the legal conclusions set

20 forth therein, except admits that the listed trade dress registrations are asserted in this

21 case.

22    21.    Moret lacks information or knowledge sufficient to answer or form a belief

23 as to the truth of the allegations in paragraph 21 of the Complaint; on that basis, Moret

24 denies the allegations of paragraph 21. Moret further denies the legal conclusions set

25 forth therein, except admits that the listed trade dress registrations are asserted in this

26 case. Moret respectfully refers the Court to the referenced documents for their true and

27 complete content.

28

1 22. Moret lacks information or knowledge sufficient to answer or form a belief

2 as to the truth of the allegations in paragraph 22 of the Complaint; on that basis, Moret

3 denies the allegations of paragraph 22. Moret further denies the legal conclusions set

4 forth therein.

5 23. Moret lacks information or knowledge sufficient to answer or form a belief

6 as to the truth of the allegations in paragraph 23 of the Complaint; on that basis, Moret

7 denies the allegations of paragraph 23. Moret further denies the legal conclusions set

8 forth therein.

9 24. Moret lacks information or knowledge sufficient to answer or form a belief

10 as to the truth of the allegations in paragraph 24 of the Complaint; on that basis, Moret

11 denies the allegations of paragraph 24. Moret further denies the legal conclusions set

12 forth therein.

13 25. Moret lacks information or knowledge sufficient to answer or form a belief

14 as to the truth of the allegations in paragraph 25 of the Complaint; on that basis, Moret

15 denies the allegations of paragraph 25. Moret further denies the legal conclusions set

16 forth therein.

17 26. Moret lacks information or knowledge sufficient to answer or form a belief

18 as to the truth of the allegations in paragraph 26 of the Complaint; on that basis, Moret

19 denies the allegations of paragraph 26. Moret further denies the legal conclusions set

20 forth therein.

21 27. Moret lacks information or knowledge sufficient to answer or form a belief

22 as to the truth of the allegations in paragraph 27 of the Complaint; on that basis, Moret

23 denies the allegations of paragraph 27. Moret further denies the legal conclusions set

24 forth therein.

25 28. Moret lacks information or knowledge sufficient to answer or form a belief

26 as to the truth of the allegations in paragraph 28 of the Complaint; on that basis, Moret

27

28

8

1    denies the allegations of paragraph 28. Moret further denies the legal conclusions set

2    forth therein.

3    **B.**    **The Intellectual Property Protecting Plaintiffs' SCUBA® Apparel**

4         29.    Moret lacks information or knowledge sufficient to answer or form a belief

5    as to the truth of the allegations in paragraph 29 of the Complaint; on that basis, Moret

6    denies the allegations of paragraph 29. Moret further denies the legal conclusions set

7    forth therein, except admits that the listed design patents are asserted in this case. Moret

8    respectfully refers the Court to the referenced documents for their true and complete

9    content.

10        30.    Moret lacks information or knowledge sufficient to answer or form a belief

11   as to the truth of the allegations in paragraph 30 of the Complaint; on that basis, Moret

12   denies the allegations of paragraph 30. Moret further denies the legal conclusions set

13   forth therein.

14        31.    Moret lacks information or knowledge sufficient to answer or form a belief

15   as to the truth of the allegations in paragraph 31 of the Complaint; on that basis, Moret

16   denies the allegations of paragraph 31. Moret further denies the legal conclusions set

17   forth therein.

18        32.    Moret lacks information or knowledge sufficient to answer or form a belief

19   as to the truth of the allegations in paragraph 32 of the Complaint; on that basis, Moret

20   denies the allegations of paragraph 32. Moret further denies the legal conclusions set

21   forth therein.

22        33.    Moret lacks information or knowledge sufficient to answer or form a belief

23   as to the truth of the allegations in paragraph 33 of the Complaint; on that basis, Moret

24   denies the allegations of paragraph 33.

25        34.    Moret lacks information or knowledge sufficient to answer or form a belief

26   as to the truth of the allegations in paragraph 34 of the Complaint; on that basis, Moret

27

28

1    denies the allegations of paragraph 34. Moret further denies the legal conclusions set

2    forth therein.

3        35.    Moret lacks information or knowledge sufficient to answer or form a belief

4    as to the truth of the allegations in paragraph 35 of the Complaint; on that basis, Moret

5    denies the allegations of paragraph 35. Moret further denies the legal conclusions set

6    forth therein.

7        36.    Moret lacks information or knowledge sufficient to answer or form a belief

8    as to the truth of the allegations in paragraph 36 of the Complaint; on that basis, Moret

9    denies the allegations of paragraph 36. Moret further denies the legal conclusions set

10   forth therein.

11       37.    Moret lacks information or knowledge sufficient to answer or form a belief

12   as to the truth of the allegations in paragraph 37 of the Complaint; on that basis, Moret

13   denies the allegations of paragraph 37. Moret further denies the legal conclusions set

14   forth therein, except admits that the listed trademark registration is asserted in this case.

15   Moret respectfully refers the Court to the referenced documents for their true and

16   complete content.

17       38.    Moret lacks information or knowledge sufficient to answer or form a belief

18   as to the truth of the allegations in paragraph 38 of the Complaint; on that basis, Moret

19   denies the allegations of paragraph 38. Moret further denies the legal conclusions set

20   forth therein, except admits that the listed trademark is asserted in this case.

21       39.    Moret lacks information or knowledge sufficient to answer or form a belief

22   as to the truth of the allegations in paragraph 39 of the Complaint; on that basis, Moret

23   denies the allegations of paragraph 39. Moret further denies the legal conclusions set

24   forth therein, except admits that the listed trademark is asserted in this case.

25       40.    Moret lacks information or knowledge sufficient to answer or form a belief

26   as to the truth of the allegations in paragraph 40 of the Complaint; on that basis, Moret

27   denies the allegations of paragraph 40.

28

1    41.    Moret lacks information or knowledge sufficient to answer or form a belief

2  as to the truth of the allegations in paragraph 41 of the Complaint; on that basis, Moret

3  denies the allegations of paragraph 41.

4    42.    Moret lacks information or knowledge sufficient to answer or form a belief

5  as to the truth of the allegations in paragraph 42 of the Complaint; on that basis, Moret

6  denies the allegations of paragraph 42. Further, Moret denies that any DANSKIN® or

7  JOCKEY® branded garments constitute Infringing Products.

8    **C.    The Intellectual Property Protecting Plaintiffs' ABC Pants**

9    43.    Moret lacks information or knowledge sufficient to answer or form a belief

10  as to the truth of the allegations in paragraph 43 of the Complaint; on that basis, Moret

11  denies the allegations of paragraph 43. Moret further denies the legal conclusions set

12  forth therein, except admits that the listed trade dress is asserted in this case.

13    44.    Moret lacks information or knowledge sufficient to answer or form a belief

14  as to the truth of the allegations in paragraph 44 of the Complaint; on that basis, Moret

15  denies the allegations of paragraph 44. Moret further denies the legal conclusions set

16  forth therein.

17    45.    Moret lacks information or knowledge sufficient to answer or form a belief

18  as to the truth of the allegations in paragraph 45 of the Complaint; on that basis, Moret

19  denies the allegations of paragraph 45. Moret further denies the legal conclusions set

20  forth therein.

21    46.    Moret lacks information or knowledge sufficient to answer or form a belief

22  as to the truth of the allegations in paragraph 46 of the Complaint; on that basis, Moret

23  denies the allegations of paragraph 46. Moret further denies the legal conclusions set

24  forth therein.

25    47.    Moret lacks information or knowledge sufficient to answer or form a belief

26  as to the truth of the allegations in paragraph 47 of the Complaint; on that basis, Moret

27

28                                      11

1   denies the allegations of paragraph 47. Moret further denies the legal conclusions set
2   forth therein.

3       48.    Moret lacks information or knowledge sufficient to answer or form a belief
4   as to the truth of the allegations in paragraph 48 of the Complaint; on that basis, Moret
5   denies the allegations of paragraph 48. Moret further denies the legal conclusions set
6   forth therein.

7   **D.   Defendant's Infringing Activities**

8       49.    Moret lacks information or knowledge sufficient to answer or form a belief
9   as to the truth of the allegations in paragraph 49 of the Complaint to the extent those
10  allegations are outside the scope of Moret's intervention; on that basis, Moret denies
11  the allegations of paragraph 49 to the extent those allegations are outside the scope of
12  Moret's intervention. Moret denies the remaining allegations in paragraph 49 of the
13  Complaint. Further, Moret denies that any DANSKIN® or JOCKEY® branded
14  garments constitute Infringing Products and denies that any DANSKIN® branded
15  garments infringe any valid claim of the Asserted Patents.

16      50.    Moret lacks information or knowledge sufficient to answer or form a belief
17  as to the truth of the allegations in paragraph 50 of the Complaint; on that basis Moret
18  denies the allegations of paragraph 50. Except Moret admits that Costco operates
19  membership brick-and-mortar warehouses and e-commerce sites in the U.S. and
20  worldwide.

21      51.    Moret lacks information or knowledge sufficient to answer or form a belief
22  as to the truth of the allegations in paragraph 51 of the Complaint to the extent those
23  allegations are outside the scope of Moret's intervention; on that basis, Moret denies
24  the allegations of paragraph 51 to the extent those allegations are outside the scope of
25  Moret's intervention. Moret denies the remaining allegations in paragraph 51 of the
26  Complaint, except admits that Moret supplied products to Costco which Costco offered
27  for sale and/or sold under the names "Danskin Ladies Half-Zip Hoodie," "Danskin Half-

28

12

Zip Pullover," and "Jockey Ladies Yoga Jacket." Further, Moret denies that any DANSKIN® or JOCKEY® branded garments constitute Infringing Products and denies that any DANSKIN® branded garments infringe any valid claim of the Asserted Patents.

52.    Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 52 of the Complaint; on that basis, Moret denies the allegations of paragraph 52. Except Moret admits that Lululemon wrote to Costco in November 2024 asserting the listed intellectual property.

### i.    The Infringing "Danskin Ladies Half-Zip"

53.    Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 53 of the Complaint to the extent those allegations are outside the scope of Moret's intervention; on that basis, Moret denies the allegations of paragraph 53 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 53 of the Complaint, except admits that Moret supplied products to Costco which Costco offered for sale and/or sold under the "Danskin Half-Zip Pullover" name. Further, Moret denies that any DANSKIN® branded garments constitute Infringing Products or infringe any valid claim of the Asserted Patents.

54.    Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 54 of the Complaint to the extent those allegations are outside the scope of Moret's intervention; on that basis, Moret denies the allegations of paragraph 54 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 54 of the Complaint, except admits that Costco offered for sale and/or sold the Danskin Half-Zip Pullover. Further, Moret denies that any DANSKIN® branded garments constitute Infringing Products.

1

### ii.     The Infringing "Danskin Ladies Half-Zip Hoodie"

2

3

4

5

6

7

8

9

10

55.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 55 of the Complaint to the extent those allegations are outside the scope of Moret's intervention; on that basis, Moret denies the allegations of paragraph 55 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 55 of the Complaint, except admits that Moret supplied products to Costco which Costco offered for sale and/or sold under the "Danskin Ladies Half-Zip Hoodie" name. Further, Moret denies that any DANSKIN® branded garments constitute Infringing Products or infringe any valid claim of the Asserted Patents.

11

12

13

14

15

16

17

18

56.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 56 of the Complaint to the extent those allegations are outside the scope of Moret's intervention; on that basis, Moret denies the allegations of paragraph 56 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 56 of the Complaint, except admits that Costco offered for sale and/or sold the Danskin Half-Zip Hoodie. Further, Moret denies that any DANSKIN® branded garments constitute Infringing Products.

19

### iii.     The Infringing "Jockey Ladies Yoga Jacket"

20

21

22

23

24

25

26

27

57.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 57 of the Complaint to the extent those allegations are outside the scope of Moret's intervention; on that basis, Moret denies the allegations of paragraph 57 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 57 of the Complaint, except admits that Moret supplied products to Costco which Costco offered for sale and/or sold under the "Jockey Ladies Yoga Jacket" name. Further, Moret denies that any JOCKEY® branded garments constitute Infringing Products.

28

14

#### iv.     The Infringing "Spyder Women's Yoga Jacket"

58.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 58 of the Complaint; on that basis, Moret denies the allegations of paragraph 58.

#### v.     The Infringing "Hi-Tec Men's Scuba Full Zip"

59.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 59 of the Complaint; on that basis, Moret denies the allegations of paragraph 59.

#### vi.     The Infringing "Kirkland 5 Pocket Performance Pant"

60.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 60 of the Complaint; on that basis, Moret denies the allegations of paragraph 60.

## FIRST CAUSE OF ACTION

### (Trade Dress Infringement – 15 U.S.C. § 1114)

61.     Moret realleges and incorporates by reference the responses set forth in its answers to paragraphs 1-60 above, as if fully set forth herein.

62.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 62 of the Complaint; on that basis, Moret denies the allegations of paragraph 62. Moret further denies the legal conclusions set forth therein. Moret respectfully refers the Court to the referenced documents for their true and complete content.

63.     Moret denies the allegations in paragraph 63 of the Complaint, and further denies the legal conclusions set forth therein.

64.     Moret denies the allegations in paragraph 64 of the Complaint.

65.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 65 of the Complaint to the extent those allegations are outside the scope of Moret's intervention; on that basis, Moret denies

the allegations of paragraph 65 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 65 of the Complaint. Further, Moret denies that any JOCKEY® branded garments constitute Infringing Products.

66.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 66 of the Complaint; on that basis, Moret denies the allegations of paragraph 66.

67.     Moret denies the allegations in paragraph 67 of the Complaint.

68.     Moret denies the allegations in paragraph 68 of the Complaint.

69.     Moret denies the allegations in paragraph 69 of the Complaint.

70.     Moret denies the allegations in paragraph 70 of the Complaint.

## SECOND CAUSE OF ACTION

### (Trade Mark Infringement – 15 U.S.C. § 1114)

71.     Moret realleges and incorporates by reference the responses set forth in its answers to paragraphs 1-70 above, as if fully set forth herein.

72.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 72 of the Complaint; on that basis, Moret denies the allegations of paragraph 72. Moret further denies the legal conclusions set forth therein. Moret respectfully refers the Court to the referenced documents for their true and complete content.

73.     Moret denies the allegations in paragraph 73 of the Complaint.

74.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 74 of the Complaint; on that basis, Moret denies the allegations of paragraph 74. Moret further denies the legal conclusions set forth therein.

75.     Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 75 of the Complaint; on that basis, Moret

16

1   denies the allegations of paragraph 75. Moret further denies the legal conclusions set

2   forth therein.

3       76.     Moret lacks information or knowledge sufficient to answer or form a belief

4   as to the truth of the allegations in paragraph 76 of the Complaint; on that basis, Moret

5   denies the allegations of paragraph 76.

6       77.     Moret lacks information or knowledge sufficient to answer or form a belief

7   as to the truth of the allegations in paragraph 77 of the Complaint; on that basis, Moret

8   denies the allegations of paragraph 77. Moret further denies the legal conclusions set

9   forth therein.

10      78.     Moret denies the allegations in paragraph 78 of the Complaint.

11      79.     Moret denies the allegations in paragraph 79 of the Complaint.

12      80.     Moret denies the allegations in paragraph 80 of the Complaint.

13                          **THIRD CAUSE OF ACTION**

14                  **(Trade Dress Infringement – 15 U.S.C. § 1125(a))**

15      81.     Moret realleges and incorporates by reference the responses set forth in its

16   answers to paragraphs 1-80 above, as if fully set forth herein.

17      82.     Moret lacks information or knowledge sufficient to answer or form a belief

18   as to the truth of the allegations in paragraph 82 of the Complaint; on that basis, Moret

19   denies the allegations of paragraph 82.

20      83.     Moret denies the allegations in paragraph 83 of the Complaint, and further

21   denies the legal conclusions set forth therein.

22      84.     Moret denies the allegations in paragraph 84 of the Complaint.

23      85.     Moret denies the allegations in paragraph 85 of the Complaint, and further

24   denies the legal conclusions set forth therein.

25      86.     Moret lacks information or knowledge sufficient to answer or form a belief

26   as to the truth of the allegations in paragraph 86 of the Complaint; on that basis, Moret

27   denies the allegations of paragraph 86.

28                                   17

1   87.   Moret lacks information or knowledge sufficient to answer or form a belief
2   as to the truth of the allegations in paragraph 87 of the Complaint to the extent those
3   allegations are directed to other designs; on that basis, Moret denies the allegations of
4   paragraph 87 to the extent those allegations are directed to other designs. Moret denies
5   the remaining allegations in paragraph 87 of the Complaint.

6   88.   Moret lacks information or knowledge sufficient to answer or form a belief
7   as to the truth of the allegations in paragraph 88 of the Complaint to the extent those
8   allegations are outside the scope of Moret's intervention; on that basis, Moret denies
9   the allegations of paragraph 88 to the extent those allegations are outside the scope of
10  Moret's intervention. Moret denies the remaining allegations in paragraph 88 of the
11  Complaint, and further denies the legal conclusions set forth therein.

12  89.   Moret denies the allegations in paragraph 89 of the Complaint.

13  90.   Moret denies the allegations in paragraph 90 of the Complaint.

14  91.   Moret denies the allegations in paragraph 91 of the Complaint.

## FOURTH CAUSE OF ACTION

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

17  92.   Moret realleges and incorporates by reference the responses set forth in its
18  answers to paragraphs 1-91 above, as if fully set forth herein.

19  93.   Moret lacks information or knowledge sufficient to answer or form a belief
20  as to the truth of the allegations in paragraph 93 of the Complaint; on that basis, Moret
21  denies the allegations of paragraph 93.

22  94.   Moret denies the allegations in paragraph 94 of the Complaint, and further
23  denies the legal conclusions set forth therein.

24  95.   Moret denies the allegations in paragraph 95 of the Complaint.

25  96.   Moret denies the allegations in paragraph 96 of the Complaint, and further
26  denies the legal conclusions set forth therein.

27

28

18

1    97.    Moret lacks information or knowledge sufficient to answer or form a belief

2    as to the truth of the allegations in paragraph 97 of the Complaint; on that basis, Moret

3    denies the allegations of paragraph 97. Moret further denies the legal conclusions set

4    forth therein.

5    98.    Moret lacks information or knowledge sufficient to answer or form a belief

6    as to the truth of the allegations in paragraph 98 of the Complaint to the extent those

7    allegations are directed to other designs; on that basis, Moret denies the allegations of

8    paragraph 98 to the extent those allegations are directed to other designs. Moret denies

9    the remaining allegations in paragraph 98 of the Complaint.

10   99.    Moret denies the allegations in paragraph 99 of the Complaint, and further

11   denies the legal conclusions set forth therein.

12   100.   Moret lacks information or knowledge sufficient to answer or form a belief

13   as to the truth of the allegations in paragraph 100 of the Complaint; on that basis, Moret

14   denies the allegations of paragraph 100. Moret further denies the legal conclusions set

15   forth therein.

16   101.   Moret denies the allegations in paragraph 101 of the Complaint.

17   102.   Moret denies the allegations in paragraph 102 of the Complaint.

18   103.   Moret denies the allegations in paragraph 103 of the Complaint.

19   ## FIFTH CAUSE OF ACTION

20   ### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

21   104.   Moret realleges and incorporates by reference the responses set forth in its

22   answers to paragraphs 1-103 above, as if fully set forth herein.

23   105.   Moret lacks information or knowledge sufficient to answer or form a belief

24   as to the truth of the allegations in paragraph 105 of the Complaint; on that basis, Moret

25   denies the allegations of paragraph 105.

26   106.   Moret denies the allegations in paragraph 106 of the Complaint, and

27   further denies the legal conclusions set forth therein.

28

19

1

107.   Moret denies the allegations in paragraph 107 of the Complaint.

2

3

108.   Moret denies the allegations in paragraph 108 of the Complaint, and further denies the legal conclusions set forth therein.

4

5

6

7

8

9

109.   Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 109 of the Complaint to the extent that those allegations are outside the scope of Moret's intervention; on that basis, Moret denies the allegations of paragraph 109 to the extent those allegations are outside the scope of Moret's intervention. Moret denies the remaining allegations in paragraph 109 of the Complaint, and further denies the legal conclusions set forth therein.

10

11

110.   Moret denies the allegations in paragraph 110 of the Complaint, and further denies the legal conclusions set forth therein.

12

111.   Moret denies the allegations in paragraph 111 of the Complaint.

13

112.   Moret denies the allegations in paragraph 112 of the Complaint.

14

113.   Moret denies the allegations in paragraph 113 of the Complaint.

15

## SIXTH CAUSE OF ACTION

16

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

17

18

114.   Moret realleges and incorporates by reference the responses set forth in its answers to paragraphs 1-113 above, as if fully set forth herein.

19

20

21

115.   Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 115 of the Complaint; on that basis, Moret denies the allegations of paragraph 115.

22

23

116.   Moret denies the allegations in paragraph 116 of the Complaint, and further denies the legal conclusions set forth therein..

24

117.   Moret denies the allegations in paragraph 117 of the Complaint.

25

26

118.   Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 118 of the Complaint; on that basis, Moret

27

28

20

1
2
denies the allegations of paragraph 118. Moret further denies the legal conclusions set
forth therein.

3
4
5
6
119.   Moret lacks information or knowledge sufficient to answer or form a belief
as to the truth of the allegations in paragraph 119 of the Complaint; on that basis, Moret
denies the allegations of paragraph 119. Moret further denies the legal conclusions set
forth therein.

7
8
9
10
120.   Moret lacks information or knowledge sufficient to answer or form a belief
as to the truth of the allegations in paragraph 120 of the Complaint; on that basis, Moret
denies the allegations of paragraph 120. Moret further denies the legal conclusions set
forth therein.

11
12
13
14
121.   Moret lacks information or knowledge sufficient to answer or form a belief
as to the truth of the allegations in paragraph 121 of the Complaint; on that basis, Moret
denies the allegations of paragraph 121. Moret further denies the legal conclusions set
forth therein.

15
16
17
18
122.   Moret lacks information or knowledge sufficient to answer or form a belief
as to the truth of the allegations in paragraph 122 of the Complaint; on that basis, Moret
denies the allegations of paragraph 122. Moret further denies the legal conclusions set
forth therein.

19
20
21
22
123.   Moret lacks information or knowledge sufficient to answer or form a belief
as to the truth of the allegations in paragraph 123 of the Complaint; on that basis, Moret
denies the allegations of paragraph 123. Moret further denies the legal conclusions set
forth therein.

23

## **SEVENTH CAUSE OF ACTION**

24

### **(Trade Mark Infringement – 15 U.S.C. § 1125(a))**

25
26
124.   Moret realleges and incorporates by reference the responses set forth in its
answers to paragraphs 1-123 above, as if fully set forth herein.

27

28

21

1
2
3

125.   Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 125 of the Complaint; on that basis, Moret denies the allegations of paragraph 125.

4
5

126.   Moret denies the allegations in paragraph 126 of the Complaint, and further denies the legal conclusions set forth therein.

6

127.   Moret denies the allegations in paragraph 127 of the Complaint.

7
8

128.   Moret denies the allegations in paragraph 128 of the Complaint, and further denies the legal conclusions set forth therein.

9

129.   Moret denies the allegations in paragraph 129 of the Complaint.

10
11
12

130.   Moret denies the allegations in paragraph 130 of the Complaint, and specifically avers that it has never been required to seek Lululemon's authorization because the Moret Accused Products are not Infringing Products.

13

131.   Moret denies the allegations in paragraph 131 of the Complaint.

14

132.   Moret denies the allegations in paragraph 132 of the Complaint.

15

133.   Moret denies the allegations in paragraph 133 of the Complaint.

16

134.   Moret denies the allegations in paragraph 134 of the Complaint.

17

## **EIGHTH CAUSE OF ACTION**

18

**(False Designation of Origin, Passing Off, & Federal Unfair Competition)**

19
20

135.   Moret realleges and incorporates by reference the responses set forth in its answers to paragraphs 1-134 above, as if fully set forth herein.

21
22

136.   Moret denies the allegations in paragraph 136 of the Complaint, except admits that Lululemon is asserting the listed claim in this case.

23
24

137.   Moret denies the allegations in paragraph 137 of the Complaint, and further denies the legal conclusions set forth therein.

25
26

138.   Moret denies the allegations in paragraph 138 of the Complaint, and further denies the legal conclusions set forth therein.

27
28

22

139. Moret denies the allegations in paragraph 139 of the Complaint, and further denies the legal conclusions set forth therein.

140. Moret denies the allegations in paragraph 140 of the Complaint.

141. Moret denies the allegations in paragraph 141 of the Complaint, and further denies the legal conclusions set forth therein. Moret respectfully refers the Court to the referenced statute for its true and complete content.

142. Moret denies the allegations in paragraph 142 of the Complaint.

143. Moret denies the allegations in paragraph 143 of the Complaint.

144. Moret denies the allegations in paragraph 144 of the Complaint.

## NINTH CAUSE OF ACTION

**(California Common Law Trade Dress and Trade Mark Infringement)**

145. Moret realleges and incorporates by reference the responses set forth in its answers to paragraphs 1-144 above, as if fully set forth herein.

146. Moret denies the allegations in paragraph 146 of the Complaint, and further denies the legal conclusions set forth therein.

147. Moret denies the allegations in paragraph 147 of the Complaint.

148. Moret denies the allegations in paragraph 148 of the Complaint.

149. Moret denies the allegations in paragraph 149 of the Complaint.

150. Moret denies the allegations in paragraph 150 of the Complaint.

## TENTH CAUSE OF ACTION

**(California Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et. seq*.)**

151. Moret realleges and incorporates by reference the responses set forth in its answers to paragraphs 1-150 above, as if fully set forth herein.

152. Moret denies the allegations in paragraph 152 of the Complaint, and further denies the legal conclusions set forth therein.

153. Moret denies the allegations in paragraph 153 of the Complaint.

154. Moret denies the allegations in paragraph 154 of the Complaint.

23

1    155.   Moret denies the allegations in paragraph 155 of the Complaint.

2    156.   Moret denies the allegations in paragraph 156 of the Complaint.

## ELEVENTH CAUSE OF ACTION

### (California Common Law Unfair Competition)

157.   Moret realleges and incorporates by reference the responses set forth in its answers to paragraphs 1-156 above, as if fully set forth herein.

158.   Moret denies the allegations in paragraph 158 of the Complaint, and further denies the legal conclusions set forth therein.

159.   Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 159 of the Complaint; on that basis, Moret denies the allegations of paragraph 159. Moret further denies the legal conclusions set forth therein.

160.   Moret denies the allegations in paragraph 160 of the Complaint.

161.   Moret denies the allegations in paragraph 161 of the Complaint.

162.   Moret denies the allegations in paragraph 162 of the Complaint.

163.   Moret denies the allegations in paragraph 163 of the Complaint.

## TWELFTH CAUSE OF ACTION

### (Design Patent Infringement – 35 U.S.C. § 271)

164.   Moret realleges and incorporates by reference the responses set forth in its answers to paragraphs 1-163 above, as if fully set forth herein.

165.   Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 165 of the Complaint; on that basis, Moret denies the allegations of paragraph 165. Moret respectfully refers the Court to the referenced documents for their true and complete contents.

166.   Moret lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations in paragraph 166 of the Complaint; on that basis, Moret denies the allegations of paragraph 166.

1

167.   Moret denies the allegations in paragraph 167 of the Complaint.

2

3

168.   Moret denies the allegations in paragraph 168 of the Complaint, and further denies the legal conclusions set forth therein.

4

5

6

7

169.   Moret denies the allegations in paragraph 169 of the Complaint, except admits that Costco offered for sale and/or sold the Danskin Pullover Products. Further, Moret denies that any DANSKIN® branded garments constitute Infringing Products or that any DANSKIN® branded garments infringe any valid claim of the Asserted Patents.

8

9

10

11

170.   Moret denies the allegations in paragraph 170 of the Complaint, except admits that Costco offered for sale and/or sold the Danskin Hoodie Products. Further, Moret denies that any DANSKIN® branded garments constitute Infringing Products or that any DANSKIN® branded garments infringe any valid claim of the Asserted Patents.

12

13

14

171.   Moret denies the allegations in paragraph 171, and further denies the legal conclusions set forth therein. Moret respectfully refers the Court to the referenced caselaw for its true and complete content.

15

172.   Moret denies the allegations in paragraph 172 of the Complaint.

16

173.   Moret denies the allegations in paragraph 173 of the Complaint.

17

174.   Moret denies the allegations in paragraph 174 of the Complaint.

18

175.   Moret denies the allegations in paragraph 175 of the Complaint.

19

## **PRAYER FOR RELIEF**

20

21

22

23

24

25

In response to Lululemon's Prayer For Relief and paragraphs 1 through 11 thereof, Moret respectfully requests that the Court deny in all respects Lululemon's claims and any other requests for relief; that Lululemon take nothing by way of its claims and any other requests for relief; that Lululemon's Complaint and all claims therein be dismissed with prejudice; and that the Court enter judgement in favor of Moret and against Lululemon on all claims asserted by Lululemon.

26

27

28

DEFENDANT INTERVENOR JACQUES MORET INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1

## AFFIRMATIVE DEFENSES

In further answering the Complaint, and for its defenses, Moret realleges and incorporates by reference, as if fully set forth herein, the responses and any allegations and affirmative statements set forth in the answers to paragraphs 1-175 above. Moret sets forth the following additional and affirmative defenses without assuming the burden of proof with respect to same when such burden would lawfully be on Lululemon. Moret expressly reserves the right to amend, modify and/or expand this Answer and Affirmative Defenses as additional information becomes available and/or is otherwise discovered.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Moret reserves the right to assert that Lululemon lacks standing to bring some or all of the claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Non-Infringement of the Asserted Trade Dresses and Trademarks)

Lululemon's claims against Moret are barred, in whole or in part, because the Moret Accused Products do not infringe the Asserted Trade Dresses and Trademarks, in particular, the alleged DEFINE common law and registered trade dresses (Registration Nos. 7,526,264 and 7,526,265), the alleged SCUBA common law trade dress, and the alleged TIDEWATER TEAL common law trademark.

## FOURTH AFFIRMATIVE DEFENSE

### (Abandonment of a Trade Dress through Non-Use)

Lululemon's claims against Moret are barred, in whole or in part, because Lululemon has abandoned through non-use at least one of the Asserted Trade Dresses

28

26

1   and Trademarks, in particular, the alleged DEFINE common law and registered trade
2   dresses (Registration Nos. 7,526,264 and 7,526,265).

3   ## FIFTH AFFIRMATIVE DEFENSE

4   ### (Abandonment of a Trade Dress or Trademark through Genericide)

5       Lululemon's claims against Moret are barred, in whole or in part, because
6   Lululemon has abandoned through genericide at least one of the Asserted Trade Dresses
7   and Trademarks, in particular, the alleged DEFINE common law and registered trade
8   dresses (Registration Nos. 7,526,264 and 7,526,265), the alleged SCUBA common law
9   trade dress, and the alleged TIDEWATER TEAL common law trademark.

10  ## SIXTH AFFIRMATIVE DEFENSE

11  ### (No Likelihood of Confusion)

12      Lululemon's claims against Moret are barred, in whole or in part, because the
13  acts and/or omissions of Moret did not cause a likelihood of confusion with respect to
14  the Asserted Trade Dresses and Trademarks, and thus do not constitute unfair
15  competition.

16  ## SEVENTH AFFIRMATIVE DEFENSE

17  ### (Trade Dress Invalidity)

18      Lululemon's claims against Moret regarding the alleged Registered DEFINE
19  Trade Dress (Registration Nos. 7,526,264 and 7,526,265) are barred, in whole or in part,
20  because the alleged Registered DEFINE Trade Dress is invalid, not protectable and/or
21  unenforceable under federal, state, or common law because the alleged Registered
22  DEFINE Trade Dress is functional, ornamental, non-distinctive, has not acquired
23  secondary meaning, and does not act as a source identifier.

24  ## EIGHTH AFFIRMATIVE DEFENSE

25  ### (Non-Infringement of the Asserted Patents)

26      Lululemon's claims against Moret are barred, in whole or in part, because the
27  Moret Accused Products do not infringe, directly or otherwise, literally or under the

28

1  doctrine of equivalents, and has not induced others to infringe any valid and enforceable
2  claim of the Asserted Patents, U.S. Patent Nos. D989,442, and D1,035,219.

3  **NINTH AFFIRMATIVE DEFENSE**

4  **(Invalidity of the Asserted Patents)**

5  All claims of the Asserted Patents are invalid for failure to meet and/or comply
6  with one or more of the conditions and requirements of the patent laws and regulations,
7  including, but not limited to, the conditions and requirements set forth in 35 U.S.C. §§
8  171, 102, 103, and 112; and 37 C.F.R. §§ 1.1 *et seq*. In particular, all claims of the
9  Asserted Patents are neither novel under 35 U.S.C. § 102 nor obvious under 35 U.S.C.
10  § 103 in view of the prior art.

11  **TENTH AFFIRMATIVE DEFENSE**

12  **(Functionality of the Asserted Patents)**

13  All claims of the Asserted Patents are invalid and not infringed because the
14  claimed designs of the Asserted Patents are primarily functional and/or lack
15  ornamentality.

16  **ELEVENTH AFFIRMATIVE DEFENSE**

17  **(Limitation on Damages)**

18  Some or all of Lululemon's claims for relief concerning the Asserted Patents are
19  limited or barred as a consequence of failing to comply with the requirements of at least
20  one of 35 U.S.C. §§ 285-289.

21  **TWELFTH AFFIRMATIVE DEFENSE**

22  **(Equitable Defenses)**

23  Lululemon's claims against Moret are barred, in whole or in part, under the
24  principles of equity, including, without limitation: trade dress, trademark, and patent
25  prosecution laches; waiver; implied waiver; estoppel; misconduct; unclean hands; trade
26  dress, trademark, and patent misuse; unfair competition; and/or other equitable defenses.

27

28

1

2

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

3

4

5

6

Lululemon is estopped based on statements, representations, and admissions made by the applicant during the prosecution of the applications resulting in the Asserted Patents and from asserting any interpretation of the Asserted Patents that would cover any product of Moret.

7

## FOURTEENTH AFFIRMATIVE DEFENSE

8

### (Fair Use)

9

10

11

The Complaint fails, in whole or in part, because Lululemon's claims are barred in whole or in part by the doctrine of fair use. Any use by Moret of any of Lululemon's alleged intellectual property is and has been fair use.

12

## FIFTEENTH AFFIRMATIVE DEFENSE

13

### (Good Faith)

14

15

16

The Complaint fails, in whole or in part, because alleged actions, conduct, or practices of Moret were reasonable, justified, in good faith, lacked malicious intent, and/or innocent.

17

## SIXTEENTH AFFIRMATIVE DEFENSE

18

### (Additional Defenses)

19

20

21

Moret hereby gives notice that it reserves the right to rely upon such other defenses as may become available or apparent during the course of discovery, and reserves the right to amend this Answer to assert such defenses.

22

## COUNTERCLAIMS

23

24

25

26

Defendant-In-Intervention Moret for its counterclaims against Plaintiffs and Counter-Defendants Lululemon alleges as follows. Further, Moret sets forth the following counterclaims without assuming the burden of proof with respect to same when such burden would lawfully be on Lululemon. Moret expressly reserves the right

27

28

29

1  to amend, modify and/or expand these Counteclaims as additional information becomes

2  available and/or is otherwise discovered

## JURISDICTION AND VENUE

4      1.    Moret's counterclaims arise under the Declaratory Judgment Act, 28

5  U.S.C. §§ 2201 and 2202, the trademark laws of the United States, 15 U.S.C. § 1051 et

6  seq., and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

7      2.    This Court has subject matter jurisdiction over Moret's counterclaims

8  pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338, 2201, and 2202, based on an

9  actual controversy between Moret and Lululemon arising under at least the Lanham Act

10 (15 U.S.C. § 1051 *et seq*.), and the patent laws of the United States (35 U.S.C. § 1 *et*

11 *seq*.).

12     3.    This Court has supplemental jurisdiction over Moret's counterclaims that

13 arise under state statutes and the common law pursuant 28 U.S.C. § 1367(a) because

14 the state law claims and common law claims are so related to the federal claims that

15 they form part of the same case or controversy and derive from a common nucleus of

16 operative facts.

17     4.    This Court has personal jurisdiction over Lululemon based on the filing of

18 this lawsuit, among others, in this District. Lululemon admits that its products are

19 "available throughout the United States online and through retail stores, including

20 multiple stores in this judicial district." Dkt. No. 1 at ¶12. Upon information and belief,

21 Lululemon regularly transacts, does business, and solicits business in this District. Upon

22 information and belief, Lululemon derives substantial revenue from interstate

23 commerce, including deriving revenue from its business in this District.

24     5.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(d) and

25 1400(b). As alleged above, Lululemon is subject to personal jurisdiction based on the

26 filing of this lawsuit, and other, in this District. Venue is therefore proper pursuant to

27 28 U.S.C. §§ 1391(b)-(d).

28

1

## THE PARTIES

2
3
4

6.     Upon information and belief, Defendant Costco is a Washington corporation with a principal place of business at 999 Lake Drive, Issaquah, Washington 98027.

5
6

7.     Moret is a Delaware corporation with a principal place of business at 1411 Broadway, 8th Floor, New York, NY 10018.

7
8
9
10

8.     Upon information and belief, Plaintiff lululemon usa, inc. is a Nevada corporation and Plaintiff lululemon athletica canada is a Canadian Corporation. Upon information and belief, Plaintiffs have a principal place of business at 1818 Cornwall Avenue, Vancouver, British Colombia, V6J 1C7, Canada.

11

## FACTUAL BACKGROUND

12

### I.     Facts Common to All Claims for Relief

13
14
15
16

9.     For over 40 years, Moret has been a leading designer of apparel and accessories, including women's activewear. Moret designs, imports, markets, sells, distributes, and supplies products to customers under different brands, including the DANSKIN® and JOCKEY® brands.

17
18

10.     Costco is among Moret's customers, and Costco's purchases from Moret have included the Moret Accused Products.

19
20
21

11.     A real and immediate controversy exists between Moret and Lululemon concerning Lululemon's allegations of infringement of its alleged intellectual property through Costco's sale of the Moret Accused Products.

22
23
24

12.     On June 27, 2025, Lululemon filed the instant action, wherein Lululemon alleges that Costco's sale of the Moret Accused Products infringes Lululemon's alleged intellectual property rights.

25

### II.     The Asserted Patents

26
27

13.     Lululemon asserts U.S. Patent Nos. D989,442 and D1,035,219 against the Moret Accused Products. Particularly, U.S. Patent No. D989,442 is asserted against the

28

31

1
2
3

Moret product sold under the name "Danskin Ladies Half-Zip Hoodie," while U.S. Patent No. D1,035,219 is asserted against the Moret product sold under the name "Danskin Half-Zip Pullover."

4
5
6
7

14.    U.S. Patent No. D989,442 ("the '442 Patent"), entitled "GARMENT", was issued on June 20, 2023, names Michelle Alicia Rae Beaulieu and Jessica Somaly Tep as the inventors, and lists Lululemon Athletica Canada Inc. as the applicant and assignee. Attached hereto as Exhibit 1 is a true and correct copy of the '442 Patent.

8
9
10
11

15.    U.S. Patent No. D1,035,219 ("the '219 Patent"), entitled "GARMENT", was issued on July 16, 2024, names Michelle Alicia Rae Beaulieu and Jessica Somaly Tep as the inventors, and lists Lululemon Athletica Canada Inc. as the applicant and assignee. Attached hereto as Exhibit 2 is a true and correct copy of the '219 Patent.

12
13

16.    Upon information and belief, Lululemon Athletica Canada Inc. remains the assignee of the '442 and '219 Patents.

14
15

17.    The '442 and '219 Patents claim the design depicted in solid lines in their respective figures.

16
17

**a.  Differences Between the Moret Accused Products and the Asserted Patents**

18
19
20
21
22
23
24
25
26
27

18.    Regarding the '442 Patent, annotated versions of Figs. 1 and 2 of the '442 Patent are reproduced below. Fig. 1 depicts a front view of the claimed design, and Fig. 2 depicts a back view of the claimed design. Figs. 1 and 2 show a claimed design having minimal features, including an unadorned balaclava-style hood and a front portion of a flat waistband. In the front view illustrated in Fig. 1, the garment includes two lines or seams bearing a significant curvature extending upward toward respective shoulder

28

32

regions as well as downward toward the sides at respective rib cage regions above the waistband:



Fig. 1 of '442 Patent – Front View (Annotated)

In the back view illustrated in Fig. 2, the two lines or seams with significant curvature shown in Fig. 1 are shown having curvature and extending diagonally toward a middle of the back:



Fig. 2 of '442 Patent – Back View (Annotated)

19.    In comparison, the Danskin Ladies Half-Zip Hoodie includes a front region with two complementary bands or strips, each consisting of <u>straight</u>, substantially

33

parallel lines having <u>no curvature</u>, while the back region similarly includes two bands or strips consisting of <u>straight</u>, substantially parallel lines having <u>no curvature</u>. In the front and back regions, the Danskin Ladies Half-Zip Hoodie includes a flat waistband with a uniform thickness that is intercepted in the back region on respective sides by the two bands or strips of straight substantially parallel lines. Further, the back region includes two additional straight lines or seams extending upwards towards respective shoulder regions and downward towards respective sides, intercepting the two bands or strips at the side of the Danskin Ladies Half-Zip Hoodie. Annotated views of the front and back regions of the Danskin Ladies Half-Zip Hoodie are shown below:





Annotated Front and Back Views of the Danskin Ladies Half-Zip Hoodie

DEFENDANT INTERVENOR JACQUES MORET INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

20.     Regarding the '219 Patent, annotated versions of Figs. 1 and 2 of the '219 Patent are reproduced below. Fig. 1 depicts a front view of the claimed design, and Fig. 2 depicts a back view of the claimed design. In the front view illustrated in Fig. 1, the garment includes two bands or strips bearing a significant curvature extending toward respective shoulder regions as well as toward the sides at respective rib cage regions above the waistband:



Fig. 1 of '219 Patent – Front View (Annotated)

In the back view illustrated in Fig. 2, the waistband has a steep curvature that extends upward at a central portion of the back region, which is intercepted on respective sides by two curved lines, while the upper back region includes similarly curved features to that of the front should region:



Fig. 2 of '219 Patent – Back View (Annotated)

21.     In comparison, a front region of the Danskin Half-Zip Pullover includes two complementary bands or strips, each consisting of straight, substantially parallel

1  lines having <u>no curvature</u>. Moreover, at a back region of the Danskin Half-Zip Pullover,

2  the waistband continues at a uniform thickness with that of the front region, i.e., with

3  no upward curvature to the waistband extending into the back region, which is then

4  intercepted on respective sides by two bands or strips consisting of <u>straight</u>,

5  substantially parallel lines having <u>no curvature</u>. Separately, the back shoulder blade

6  regions of the Danskin Half-Zip Pullover include only straight-line elements.

 

Annotated Front and Back Views of the Danskin Half-Zip Pullover

15  22.     When viewed under the applicable test for design patent infringement, an

16  ordinary observer, taking into account all of the claimed design elements in assessing

17  the similarities of the '442 and '219 Patents as compared to the Danskin Ladies Half-

18  Zip Hoodie and Danskin Half-Zip Pullover, respectively, would <u>not</u> perceive the

19  designs to be substantially the same. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d

20  665, 670 (Fed. Cir. 2008) (en banc); *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282

21  F.3d 1370, 1378 (Fed. Cir. 2002) ("[A]ll of the ornamental features illustrated in the

22  figures must be considered in evaluating design patent infringement."). Further, when

23  compared in view of the prior art, the ordinary observer would notice the significant

24  differences between the '442 and '219 Patents and the Moret Accused Products, and

25  thus would not perceive the designs to be substantially the same. *See Egyptian Goddess*,

26  543 F.3d at 678.

23.     At least on the above basis, the Moret Accused Products cannot be said to infringe the Asserted Patents.

## III.   The Asserted Trade Dress and Trademark

24.     Lululemon asserts a registered DEFINE trade dress (U.S. Registration Nos. 7,526,264 and 7,526,265), a common law DEFINE trade dress, a common law SCUBA trade dress, and a common law TIDEWATER TEAL trademark against the Moret Accused Products. Particularly, the registered and common law DEFINE trade dress are asserted against the Moret product sold under the name "Jockey Ladies Yoga Jacket", and the common law SCUBA trade dress and common law TIDEWATER TEAL trademark are asserted against the Moret products sold under the names "Danskin Ladies Half-Zip Hoodie" and "Danskin Half-Zip Pullover."

25.     Regarding the registered DEFINE trade dress, U.S. Registration No. 7,526,264 ("the '264 Registration") was registered on October 8, 2024 and lists lululemon athletica canada inc. as the owner. Attached hereto as Exhibit 3 is a true and correct copy of the '264 Registration. Further, U.S. Registration No. 7,526,265 ("the '265 Registration") was registered on October 8, 2024 and lists lululemon athletica canada inc. as the owner. Attached hereto as Exhibit 4 is a true and correct copy of the '265 Registration.

26.     Upon information and belief, lululemon athletica canada inc. remains the owner of the '264 and '265 Registrations.

27.     The '264 and '265 Registrations consist of the design depicted in solid lines in the respective figure for each.

### a.   Differences Between the Moret Accused Products and the Asserted Trade Dress

#### i.   The Registered DEFINE Trade Dress

28.     Regarding the '264 Registration, Lululemon asserts that the back of the Jockey Ladies Yoga Jacket infringes the DEFINE trade dress embodied in the '264

37

1  Registration. The trade dress as shown on the registration certificate of the '264
2  Registration is reproduced below. Further, as stated on the registration certificate, the
3  DEFINE trade dress embodied in the '264 Registration consists of "one line appearing
4  horizontally in a wave design that is applied to the back of a garment above two parallel
5  vertical lines, with a horizontal line appearing between two parallel vertical lines." As
6  seen below, the "two parallel vertical lines" each have a corresponding and oppositely
7  oriented slightly s-shaped curvature, and the "one line appearing horizontally in a wave
8  design" has substantial curvature:

9
10
11
12

13
14
15
16
17
18              Reproduction of Trade Dress shown in '264 Registration

19      29.    In comparison, the Jockey Ladies Yoga Jacket includes only one
20  horizontally oriented line or seam in the middle of the back of the jacket, and the
21  horizontal line or seam has only a small amount of curvature. Further, two substantially
22  straight diagonal lines or seams extend upwards towards respective shoulder regions
23  and downward towards respective sides just underneath the arms of the jacket.
24  Additionally, two parentheses shaped vertical lines or seams intercept and extend
25  through the horizonal line or seam in the middle of the back of the jacket. The two
26  parentheses shaped vertical lines then intercept the two diagonal lines or seams in a

27
28                                    38

lower portion thereof. An annotated view of the back of the Jockey Ladies Yoga Jacket is shown below:



**Jockey Ladies Yoga Jacket Back**

Annotated Back View of the Jockey Ladies Yoga Jacket

30.     Regarding the '265 Registration, Lululemon asserts that the front of the Jockey Ladies Yoga Jacket infringes the DEFINE trade dress embodied in the '265 Registration. The trade dress as shown on the registration certificate of the '265 Registration is reproduced below. Further, as stated on the registration certificate, the DEFINE trade dress embodied in the '265 Registration consists of "two lines appearing vertically in a wave design that is applied to the front of a garment and one line that appears horizontally across the upper portion of the vertical lines." As seen below, the "two lines appearing vertically in a wave design" substantially mirror one another with a coke-bottle and hourglass-shaped curvature, and the "one line that appears horizontally" has substantial curvature:

DEFENDANT INTERVENOR JACQUES MORET INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1
2
3
4
5
6
7
8



9      Reproduction of Trade Dress shown in '264 Registration

10        31.     In comparison, the Jockey Ladies Yoga Jacket has no horizontal line

11  component on the front of the jacket. Further, two diagonal lines or seams extend

12  upwards towards respective shoulder regions and downward towards respective sides

13  just underneath the arms of the jacket. Additionally, two parentheses shaped vertical

14  lines or seams intercept the two diagonal lines or seams in a lower portion thereof. An

15  annotated view of the front of the Jockey Ladies Yoga Jacket is shown below:

16



**Jockey Ladies Yoga Jacket Front**

17
18
19
20
21
22
23
24
25

26      Annotated Front View of the Jockey Ladies Yoga Jacket

27

28
                                          40

32.     In light of the above, the designs of the '264 and '265 Registrations are eminently distinct from the designs of the Jockey Ladies Yoga Jacket. As trade dress is judged on the overall commercial impression of the product, and given the clear dissimilarity of the designs, there can be no reasonable basis for asserting a likelihood of confusion. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979); *SATA GmbH & Co. KG v. Taizhou Tool-Bar Mach. Co.*, No. 2:24-cv-02069-CDS-DJA, 2025 U.S. Dist. LEXIS 111491 at *5 (D. Nev. June 12, 2025).

33.     At least on the above basis, the Moret Accused Products cannot be said to infringe the asserted registered DEFINE trade dress.

## ii.   The Common Law DEFINE Trade Dress

34.     Lululemon alleges that the common law DEFINE trade dress consists of "approximately mirror image curvilinear ornamental lines on the front of [a] jacket; one set of mirroring curvilinear ornamental lines on the front [that] extend from the chest to the waist; another set of mirroring curvilinear lines extending from the chest toward the neck region; a curved ornamental line that extends across the mid-back region of the jacket; and an approximately mirror image curvilinear ornamental line from below the ornamental line across the mid-back of the region towards the bottom seam of the jacket." Dkt. No. 1 at ¶24. Lululemon alleged that annotated images of a jacket showed the

41

1  alleged common law DEFINE trade dress. *Id*. For purposes of comparison alone, these
2  annotated images are reproduced below:





Reproduction of alleged common law DEFINE trade dress

35.     As can be seen above, the sets of curvilinear lines on both the back and
front of the jacket are substantially vertically oriented.

DEFENDANT INTERVENOR JACQUES MORET INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1  36.  In comparison, the Jockey Ladies Yoga Jacket includes one horizontally
2  oriented line or seam in the middle of the back of the jacket, and the horizontal line or
3  seam has only a small amount of curvature. Further, two substantially straight diagonal
4  lines or seams extend upwards towards respective shoulder regions and downward
5  towards respective sides just underneath the arms of the jacket. Additionally, two
6  parentheses shaped vertical lines or seams intercept and extend through the horizonal
7  line or seam in the middle of the back of the jacket. The two parentheses shaped vertical
8  lines then intercept the two diagonal lines or seams in a lower portion thereof. An
9  annotated view of the back of the Jockey Ladies Yoga Jacket is shown below:

### Jockey Ladies Yoga Jacket Back



Annotated Back View of the Jockey Ladies Yoga Jacket

37.  Further, the Jockey Ladies Yoga Jacket has two diagonal lines or seams
extend upwards towards respective shoulder regions and downward towards respective
sides just underneath the arms of the jacket. Additionally, two parentheses shaped
vertical lines or seams intercept the two diagonal lines or seams in a lower portion

DEFENDANT INTERVENOR JACQUES MORET INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

thereof. An annotated view of the front of the Jockey Ladies Yoga Jacket is shown below:



**Jockey Ladies Yoga Jacket Front**

Annotated Front View of the Jockey Ladies Yoga Jacket

38. In light of the above, the designs of the alleged common law DEFINE trade dress are eminently distinct from the designs of the Jockey Ladies Yoga Jacket. As trade dress is judged on the overall commercial impression of the product, and given the clear dissimilarity of the designs, there can be no reasonable basis for asserting a likelihood of confusion. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979); *SATA GmbH & Co. KG v. Taizhou Tool-Bar Mach. Co.*, No. 2:24-cv-02069-CDS-DJA, 2025 U.S. Dist. LEXIS 111491 at *5 (D. Nev. June 12, 2025).

39. At least on the above basis, the Moret Accused Products cannot be said to infringe the asserted common law DEFINE trade dress.

### iii. **The Common Law SCUBA Trade Dress**

40. Lululemon alleges that the common law SCUBA trade dress consists of "a kangaroo pocket on [a] front [of a hoodie or sweatshirt]; the top of the kangaroo pocket is narrower than the bottom of the kangaroo pocket; curved openings that extend from

each side of the kangaroo pocket to approximately the middle of the kangaroo pocket; a closed seam that extends linearly from approximately the middle of the kangaroo pocket to the bottom seam of the kangaroo pocket; [and] a set of ornamental lines that extend from each side of the neck line toward the underarm on the front of the sweatshirt, defining a region of visual texture between the ornamental lines that differs from a visual texture of the adjacent region." Dkt. No. 1 at ¶31. Lululemon alleged that annotated images of a jacket showed the alleged common law DEFINE trade dress. *Id*. For purposes of comparison alone, these annotated images are reproduced below:



Reproduction of alleged common law SCUBA trade dress

41.     As can be seen above, the sets of curvilinear lines on both the back and front of the jacket are substantially vertically oriented.

42.     In comparison, the Danskin Ladies Half-Zip Hoodie and Danskin Half-Zip Pullover include a front region with two complementary bands or strips, each consisting

DEFENDANT INTERVENOR JACQUES MORET INC.'S
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1  of <u>straight</u>, substantially parallel lines having <u>no curvature</u>. Further, the kangaroo pouch

2  of the Danskin products has larger openings that extend below a midpoint of the pouch.

3  Annotated views of the front and back regions of the Danskin Ladies Half-Zip Hoodie

4  are shown below:



Annotated Front View of the Danskin Ladies Half-Zip Hoodie



Annotated Front View of the Danskin Half-Zip Pullover

43.    In light of the above, the designs of the alleged common law SCUBA trade

dress are eminently distinct from the designs of the Jockey Ladies Yoga Jacket. As trade

dress is judged on the overall commercial impression of the product, and given the clear

46

1   dissimilarity of the designs, there can be no reasonable basis for asserting a likelihood

2   of confusion. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979);

3   *SATA GmbH & Co. KG v. Taizhou Tool-Bar Mach. Co.*, No. 2:24-cv-02069-CDS-DJA,

4   2025 U.S. Dist. LEXIS 111491 at \*5 (D. Nev. June 12, 2025).

5       44.    At least on the above basis, the Moret Accused Products cannot be said to

6   infringe the asserted common law SCUBA trade dress.

7                   **b.  The TIDEWATER TEAL Trademark**

8       45.    Lululemon alleges rights in a common law TIDEWATER TEAL mark.

9       46.    However, TIDEWATER TEAL is merely descriptive. As evidenced by the

10  Sherwin Williams and Behr Paint online portals, "tidewater" is, among other things, a

11  descriptive name for a light blue color. Printed versions of the respective web portals

12  for the "tidewater" color for Sherwin Williams and Behr are attached hereto as **Exhibits**

13  **5** and **6**, respectively. Similarly, "teal" is the well-known descriptive name for a color

14  of blue. Thus, upon information and belief, the alleged mark TIDEWATER TEAL is

15  merely descriptive and describes the color of a product.

16      47.    Under the doctrine of fair use, a party may fairly use the alleged mark of

17  another when the alleged mark is descriptive, and the party uses the alleged mark in

18  good faith to describe its goods and/or services. *See Cairns v. Franklin Mint Co.*, 292

19  F.3d 1139, 1151 (9th Cir. 2002).

20      48.    Any use of the phrase "tidewater teal" by Moret was made not to identify

21  the source of the products to which the phrase was applied but was instead a good faith

22  effort to describe the color of the products. *See Cairns*, 292 F.3d at 1151; *see also Solid*

23  *21, Inc. v. Breitling U.S.A.*, Inc., 96 F.4th 265 (2d Cir. 2024) (use of "red gold" to

24  describe a watch's metal color was non-infringing fair use of registered trademark

25  "RED GOLD" for jewelry).

26      49.    At least on the above basis, the Moret Accused Products cannot be said to

27  infringe the asserted common law TIDEWATER TEAL trademark.

28

47

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST COUNTERCLAIM

(Declaratory Judgment of Non-Infringement of Patents – U.S. Design Patent Nos.

D989,442 and D1,035,219)

50.    Defendant-Intervenor and Counterclaimant Moret realleges and incorporates by reference the allegations in paragraphs 1-49 of its Counterclaims, as if fully set forth herein.

51.    As a result of Lululemon's actions in bringing the instant lawsuit against Costco for Costco's sale of the Moret Accused Products, there exists a controversy of sufficient immediacy and reality between Lululemon and Moret to warrant the issuance of a declaratory judgment of noninfringement in Lululemon's alleged rights in the '442 and '219 Patents.

52.    The distinct designs of the Moret Accused Products relative to the respective claimed designs of the '442 and '219 Patents is readily apparent to the ordinary observer such that the Moret Accused Products and the claimed designs of the '442 and '219 Patents cannot be considered substantially the same.

53.    Further, when compared and viewed in light of the prior art, the differences between the Moret Accused Products and the respective claimed designs of the '442 and '219 Patents are significant to the ordinary observer such that the Moret Accused Products and the claimed designs of the '442 and '219 Patents cannot be considered substantially the same.

54.    A judicial declaration is necessary and appropriate so that Moret may ascertain its rights regarding the Moret Accused Products and the '442 and '219 Patents.

55.    Moret respectfully requests from this Court a declaratory judgment that the Moret Accused Products do not infringe and have not infringed, either directly or indirectly, the respective claims of the '442 and '219 Patents under 35 U.S.C. § 271.

48

1

## SECOND COUNTERCLAIM

2

(Declaratory Judgment of Non-Infringement of Trade Dress and Trademark Under the

3

Lanham Act).

4

56.    Defendant-Intervenor   and   Counterclaimant   Moret   realleges   and

5

incorporates by reference the allegations in paragraphs 1-54 of its Counterclaims, as if

6

fully set forth herein.

7

57.    As a result of Lululemon's actions in bringing the instant lawsuit against

8

Costco for Costco's sale of the Moret Accused Products, there exists a controversy of

9

sufficient immediacy and reality between Lululemon and Moret to warrant the issuance

10

of a declaratory judgment of noninfringement in Lululemon's alleged rights in the

11

Asserted Trade Dress and Trademark.

12

58.    Moret's sale of the Moret Accused Products is not likely to cause consumer

13

confusion as to the source of the Moret Accused Products.

14

59.    A judicial declaration is necessary and appropriate so that Moret may

15

ascertain its right to continue selling the Moret Accused Products in the United States.

16

60.    Moret respectfully requests from this Court a declaratory judgment that

17

Moret's sale of the Moret Accused Products is not likely to cause consumer confusion,

18

does not infringe, either directly or indirectly, any trade dress rights of Lululemon, and

19

does not constitute unfair competition and/or false designation of origin under 15 U.S.C.

20

§ 1114(1) or 15 U.S.C. § 1125(a).

21

## THIRD COUNTERCLAIM

22

(Declaratory Judgment of Non-Infringement of Trade Dress and Trademark Under

23

State Law).

24

61.    Defendant-Intervenor   and   Counterclaimant   Moret   realleges   and

25

incorporates by reference the allegations in paragraphs 1-59 of its Counterclaims, as if

26

fully set forth herein.

27

28

49

1    62.    As a result of Lululemon's actions in bringing the instant lawsuit against

2    Costco for Costco's sale of the Moret Accused Products, there exists a controversy of

3    sufficient immediacy and reality between Lululemon and Moret to warrant the issuance

4    of a declaratory judgment of noninfringement in Lululemon's alleged rights in the

5    Asserted Trade Dress and Trademark.

6    63.    Moret's sale of the Moret Accused Products is not likely to cause consumer

7    confusion as to the source of the Moret Accused Products.

8    64.    A judicial declaration is necessary and appropriate so that Moret may

9    ascertain its right to continue selling the Moret Accused Products in the United States.

10    65.    Moret respectfully requests from this Court a declaratory judgment that

11    Moret's sale of the Moret Accused Products is not likely to cause consumer confusion,

12    does not infringe, either directly or indirectly, any trade dress rights of Lululemon, and

13    does not constitute unfair competition under Cal. Bus. & Prof. Code § 17200 et. seq. or

14    California state common law.

## DEFENDANT'S PRAYER FOR RELIEF

16    WHEREFORE, Moret respectfully requests that the Court deny, in all respects,

17    Lululemon's claims and any other requests for relief; that Lululemon take nothing by

18    way of its claims and any other requests for relief; that Lululemon's Complaint, and

19    all claims therein, be dismissed with prejudice; that the Court enter judgment in favor

20    of Moret and against Lululemon on all claims asserted by Lululemon; and that Court

21    enter judgment:

22    A.    Finding that Lululemon should take nothing by way of its Complaint;

23    B.    Declaring that the Moret Accused Products do not infringe, and have

24    never infringed, any valid trade dress or trademark of the Asserted Trade

25    Dresses and Trademarks under any section of 15 U.S.C. 1051-1141n;

50

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C.   Finding that the Asserted Trade Dresses and Trademarks are
unenforceable by virtue of abandonment through non-use, genericide, lack of
enforcement, or any other form of abandonment;

D.   Finding that the Asserted Trade Dresses and Trademarks are
unenforceable by virtue of being functional and not a source identifier;

E.   Finding that the Asserted Trade Dresses and Trademarks are
unenforceable by virtue of being ornamental and not a source identifier;

F.   Declaring that the Moret Accused Products do not infringe, and have
never infringed, any valid claim of the Asserted Patents, whether literally,
directly, indirectly, jointly with any other person or entity, contributorily, by
inducement, under the doctrine of equivalents, or otherwise under any section
of 35 U.S.C. § 271;

G.   Finding that all asserted claims of the Asserted Patents are invalid;

H.   Finding the Lululemon is not entitled to injunctive relief;

I.   Finding that the Asserted Trade Dresses, Trademarks, and all asserted
claims of the Asserted Patents are unenforceable against Moret and no damages
for any alleged infringement of the Asserted Trade Dresses, Trademarks, and
Asserted Patents by Moret can be recovered by Lululemon because such
damages are barred by the principles of equity including: trade dress,
trademark, and patent prosecution laches; waiver; implied waiver; estoppel,
including prosecution history estoppel; misconduct; unclean hands; trade dress,
trademark, and patent misuse; unfair competition; and/or other equitable
defenses;

J.   Enjoining Lululemon, its counsel, its officers, and any and all persons in
active concert or participation with Lululemon, either directly or indirectly,
from charging infringement of, or instituting any action for infringement of, the
Asserted Patents against Moret, its vendors, its business partners, or its

51

1   customers for the manufacture, use, sale, offer for sale, or importation of

2   Moret's products, systems, and/or services that Lululemon has accused of

3   infringing the Asserted Patents;

4   K.    Awarding Moret its costs, expenses, and fees, including reasonable

5   attorney's fees, including but not limited pursuant to 35 U.S.C. § 285 and/or

6   other applicable statutes; and

7   L.    Awarding Moret such other and further relief as the Court deems just

8   equitable and proper.

9

10   ## DEMAND FOR JURY TRIAL

11   Moret hereby demands a jury trial on all issues so triable.

12

13

14

15                              Respectfully submitted,

16   Dated:  September 23, 2025         PRYOR CASHMAN LLP

17
                                       By:  */s/ Thomas Vidal*
18                                         Thomas Vidal (State Bar No. 204432)
19                                         Brad D. Rose (admitted *pro hac vice*)
                                           Matthew Barkan (admitted *pro hac vice*)
20                                         Jeffrey L. Snow (admitted *pro hac vice*)
21                                         Alexander White(admitted *pro hac vice*)
                                           Kate E. Garber (*pro hac vice* application to
22                                             be filed)
23
                                           Attorneys for Proposed Intervenor,
24                                         JACQUES MORET INC.
25

26

27

28                                       52