1  MORGAN, LEWIS & BOCKIUS LLP
   Ali S. Razai, Bar No. 246,922
2  ali.razai@morganlewis.com
   Brandon G. Smith, Bar No. 307,676
3  brandon.smith@morganlewis.com
   600 Anton Boulevard, Suite 1800
4  Costa Mesa, CA  92626-7653
   Tel:   714.830.0600
5  Fax:   714.830.0700

6  Brian P. O'Donnell (*pro hac vice*)
   brian.odonnell@morganlewis.com
7  110 N. Wacker Drive, Suite 2800
   Chicago, IL 60606-1511
8  Tel:   312.324.1000
   Fax:   312.324.1001
9
   John Hendershott (*pro hac vice*)
10 jack.hendershott@morganlewis.com
   101 Park Avenue
11 New York, NY 10178-0060
   Tel:   212.309.6000
12 Fax:   212.309.6001

13 Attorneys for Plaintiffs
   LULULEMON ATHLETICA CANADA
14 INC. and LULULEMON USA INC.

DTO LAW
William A. Delgado (SBN 222666)
wdelgado@dtolaw.com
Ellen Y. Yang (SBN 223143)
eyang@dtolaw.com
Nicole G. Malick (SBN 335754)
nmalick@dtolaw.com
915 Wilshire Boulevard, Suite 1950
Los Angeles, CA 90017
Tel:  213.335.6999
Fax: 213.335.7802

Sudip Kundu (*pro hac vice*)
skundu@dtolaw.com
307 5th Avenue, 12th Floor
New York, NY
Tel: 646.955.5400
Fax: 213.335.7802

Attorneys for Defendant
COSTCO WHOLESALE
CORPORATION

PRYOR CASHMAN LLP
Thomas Vidal
tvidal@pryorcashman.com
1901 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel:  310.683.6900

Brad D. Rose (*pro hac vice*)
brose@pryorcashman.com
Matthew Barkan (*pro hac vice*)
mbarkan@pryorcashman.com
Jeffrey L. Snow (*pro hac vice*)
jsnow@pryorcashman.com
Alexander White (*pro hac vice*)
awhite@pryorcashman.com
Kate E. Garber (*pro hac vice*
application to be filed)
kgarber@pryorcashman.com
7 Times Square
New York, NY 10036
Tel: 212.421.4100

Attorneys for Defendant-Intervenor
JACQUES MORET, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

JOINT RULE 26(f) REPORT
2:25-CV-05864

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LULULEMON ATHLETICA CANADA INC. AND LULULEMON USA, INC., | Case No. 2:25-CV-05864-FLA(AJRx) |
| Plaintiffs, | **JOINT RULE 26(f) REPORT** |
| vs. | |
| COSTCO WHOLESALE CORPORATION | Scheduling Conference: October 17, 2025 at 1:00 p.m. |
| Defendant, | |
| JACQUES MORET, INC. | |
| Defendant-Intervenor. | |

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and the Court's August 29, 2025, Order Setting Scheduling Conference (Dkt. 34), Plaintiffs lululemon athletica canada inc. and lululemon usa, inc. (collectively, "lululemon"), Defendant Costco Wholesale Corporation ("Costco") and Defendant-Intervenor Jacques Moret, Inc. ("Moret") (collectively, "Defendants") have conferred as required by Rule 26(f), and jointly submit the following report. lululemon, Costco and Moret are collectively referred to as the "Parties."

a.    **Statement of the Case**:

<u>Plaintiffs' Statement</u>: This action involves claims by lululemon against Costco and Moret for design patent infringement, trademark infringement, trade dress infringement, false designation of origin, passing off and federal unfair competition, California statutory unfair competition, and California common law unfair competition arising out of Costco and Moret's design, manufacture and/or sale of certain apparel that lululemon contends infringes of lululemon's well-known trade dress and design patents embodied in lululemon's popular SCUBA® hoodies and sweatshirts, DEFINE® jackets, and ABC pants. The action further involves allegations of trademark infringement of lululemon's registered SCUBA® mark and unregistered TIDEWATER TEAL mark.

On June 27, 2025, lululemon filed the Complaint asserting the following causes of action:

(1)    Infringement of the Registered DEFINE Trade Dress and corresponding U.S. Reg. Nos. 7,526,264 and 7,526,265 covering same under 15 U.S.C. § 1114;

(2)    Infringement of the SCUBA Mark and corresponding U.S. Reg. No. 4,333,759 covering same under 15 U.S.C. § 1114;

(3)    Infringement of the DEFINE Trade Dress under 15 U.S.C. § 1125(a);

(4)    Infringement of the lululemon DEFINE Trade Dress under 15 U.S.C. § 1125(a);

(5)    Infringement of the SCUBA Trade Dress under 15 U.S.C. § 1125(a);

(6)     Infringement of the ABC Trade Dress under 15 U.S.C. § 1125(a);

(7)     Infringement of the TIDEWATER TEAL™ Mark under 15 U.S.C. § 1125(a);

(8)     False designation, passing off and federal unfair competition arising out of Costco and Moret's unauthorized use of the DEFINE Trade Dress, the SCUBA Trade Dress, the ABC Trade Dress, the SCUBA Mark, and the TIDEWATER TEAL™ Mark;

(9)     California common law trade dress and trademark infringement arising out of Costco and Moret's unauthorized use of the lululemon DEFINE Trade Dress, the SCUBA Trade Dress, the ABC Trade Dress;

(10)    California statutory unfair competition arising out of the Costco and Moret's misappropriation and unauthorized use of the DEFINE Trade Dress, the SCUBA Trade Dress, the ABC Trade Dress, the SCUBA Mark, and the TIDEWATER TEAL™ Mark;

(11)    California common law unfair competition arising out of Costco and Moret's misappropriation and unauthorized use of the lululemon DEFINE Trade Dress, the SCUBA Trade Dress, the ABC Trade Dress;

(12)    Infringement of U.S. Design Patent Nos. D989,442 and D1,035,219 (the "'442 Patent" and "'219 Patent", respectively).

On August 21, 2025, Costco filed its Answer denying lululemon's allegations and asserting nine affirmative defenses.

On August 26, 2025, Moret filed a Motion to Intervene ("Motion"), which the Court granted on September 2, 2025. On September 23, 2025, Moret filed its Answer, Affirmative Defenses and Counterclaims denying lululemon's allegations and asserting sixteen affirmative defenses. Moret also counterclaimed seeking a declaration of non-infringement of the '442 and '219 Patents, and of lululemon's asserted trade dress and trademark under the Lanham Act and state law.

lululemon's response to Moret's counterclaims are due to be filed by October

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

4

JOINT RULE 26(f) REPORT
2:25-CV-05864

7, 2025.

Costco's Statement: Costco is a membership-based warehouse club, operating brick-and-mortar warehouses and e-commerce sites in the U.S. and worldwide. Costco sells a limited selection of both branded and private-label products to its members, across a wide range of categories including apparel.

Plaintiffs allege Costco infringes certain alleged registered and unregistered trade dresses, registered and unregistered trademarks, and design patents and engaged in unfair competition by selling and/or offering for sale six garments (the "Accused Products"). In addition to claims for intellectual property infringement, Plaintiffs also assert state and federal unfair competition claims in connection with the alleged infringement.

Costco denies that it infringes any of Plaintiffs' intellectual property or engaged in unfair competition. For example, as to the asserted alleged trademarks and trade dresses, there is no likelihood of confusion concerning the source of the Accused Products. As to the asserted design patents, from the perspective of an ordinary observer, the products accused of infringing these patents do not contain designs that are substantially similar to the accused designs.

In addition, Costco disputes the validity of the various trade dress, trademarks, and design patents asserted. Specifically, Costco disputes that the asserted registered and common law trade dresses (the unregistered and registered DEFINE trade dress, the unregistered SCUBA trade dress, and the unregistered ABC trade dress) are valid and/or enforceable, because they are not inherently distinctive and have not acquired secondary meaning. Costco similarly disputes that the asserted common law TIDEWATER TEAL mark has acquired secondary meaning and acts as a source identifier. Costco further asserts that the purported SCUBA trademark is generic, was generic when registered, and is therefore invalid and unenforceable. Finally, Costco intends to show that the asserted patents are invalid for failure to satisfy the statutory requirements of novelty and/or non-obviousness. Costco has asserted numerous

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

5

JOINT RULE 26(f) REPORT
2:25-CV-05864

additional affirmative defenses and disputes that any relief, whether monetary or injunctive, is warranted.

Moret's Statement: Moret is a leading designer, importer and supplier of apparel and accessories under a number of brands, including the Danskin and Jockey brands. Moret sells its products to retailers, such as Costco, who then sell Moret's products to consumers.

On June 27, 2025, lululemon filed the Complaint asserting ten (10) causes of action directed to Moret products, with the ten causes of action in relevant part asserting:

- Alleged infringement of the purported registered DEFINE Trade Dress (U.S. Reg. Nos. 7,526,264 and 7,526,265) under 15 U.S.C. § 1114;

- Alleged infringement under 15 U.S.C. § 1125(a) of each of the purported common law DEFINE Trade Dress, purported common law SCUBA Trade Dress, and purported common law TIDEWATER TEAL Mark;

- Alleged false designation, passing off and federal unfair competition arising out of Moret's alleged use of the purported common law DEFINE Trade Dress, the purported common law SCUBA Trade Dress, and the purported common law TIDEWATER TEAL Mark;

- Alleged California common law trade dress and trademark infringement arising out of Moret's alleged use of the purported common law DEFINE Trade Dress and the purported common law SCUBA Trade Dress;

- Alleged California statutory unfair competition arising out of Moret's alleged use of the DEFINE Trade Dress, the SCUBA Trade Dress, and the TIDEWATER TEAL Mark;

- Alleged California common law unfair competition arising out of Moret's alleged use of the purported common law DEFINE Trade Dress and the purported common law SCUBA Trade Dress; and

- Alleged infringement of U.S. Design Patent Nos. D989,442 and D1,035,219

(the "'442 Patent" and "'219 Patent", respectively).

On August 26, 2025, Moret filed a Motion to Intervene ("Motion"), which the Court granted on September 2, 2025. On September 23, 2025, Moret filed its Answer, Affirmative Defenses and Counterclaims, wherein Moret denies lululemon's allegations, denies that lululemon is entitled to any relief, and wherein Moret asserts counterclaims that seek:

- a Declaratory Judgment of Non-Infringement of the '442 Patent and '219 Patent with respect to Moret's accused products;

- a Declaratory Judgment of Non-Infringement of the trade dress and trademark asserted by lululemon under the Lanham Act with respect to Moret's accused products; and

- a Declaratory Judgment of Non-Infringement of the trade dress and trademark asserted by lululemon under California state law with respect to Moret's accused products.

Particularly, Moret disputes the validity of the trade dress, trademark, and design patents asserted by lululemon. Moret intends to show that the various trade dress and trademark asserted by lululemon are not inherently distinctive and have not acquired secondary meaning, and are thus invalid and/or unenforceable. With respect to the design patents asserted by lululemon, Moret will show that the asserted design patents fail to meet the statutory written description, novelty, and non-obviousness requirements, and are thus invalid and unenforceable.

Moreover, Moret denies infringing any of lululemon's intellectual property and denies lululemon's allegations of unfair competition. lululemon will be unable to demonstrate that there is any likelihood of confusion as to the source of any of Moret's accused products. Further, Moret's accused products are plainly dissimilar from the design patents asserted by lululemon, and lululemon will be unable to show otherwise.

Moret asserts that lululemon is not entitled to relief on any its claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

7

JOINT RULE 26(f) REPORT
2:25-CV-05864

b.    **Subject Matter Jurisdiction**:

lululemon alleged this Court has subject matter jurisdiction over the federal claims asserted in this action under one or more of 28 U.S.C. § 1331 and 1338(a) and supplemental jurisdiction over lululemon's state law claims under 28 U.S.C. § 1367(a). Moret alleged this Court has subject matter jurisdiction over the federal counterclaims asserted in this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338, 2201 and 2202 and supplemental jurisdiction over Moret's state law counterclaims under 28 U.S.C. § 1367(a). The Parties do not contest this Court's subject matter jurisdiction.

c.    **Legal Issues**:

Plaintiffs' Statement: At this time, lululemon identifies the following legal issues to be decided in this action:

(1)    Whether Costco and Moret are liable for infringing the trade dress asserted by lululemon;

(2)    Whether Costco and Moret are liable for infringing the trademarks asserted by lululemon;

(3)    Whether Costco and Moret are liable for infringing the design patents asserted by lululemon;

(4)    Whether Costco and Moret unfairly competed with lululemon in violation of Federal and California law;

(5)    If Costco and/or Moret are found liable for any of lululemon's claims, the extent of monetary relief, including damages, lost profits and/or disgorgement, to which lululemon is entitled;

(6)    If Costco and/or Moret are found liable for any of lululemon's claims, whether lululemon is entitled to enhanced and/or punitive damages;

(7)    If Costco and/or Moret are found liable for any of lululemon's claims, whether lululemon is entitled to their costs and/or attorneys' fees;

(8)    If Costco and/or Moret are found liable for any of lululemon's claims,

1    whether lululemon is entitled to injunctive relief;

2        (9)    If lululemon's claims are barred, in whole or in part, by the affirmative

3    defenses raised by Costco and Moret; and

4        (10)    If Moret's counterclaims are barred, in whole or in part, by the

5    affirmative defenses raised by lululemon.

6        <u>Costco's Statement</u>: The key legal issues in this case will include:

7        (1)    whether Plaintiffs' asserted trade dresses, trademarks, and/or design

8    patents are valid and enforceable;

9        (2)    whether Plaintiffs' asserted unregistered trade dresses and trademarks

10   are protectible, including whether they have acquired a secondary meaning or are

11   inherently distinctive;

12       (3)    whether Costco infringes any of Plaintiffs' asserted trade dress,

13   trademarks, and/or design patents, and, if so, whether any such infringement was

14   willful;

15       (4)    whether Costco engaged in unfair competition in violation of Federal

16   and/or California law;

17       (5)    whether Plaintiffs claims are barred by the doctrine of fair use, any

18   applicable statutes of limitations, and/or any equitable principles;

19       (6)    to what relief, if any, Plaintiffs are entitled, including whether Plaintiffs

20   are entitled to any damages or injunctive relief; and

21       (7)    whether this is an exceptional case.

22       <u>Moret's Statement</u>: Moret identifies the legal issues to be decided in this action

23   to include, but not be limited to:

24       (1)    Whether the registered trade dress asserted by lululemon is valid and

25   enforceable;

26       (2)    Whether the design patents asserted by lululemon are valid and

27   enforceable, including whether the design patents satisfy the statutory written

28   description, novelty, and non-obviousness requirements for patents;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

9

JOINT RULE 26(f) REPORT
2:25-CV-05864

(3)    Whether the common law trade dress and trademark asserted by lululemon are protectible as having acquired second meaning and/or as inherently distinctive;

(4)    Whether Moret is entitled to declarations of non-infringement of any of the trade dress, trademark, and/or design patents asserted by lululemon;

(5)    Whether Moret is liable for infringement of any one or more of the trade dress, trademark, and/or design patents asserted by lululemon;

(6)    If Moret is liable for any infringement, whether any such infringement was willful;

(7)    Whether Moret is liable for violating Federal and California unfair competition law;

(8)    Whether lululemon's claims are barred, in whole or in part, by the affirmative defenses raised by Moret; and

(9)    Whether relief should be granted to lululemon on any of its claims;

(10)    If Moret is not found liable for any of lululemon's claims, whether Moret is entitled to its costs and/or attorneys' fees; and

(11)    Whether this case is exceptional.

    d.    **Parties and Evidence**:

Plaintiffs' Statement: The Parties in this litigation are Plaintiffs lululemon usa inc., and lululemon athletica canada inc., who share the same ultimate parent company lululemon athletica inc.; Defendant Costco Corporation; and Defendant-Intervenor Jacques Moret, Inc.

    At this time, the parties anticipated percipient witnesses will include: (1) corporate representatives of lululemon; (2) corporate representatives of Costco; and (3) corporate representatives of Moret.

    While not yet identified or fully known, lululemon anticipates that the key documents in this case will include documents relating to: the nature and history of lululemon's business and lululemon's products at issue; the nature and history of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

10

JOINT RULE 26(f) REPORT
2:25-CV-05864

Costco's business, business model, and private label strategy; lululemon's adoption and first use of the asserted trademarks and trade dress; U.S. Trademark Reg. Nos. 4,333,759, 7,526,264 and 7,526,265, and related prosecution file histories; the policing, and enforcement of the asserted  trademarks and trade dress; lululemon's use and marketing of the asserted trademarks and trade dress, and the success and recognition of same; the acquired distinctiveness of the asserted trade dress and asserted TIDEWATER TEAL mark; the channels of trade for lululemon's products at issue; lululemon's marketing, advertising, and promotion of lululemon's products at issue; actual and target customers for lululemon's products at issue; any actual or likely confusion between Costco and/or Moret's accused products, and lululemon's products at issue; lululemon's trademark usage guidelines; the '442 and '219 patents, and related prosecution file histories; publications, patents and other prior art relating to the '442 and '219 patents; lululemon's pricing, sales, revenues, profits, discounts, and costs associated with lululemon's products at issue; and lululemon's claim for damages.

> Costco's Statement: Defendant is Costco Wholesale Corporation. Costco has the following subsidiaries: Costco Wholesale Membership, Inc.; Costco Wholesale Canada Ltd.; NW Re Limited; Costco Insurance Agency, Inc.; Price Costco International, Inc.; Costco Wholesale Korea, Ltd.; Costco Wholesale Japan, Ltd.; Costco de Mexico, S.A. de C.V.; Costco Wholesale UK Limited; Costco Wholesale Taiwan, Inc.; Costco Wholesale Australia, Pty. Ltd.

> While not yet identified or fully known, Costco provides the following preliminary list of percipient witnesses:

> (1) individuals with knowledge of the Accused Products;

> (2) individuals with knowledge as to the design, development, marketing and/or enforcement of the asserted intellectual property;

> (3) individuals with knowledge of Plaintiffs' awareness of the Accused Products;

(4)    individuals with knowledge of any damages or other relief Plaintiff seeks as the result of any alleged conduct by Costco; and

(5)    third parties, including individuals with knowledge relating to the asserted intellectual property and/or expert witnesses who can testify on issues relating to infringement, validity, and/or damages as to the asserted intellectual property.

At this preliminary stage, Costco understands the key documents or other evidence concerning the main issues to include:

(1)    design and development documents for the asserted intellectual property and the lululemon products bearing or embodying the same;

(2)    documents relating to the prosecution of the trade dress, trademark, or design patent applications concerning the asserted intellectual property;

(3)    documents related to intellectual property ownership;

(4)    prior art pertinent to the asserted patents;

(5)    marketing, survey, focus group, and other data relating to the market for the Accused Products and for Plaintiffs' products bearing or embodying the asserted intellectual property;

(6)    documents reflecting Plaintiffs' sales, costs, and profits for Plaintiffs' products bearing or embodying the asserted intellectual property; and

(7)    documents relating to the design, development, manufacture, marketing, and sale of the Accused Products.

<u>Moret's Statement</u>: Defendant-Intervenor is Jacques Moret, Inc., whose parent is the privately-held company The Moret Group. Moret does not presently anticipate seeking to add additional parties, but reserves the right to do so as its investigation and discovery continue.

At this time, Moret's anticipated percipient witnesses will include: (1) individuals with knowledge of Moret's accused products; (2) individuals with knowledge of lululemon's products allegedly embodying the intellectual property

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

12

JOINT RULE 26(f) REPORT
2:25-CV-05864

asserted by lululemon; (3) individuals with knowledge of the design, development, manufacture, marketing, and/or enforcement of the intellectual property asserted by lululemon, including, but not limited to, corporate representatives of lululemon; (4) individuals with knowledge of the design, development, manufacture, marketing and/or sale of Moret's accused products, including, but not limited to, corporate representatives of Moret and/or Costco; (5) third parties, including, but not limited to, expert witnesses who can testify on issues relating to intellectual property.

While not yet identified or fully known, Moret anticipates that the key documents in this case will include documents relating to: the nature and history of lululemon's business and lululemon's products at issue, including, but not limited to, the manufacture, structure, use, design, and development of such products; the nature and history of Costco's business, business model, and private label strategy; the nature and history of Moret's business and Moret's accused products, including, but not limited to, the manufacture, structure, use, design, and development of such products; lululemon's purported adoption and first use of the asserted trademarks and trade dress; U.S. Trademark Reg. Nos. 7,526,264 and 7,526,265, and other related trademarks and trademark registration applications and assignments, and the related prosecution file histories; lululemon's policing, and enforcement of the asserted trademarks and trade dress against third parties; lululemon's use and marketing of the asserted trademarks and trade dress, and the purported success and recognition of same; the purported acquired distinctiveness of the asserted trade dress and asserted TIDEWATER TEAL mark; the channels of trade for lululemon's products at issue; the channels of trade for Moret's accused products; lululemon's marketing, advertising, and promotion of lululemon's products at issue; Moret's marketing, advertising, and promotion of Moret's accused products; actual and target customers for lululemon's products at issue; actual and target customers for Moret's accused products; any purported actual or likely confusion between Moret's accused products and lululemon's products at issue; lululemon's trademark usage guidelines; the '442

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

13

JOINT RULE 26(f) REPORT
2:25-CV-05864

and '219 patents, and related patents and patent applications and assignments, and related prosecution file histories; publications, patents and other prior art relating to the '442 and '219 patents; the invention, conception, and reduction to practice of the designs claimed in the '442 and '219 patents; lululemon's policing and enforcement of the '442 and '219 patents against third parties; licensing, sub-licensing, and/or offers to license the asserted trademarks, trade dress, and patents; lululemon's pricing, sales, revenues, profits, discounts, and costs associated with lululemon's products at issue; and Moret's pricing, sales, revenues, profits, discounts, and costs associated with Moret's accused products.

   e. **Damages**:

   lululemon's Statement: lululemon is currently without sufficient information to provide a computation of damages claimed but will submit a calculation of damages when appropriate. lululemon's computation of damages will be based, at least in part, on discovery obtained from Costco and Moret. lululemon seeks an order permanently enjoining Costco and Moret from directly or indirectly infringing the asserted design patents, trademarks and trade dress and engaging in acts of unfair competition as set forth in the Complaint. lululemon also seeks an award of damages adequate to compensate lululemon for Costco and Moret's acts of design patent infringement, trademark infringement, trade dress infringement and unfair competition under applicable federal and state law, including as permitted under 15 U.S.C. § 1117(a) and 35 U.S.C. §§ 284 and 289, together with pre-judgment interest and post-judgment interest. Finally, lululemon is further entitled to enhanced damages due to Costco and Moret's willful conduct and punitive damages for their violations of California law, and the costs of suit, including reasonable attorneys' fees.

   Costco's Statement: Costco denies that Plaintiffs are entitled to any damages because the Accused Products do not infringe any valid or enforceable intellectual property, including because there is no likelihood of confusion as to the source of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

14

JOINT RULE 26(f) REPORT
2:25-CV-05864

Accused Products; because the Accused Products are not substantially similar to Plaintiffs' asserted design patents; and because Costco has not engaged in any unfair competition.

Moret's Statement: Moret denies that the intellectual property asserted by lululemon is valid or enforceable, that Moret's accused products infringe any of the intellectual property asserted by lululemon, or that Moret has engaged in unfair competition. Moret asserts there is no likelihood of confusion as to the source of Moret's accused products, and Moret's accused products are plainly dissimilar to the design patents asserted by lululemon. Moret denies that lululemon is entitled to relief on any of its claims.

f.    **Insurance**:

lululemon's Statement: At present, lululemon is unaware of any insurance agreement under which an insurance business or other entity may be liable to satisfy all or part of a possible judgment in this action, or to indemnify or reimburse for payments made to satisfy any such judgment.

Costco's Statement: Costco does not have any insurance coverage related to this matter.

Moret's Statement: Moret is not presently aware of any relevant insurance agreement under which an insurance business or other entity may be liable to satisfy all or part of a possible judgment in this action, or to indemnify or reimburse for payments made to satisfy any such judgment.

g.    **Motions**:

Plaintiffs' Statement: lululemon anticipates filing a motion to strike certain of Moret's affirmative defenses. Plaintiffs do not presently anticipate filing any amended pleadings or motions to add parties or claims, transfer venue or challenge the Court's jurisdiction. Plaintiffs also anticipate they may also file pretrial motions relating to expert testimony and motions *in limine*.

Costco's Statement: Costco does not presently anticipate filing any specific

non-dispositive motions unrelated to discovery disputes. Costco also anticipates filing pretrial motions relating to expert testimony and motions *in limine*.

Moret's Statement: Moret does not presently anticipate filing any motions to add parties, transfer venue or challenge the Court's jurisdiction. Moret reserves the right to seek to amend its pleadings should new information revealed during the course of its continuing investigation or discovery warrant such amendments. Moret also anticipates filing discovery motions as necessary, pretrial motions relating to expert testimony, and motions *in limine*.

h. **Dispositive Motions**:

Plaintiffs' Statement: No dispositive motions are currently pending before the court. However, Plaintiffs anticipate filing dispositive motions. Likely subjects for dispositive motions include summary judgment and/or summary adjudication motions relating to lululemon's claims and Moret's counterclaims. The Parties' currently proposed cut-off date for dispositive motions is outlined in the completed Schedule Worksheet attached hereto as Exhibit A.

Costco's Statement: Though dependent on discovery, based on its current understanding, Costco anticipates filing a motion for summary judgment or partial summary judgement. The Parties' currently proposed cut-off date for dispositive motions is outlined in the completed Schedule Worksheet attached hereto as Exhibit A.

Moret's Statement: No dispositive motions are currently pending before the court. However, Moret anticipates filing dispositive motions. In particular, in addition to summary judgment and/or summary adjudication motions relating to lululemon's claims, Moret anticipates filing a motion for judgment on the pleadings with respect to non-infringement. The Parties' currently proposed cut-off date for dispositive motions is outlined below and in the completed Schedule Worksheet attached hereto as Exhibit A.

i.     **Manual for Complex Litigation**:

The Parties do not consider this to be a case requiring application of the Manual for Complex Litigation.

j.     **Design Patent Claim Construction**

Moret's Statement: Moret respectfully submits that it is incumbent on the Court to conduct claim construction proceedings with respect to the two design patents asserted by lululemon. In this case, early claim construction proceedings would likely result in (1) significantly limiting the scope of the litigation relating to the design patent infringement claims and (2) potentially disposing of the design patent claims in their entirety due to invalidity of the claimed designs for indefiniteness.

"[T]rial courts have a duty to conduct claim construction in design patent cases, as in utility patent cases." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008); *cf. Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) ("the interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law exclusively for the court"), *aff'd*, 517 U.S. 370 (1996).

Claim construction is particularly important for design patent cases because "[d]esign patents have almost no scope." *In re Mann*, 861 F.2d 1581, 1581 (Fed. Cir. 1988). The Court should follow Egyptian Goddess and subsequent Federal Circuit cases to narrowly construe the claimed designs. In Egyptian Goddess, the Federal Circuit held that district courts must (i) "recognize[] that design patents typically are claimed as shown in the drawings"; (ii) "distinguish[] between those features of the claimed design that are ornamental and those that are purely functional"; (iii) "point out . . . various features of the claimed design as they relate to . . . the prior art." 543 F.3d at 679-80 (internal quotations and citations omitted); *Lanard Toys, Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1342 (Fed. Cir. 2020) (confirming application of Egyptian Goddess standard).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

17

JOINT RULE 26(f) REPORT
2:25-CV-05864

Significantly, indefiniteness is a matter properly taken up at claim construction. *Ave. Innovations, Inc. v. E. Mishan & Sons, Inc.*, 310 F. Supp. 3d 457, 462 (S.D.N.Y. 2018) ("Indefiniteness is a matter of claim construction, and the same principles that govern claim construction are applicable to determining whether allegedly indefinite claim language is subject to construction.") (citation and quotation omitted); *aff'd*, 829 F. App'x 529 (Fed. Cir. 2020). "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). The Federal Circuit has held that a "design patent is indefinite under [35 U.S.C.] § 112 if one skilled in the art, viewing the design as would an ordinary observer, would not understand the scope of the design with reasonable certainty based on the claim and visual disclosure." *In re Maatita*, 900 F.3d 1369, 1377 (Fed. Cir. 2018); *id.* at 1376 (purpose of indefiniteness requirement "is to ensure that the disclosure is clear enough to give potential competitors (who are skilled in the art) notice of what design is claimed—and therefore what would infringe."). In this case, Lululemon's design patent claims do not give such notice to an ordinary observer, including for the reason that the design patent drawings are irreconcilably inconsistent and unclear.

Further, Moret requests that the Court set the following schedule, as indicated on the accompanying schedule worksheet: (i) November 14, 2025: deadline to exchange claim construction positions; (ii) December 15, 2025: deadline to file claim construction briefs; (iii) January 19, 2026 (or a date convenient for the Court): claim construction hearing.

Costco's Statement: Costco agrees that an early claim construction hearing is appropriate and agrees with Moret's proposed schedule.

Plaintiffs' Statement: lululemon respectfully submits that a separate claim construction proceeding on the design patents at issue is unnecessary and would

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

18

JOINT RULE 26(f) REPORT
2:25-CV-05864

needlessly delay the case and multiply the costs of litigation. While the Federal Circuit "has held that trial courts have a duty to conduct claim construction in design patent cases, as in utility patent cases, the court has not prescribed any particular form that the claim construction must take." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (internal citation omitted). "To the contrary, the court has recognized that design patents 'typically are claimed as shown in drawings,' and that claim construction 'is adapted accordingly.'" *Id. quoting Arminak & Assocs., Inc. v. Saint–Gobain Calmar, Inc.,* 501 F.3d 1314, 1319 (Fed. Cir. 2007)*.*

Unlike utility patents, design patents encompass ornamental designs that are claimed as shown in the drawings and illustrations serve as their own best description, making verbal examination of visual elements less productive. As the Supreme Court held long ago and the Federal Circuit has recognized, "[w]ords cannot easily describe ornamental designs." *Sport Dimension, Inc. v. Coleman Co*., 820 F.3d 1316, 1320 (Fed. Cir. 2016) citing *Dobson v. Dornan*, 118 U.S. 10, 14 (1886).

As a result, the Federal Circuit has repeatedly cautioned that a "design patent's claim is thus often better represented by illustrations than a written claim construction." *Sports Dimension*, 820 F.3d at 1320; *see also Crocs, Inc. v. Int'l Trade Com'n*, 598 F.3d 1294, 1302 (Fed. Cir. 2010) ("This court has cautioned, and continues to caution, trial courts about excessive reliance on a detailed verbal description in a design infringement case."). Detailed verbal claim construction increases "the risk of placing undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 680 (Fed. Cir. 2008); *see also Daimler AG v. A-Z Wheels LLC*, 334 F. Supp. 3d 1087, 1102 (S.D. Cal. 2018) (Resolving design patent claim construction through summary judgment proceedings rather than formal *Markman* hearing and adopting simple claim construction finding that the claimed design was the "ornamental design for a front face of a vehicle wheel, as shown and described in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

19

JOINT RULE 26(f) REPORT
2:25-CV-05864

1    FIGs. 1-4 of the 'D211 Patent" and that any further "verbal elaboration" in the claim

2    is not "necessary or helpful.").

3        A separate claim construction hearing is also unnecessary to determine the

4    issue of the alleged indefiniteness of the Asserted Patents based on Moret's

5    unsupported assertion that "the design patent drawings are irreconcilably inconsistent

6    and unclear." "A visual disclosure may be inadequate—and its associated claim

7    indefinite—if it includes multiple, internally inconsistent drawings." *In re Maatita*,

8    900 F.3d 1369, 1375 (Fed. Cir. 2018); *see also Ting v. Covina Accessories, LLC*,

9    Case No. LA CV19-06431 JAK (GJSx), 2022 WL 20809320, at *4 (C.D. Cal. Apr.

10   25, 2022) (Denying summary judgment on invalidity of design patents for

11   indefiniteness because "Defendants have not shown, as a matter of law, that the

12   drawings are so inconsistent, internally or otherwise, that a person with ordinary skill

13   in the art could not understand the claimed design as a whole.") "Errors and

14   inconsistencies between drawings do not merit a § 112 rejection, however, if they do

15   not preclude the overall understanding of the drawing as a whole." *Ting*, 2022 WL

16   20809320, at *4, *quoting Maatita*, 900 F.3d at 1375-76 (internal quotation marks

17   omitted); *see also Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, 525 F. Supp.

18   3d 1145, (S.D. Cal. 2021) (Denying summary judgment on invalidity of design patent

19   for indefiniteness because the court saw no inconsistencies in the asserted design

20   patent drawings). lululemon's design patent drawings are clear, consistent and thus

21   give proper notice to an ordinary observer who will understand them as a whole.

22       To the extent the Court agrees with Moret that a separate claim construction is

23   necessary, lululemon requests that the Court set the following schedule that allows

24   the Parties sufficient time to engage in, and complete, meaningful discovery in this

25   case (which Moret's proposed schedule does not): (i) January 30, 2026: deadline to

26   exchange claim construction positions; (ii) February 27, 2026: deadline to file claim

27   construction briefs; (iii) March 27, 2026 (or a date convenient for the Court): claim

28   construction hearing.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

20

JOINT RULE 26(f) REPORT
2:25-CV-05864

k.      **Status of Discovery**:

Plaintiffs' Statement: lululemon served initial discovery requests immediately following the Rule 26(f) conference.

Costco's Statement: Costco anticipates serving its initial discovery requests in the coming days.

Moret's Statement: Moret anticipates serving its initial discovery requests in the coming days.

l.      **Discovery Plan**:

The Parties have proposed a schedule of trial and pretrial dates in the completed Schedule Worksheet is attached hereto as Exhibit A.

Rule 26(f)(3)(A) – The Parties do not believe any changes to the Rule 26(a) disclosures are required. The Parties have not yet served Rule 26(a)(1) initial disclosures or determined the number of depositions that each side is likely to conduct. Because the pleadings are not yet settled, the Parties have agreed that Initial Disclosures be made by October 21, 2025, 14 days after lululemon's response to Moret's counterclaims is due. The parties agree that email service shall be treated as personal service.

Rule 26(f)(3)(B) – The Parties agree that fact and expert discovery should be conducted in phases with the party bearing the burden of proof on an issue submitting an opening expert report by the Initial Expert Disclosure deadline set forth in the completed Schedule Worksheet is attached hereto as Exhibit A.  The party that does not bear the burden of proof on an issue may submit a rebuttal export report by the Rebuttal Expert Disclosure deadline set forth in the Completed Schedule Worksheet.

The Parties anticipate that discovery will be needed on at least the disputed issues identified above, as well as affirmative defenses asserted by Costco and asserted affirmative defenses and counterclaims asserted by Moret. Topics for discovery may include, for example:

1.      The nature and history of the Parties' business and products at issue;

2.      lululemon's adoption and first use of the asserted trademarks and trade dress;

3.      U.S. Trademark Reg. Nos. 4,333,759, 7,526,264 and 7,526,265, related prosecution file histories, and the validity and enforceability of same;

4.      lululemon's enforcement of the asserted trademarks and trade dress;

5.      lululemon's use and marketing of the asserted trademarks and trade dress, and the alleged success and recognition of same;

6.      The alleged acquired distinctiveness of the asserted trade dress and asserted TIDEWATER TEAL mark;

7.      The channels of trade for the Parties' products at issue;

8.      The Parties' marketing, advertising, and promotion of the Parties' products at issue;

9.      The actual and target customers for the Parties' products at issue;

10.      Any actual or likely confusion between Defendants' accused products, and the lululemon products at issue;

11.      lululemon's trademark usage guidelines;

12.      The '442 and '219 patents, related prosecution file histories, and the scope, validity, and enforceability of same;

13.      Publications, patents and other prior art relating to the '442 and '219 patents;

14.      The Parties' pricing, sales, revenues, profits, discounts, and costs associated with Parties' products at issue;

15.      lululemon's claim for damages;

16.      The Parties' communications regarding their dispute.

Rule 26(f)(3)(C) – The Parties discussed electronically-stored information ("ESI") and anticipate entering into a stipulated ESI Order.

Rule 26(f)(3)(D) – Pursuant to Federal Rule of Evidence 502, the Parties agree that if any documents subject to a claim of privilege or protection are inadvertently

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

22

JOINT RULE 26(f) REPORT
2:25-CV-05864

produced, such an inadvertent disclosure shall not operate as a waiver in any proceeding, provided the elements of Federal Rule of Evidence 502(b) have been met, and will memorialize this agreement in the Parties' anticipated stipulated protective order.

Rule 26(f)(3)(E) – The Parties do not propose any modifications to the limits on discovery imposed by the Federal Rules of Civil Procedure, except that the Parties agree to the following limitations on discovery per side: lululemon is allotted 10 depositions, and Costco and Moret, collectively, are allotted 10 depositions. Each of Costco and Moret are allotted 25 interrogatories, and lululemon is allotted 25 interrogatories to each of Costco and Moret.

Rule 26(f)(3)(F) – The Parties anticipate entering into a stipulated protective order to maintain the confidentiality of private or confidential information sought during discovery.

m.    **Discovery Cut-off**:

The proposed timing of the fact discovery cut-off is set forth in the completed Schedule Worksheet, attached hereto as Exhibit A.

n.    **Expert Discovery**:

The proposed timing of expert witness disclosures under Rule 26(a)(2) is set forth in the completed Schedule Worksheet is attached hereto as Exhibit A.

o.    **Settlement Conference / Alternative Dispute Resolution (ADR)**:

To date, no settlement or ADR efforts have been made by the Parties since the filing of the Complaint. Pursuant to L.R. 16-15.4, the Parties select ADR Procedure No. 3 – The Parties shall participate in a private dispute resolution proceeding. Pursuant to L.R.-15.2, the Parties have filed concurrently herewith Form ADR-01 Request: ADR Procedure Selection and further propose that the private dispute resolution proceeding occur by August 2026 unless otherwise ordered by the Court. In the event that the private dispute resolution proceedings prove to be unsuccessful, the Parties may seek to conduct additional private dispute resolution proceedings

1  later in the case.

2      p.    **Trial Estimate**:

3      The Parties request that any trial be conducted before a jury. lululemon

4  estimate that the length of trial with be 4-5 court days. Costco estimates that the

5  length of trial will be 5-7 court days. Moret estimates that the length of trial will be

6  4-6 court days. The Parties cannot yet determine the number of witnesses that they

7  would call. However, the Parties will be in a better position to determine the number

8  of witnesses they intend to call at trial after discovery has been completed. The

9  Parties' currently proposed dates for the pretrial conference and trial are set forth in

10 the completed Schedule Worksheet is attached hereto as Exhibit A.

11     q.    **Trial Counsel**:

12     At this time, trial counsel for the Parties are identified as follows:

13 For lululemon:

14     MORGAN, LEWIS & BOCKIUS LLP
       Ali S. Razai, Bar No. 246,922
15     ali.razai@morganlewis.com
       Brandon G. Smith, Bar No. 307,676
16     brandon.smith@morganlewis.com
       600 Anton Boulevard, Suite 1800
17     Costa Mesa, CA 92626-7653
       Tel:  +1.714.830.0600
18     Fax:  +1.714.830.0700

19     Brian P. O'Donnell (*pro hac vice*)
       brian.odonnell@morganlewis.com
20     110 N. Wacker Drive, Suite 2800
       Chicago, IL 60606-1511
21     Tel:  +1.312.324.1000
       Fax:  +1.312.324.1001
22

       John Hendershott (*pro hac vice*)
23     jack.hendershott@morganlewis.com
       101 Park Avenue
24     New York, NY 10178-0060
       Tel:  +1.212.309.6000
25     Fax:  +1.212.309.6001

26 For Costco:

27     William A. Delgado (SBN 222666)
       wdelgado@dtolaw.com
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

24

JOINT RULE 26(f) REPORT
2:25-CV-05864

Ellen Y. Yang (SBN 223143)
eyang@dtolaw.com
Nicole G. Malick (SBN 335754)
nmalick@dtolaw.com
DTO LAW
915 Wilshire Boulevard, Suite 1950
Los Angeles, California 90017
Telephone:  (213) 335-6999
Facsimile:   (213) 335-7802

Sudip Kundu (*pro hac vice*)
skundu@dtolaw.com
DTO LAW
307 5th Avenue, 12th Floor
New York, New York 10016
Telephone:  (646) 955-5400
Facsimile:   (213) 335-7802

For Moret:

PRYOR CASHMAN LLP
Thomas Vidal
tvidal@pryorcashman.com
1901 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel:   310.683.6900

Brad D. Rose (*pro hac vice*)
brose@pryorcashman.com
Matthew Barkan (*pro hac vice*)
mbarkan@pryorcashman.com
Jeffrey L. Snow (*pro hac vice*)
jsnow@pryorcashman.com
Alexander White (*pro hac vice*)
awhite@pryorchashman.com
Kate E. Garber (*pro hac vice* application to be filed)
kgarber@pryorcashman.com
7 Times Square
New York, NY 10036
Tel: 212.421.4100

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

25

JOINT RULE 26(f) REPORT
2:25-CV-05864

1    r.    **Independent Expert or Master**:

2    The Parties do not believe at this time that the Court needs to appoint an

3    independent expert or special master for this matter.

4    s.    **Schedule Worksheet**:

5    The completed Schedule Worksheet is attached hereto as Exhibit A.

6    t.    **Other Issues**:

7    The Parties have consented to electronic service of documents pursuant to Fed.

8    R. Civ. P. 5(b)(2)(E).

9                                    Respectfully submitted,

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

26

JOINT RULE 26(f) REPORT
2:25-CV-05864

1   Dated:      October 3, 2025              MORGAN, LEWIS & BOCKIUS LLP
2                                           Ali S. Razai

3                                           By  */s/ Ali S. Razai*
                                               _____
                                                Ali S. Razai
4                                               Brandon G. Smith
                                                Brian P. O'Donnell
                                                Jack Hendershott
5
                                            DTO LAW
6                                           William A. Delgado

7   Dated:      October 3, 2025

8                                           By  */s/ William A. Delgado*
                                               _____
9                                               William A. Delgado
                                                Ellen Y. Yang
10                                              Nicole G. Malick
                                                Sudip Kundu
11
                                            Attorneys for Defendant
12                                          COSTCO WHOLESALE
                                            CORPORATION
13

14                                          PRYOR CASHMAN LLP
                                            Thomas Vidal
15  Dated:      October 3, 2025

16                                          By  */s/ Matthew Barkan*
                                               _____
17                                              Thomas Vidal
                                                Brad D. Rose
18                                              Matthew Barkan
                                                Jeffrey L. Snow
19                                              Alexander White
                                                Kate E. Garber
20
                                            Attorneys for Defendant-Intervenor
21                                          JACQUES MORET, INC.

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA
                                            27                    JOINT RULE 26(f) REPORT
                                                                  2:25-CV-05864

## CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Orange County, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA  92626-7653.

On October 3, 2025, I served the foregoing document on counsel shown below via ECF:

DTO LAW
William A. Delgado
wdelgado@dtolaw.com
Ellen Y. Yang
eyang@dtolaw.com
Nicole G. Malick
nmalick@dtolaw.com
915 Wilshire Boulevard, Suite 1950
Los Angeles, CA 90017
Tel:  213.335.6999
Fax: 213.335.7802

Sudip Kundu
skundu@dtolaw.com
307 5th Avenue, 12th Floor
New York, NY
Tel:  646.955.5400
Fax: 213.335.7802

Attorneys for Defendant
COSTCO WHOLESALE
CORPORATION

PRYOR CASHMAN LLP
Thomas Vidal
tvidal@pryorcashman.com
1901 Avenue of the Stars, Ste. 900
Los Angeles, CA 90067
Tel:  310.683.6900

Brad D. Rose
brose@pryorcashman.com
Matthew Barkan
mbarkan@pryorcashman.com
Jeffrey L. Snow
jsnow@pryorcashman.com
Alexander White
awhite@pryorchashman.com
Kate E. Garber
kgarber@pryorcashman.com
7 Times Square
New York, NY 10036
Tel: 212.421.4100

Attorneys for Intervenor
JACQUES MORET, INC.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 3, 2025, at Costa Mesa, California.

*/s/ Leslie Garcia*
Leslie Garcia

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

JOINT RULE 26(f) REPORT
2:25-CV-05864