MORGAN, LEWIS & BOCKIUS LLP
Ali S. Razai, Bar No. 246,922
ali.razai@morganlewis.com
Brandon G. Smith, Bar No. 307,676
brandon.smith@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:    +1.714.830.0600
Fax:   +1.714.830.0700

Brian O'Donnell (*pro hac vice*)
brian.odonnell@morganlewis.com
110 North Wacker Drive
Chicago, IL 60606-1511
Tel:    +1.312.324.1565
Fax:   +1.312.324.1001

John Hendershott (*pro hac vice*)
jack.hendershott@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Tel:    +1.212.309.6000
Fax:   +1.212.309.6001

Attorneys for Plaintiffs
LULULEMON ATHLETICA CANADA INC.
LULULEMON USA INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LULULEMON ATHLETICA CANADA INC. AND LULULEMON USA, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION<br><br>Defendant.<br><br>JACQUES MORET, INC.<br><br>Intervenor-Defendant/Counter-Claimant | Case No. 2:25-cv-05864-FLA(AJRx)<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES OF INTERVENOR-DEFENDANT JACQUES MORET, INC. AND DEFENDANT COSTCO WHOLESALE CORPORATION** |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................. 1

II.     FACTUAL BACKGROUND ............................................................................ 1

III.    LEGAL STANDARD ....................................................................................... 2

        A.      Fed. R. Civ. P. 12(f) .............................................................................. 2

        B.      Pleading Fed. R. Civ. P 8(c) Affirmative Defenses .............................. 3

IV.     ARGUMENT ..................................................................................................... 5

        A.      Moret's And Costco's Denials Pleaded As Affirmative Defenses
                And "Reservation Of Rights" Defenses Fail As A Matter of Law ....... 5

                1.      Moret's First Affirmative Defense (Failure to State a
                        Claim) Fails as a Matter of Law .................................................. 6

                2.      Moret's Second Affirmative Defense (Lack of Standing)
                        Fails as a Matter of Law .............................................................. 6

                3.      Moret's Third Affirmative Defense (Non-Infringement of
                        the Asserted Trade Dress and Trademarks) Fails as a
                        Matter of Law ............................................................................... 7

                4.      Moret's Sixth Affirmative Defense (No Likelihood of
                        Confusion) Should be Stricken ..................................................... 7

                5.      Costco's First and Moret's Seventh Affirmative Defense
                        (Trade Dress Invalidity) Should be Stricken ............................... 7

                6.      Costco's Second Affirmative Defense (Trademark
                        Invalidity) Fails as a Matter of Law ............................................ 8

                7.      Moret's Eighth Affirmative Defense (Non-Infringement
                        of the Asserted Patents) Fail as a Matter of Law ........................ 9

                8.      Costco's Ninth Affirmative Defense (Adequate Remedy
                        at Law) Fails as a Matter of Law ................................................. 9

                9.      Moret's Eleventh Affirmative Defense (Limitation on
                        Damages) Fails as a Matter of Law ............................................ 10

                10.     Moret's Sixteenth Affirmative Defense (Additional
                        Defenses) and Costco's "Additional Affirmative
                        Defenses" Fail as a Matter of Law ............................................. 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

i

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
AFFIRMATIVE DEFENSES
2:25-cv-05864-FLA(AJRx)

**TABLE OF CONTENTS**
(continued)

Page

B.   Moret's Remaining Affirmative Defenses Are Insufficiently Pled And Should Be Stricken ............................................................. 13

    1.   Moret's Fourth and Fifth Affirmative Defenses (Abandonment of a Trade Dress through Non-Use and Abandonment of a Trade Dress or Trademark Through Genericide) Should be Stricken ................................................. 13

    2.   Costco's Fifth Affirmative Defense (Statute of Limitations) Should be Stricken ................................................. 14

    3.   Costco's Third and Moret's Ninth Affirmative Defense (Invalidity of the Asserted Patents) Should be Stricken ........... 14

    4.   Moret's Tenth Affirmative Defense (Functionality of the Asserted Patents) Should be Stricken ....................................... 15

    5.   Costco's Sixth Affirmative Defense and Moret's Twelfth Affirmative Defense (Equitable Defenses) Should Be Stricken ................................................................................... 15

    6.   Costco's Seventh Affirmative Defense (Patent Misuse) and Moret's Twelfth Affirmative Defense (Equitable Defenses, Including Patent Misuse) Should be Stricken .......... 16

    7.   Moret's Thirteenth Affirmative Defense (Prosecution History Estoppel) Should be Stricken. ..................................... 17

    8.   Costco's Fourth and Moret's Fourteenth Affirmative Defense (Fair Use) Should be Stricken ..................................... 18

    9.   Costco's Eighth and Moret's Fifteenth Affirmative Defense (Good Faith) Should be Stricken ................................ 18

V.   CONCLUSION ............................................................................. 19

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

ii

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
AFFIRMATIVE DEFENSES
2:25-cv-05864-FLA(AJRx)

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*578539 B.C., Ltd. v. Kortz*,
   No. CV 14-04375 MMM, 2014 WL 12572679 (C.D. Cal. Oct. 16, 2014) ..... 7, 9

*ACCU Casting Co., Inc. v. Zou*,
   No. 2:22-CV-05377 MEMF (AFMX), 2023 WL 6783302 (C.D. Cal. May
   19, 2023)........................................................................................................ 6, 8

*Am. GNC Corp. v. LG Elecs. Inc.*,
   No. 17-cv-01090-BAS-BLM, 2017 WL 4792373 (S.D. Cal. Oct. 24,
   2017)................................................................................................................ 11

*Amini Innovation Corp. v. McFerran Home Furnishings Inc.*,
   No. CV 13-6496 RSWL (SSx), 2014 WL 360048 (C.D. Cal. Jan. 31,
   2014)................................................................................................... 12, 18, 19

*Artic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017).......................................................................... 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................... 3, 4, 5

*Audionics Sys., Inc. v. AAMP of Fla., Inc.*,
   No. cv 12-10763 MMM, 2013 WL 12129652 (C.D. Cal. Nov. 19, 2013) .......... 3

*Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*,
   718 F. Supp. 2d 1167 (N.D. Cal. 2010)......................................................... 4, 15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................... 3, 4, 5

*Bradford Co. v. Jefferson Smurfit Corp.*,
   No. 2000-1511, 2001 WL 35738792 (Fed. Cir. 2001)........................... 10, 11, 12

*Catch a Wave, Inc. v. Sirius XM Radio, Inc.*,
   No. C 12-05791 WHA, 2013 WL 1996134 (N.D. Cal. May 13, 2013)............. 11

*Clean Safety, Inc. v. Ruby Trucking LLC*,
   No. 5:21-cv-00225-JWH-SPx, 2021 WL 5935478 (C.D. Cal. July 27,
   2021)................................................................................................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

iii

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
AFFIRMATIVE DEFENSES
2:25-cv-05864-FLA(AJRx)

*CTF Dev., Inc. v. Penta Hosp., LLC*,
   No. C 09–02429 WHA, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009)............. 16

*Davis v. Hollywood and Ivar, LLC*,
   No. 221CV01235VAPJPRX, 2021 WL 4816823 (C.D. Cal. Aug. 30,
   2021)................................................................................................... 5, 18, 19

*Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*,
   No. EDCV 11-197 RSWL, 2011 WL 3809933 (C.D. Cal. Aug. 25, 2011)
   ................................................................................................... 8, 14, 18

*Est. of Jackson v. City of Modesto*,
   No. 1:21-CV-0415 AWI EPG, 2023 WL 2246872 (E.D. Cal. Feb. 27,
   2023)........................................................................................................ 4, 12

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993), 510 U.S. 517 (1994)........................................... 2

*Fed. Trade Comm'n v. Green Equitable Sols.*,
   No. 2:22-cv-06499-FLA (MARx), 2023 WL 7107273 (C.D. Cal. Sept. 29,
   2023)..................................................................................................................... 4

*Footbalance Sys. Inc. v. Zero Gravity Inside, Inc.*,
   No. 15-CV-1058 JLS (DHB), 2017 WL 3877720 (S.D. Cal. Sept. 5, 2017)..... 14

*Gibson Brands, Inc. v. John Hornby Skewes & Co., Ltd.*,
   No. CV 14-00609 DDP, 2014 WL 4187979 (C.D. Cal. Aug. 22, 2014)
   .................................................................................................................passim

*Gonzalez v. Preferred Freezer Servs., LBV, LLC*,
   No. CV 12–3467 ODW (FMO), 2012 WL 2602882 (C.D. Cal. July 5,
   2012)..................................................................................................................... 3

*GS Holistic, LLC v. Feelin Right Smoke Shop, LLC*,
   No. 2:22-cv-04807-SPG-AGR, 2023 WL 3564763 (C.D. Cal. Jan. 19,
   2023)............................................................................................................. 2, 5, 9

*Infineon Techs. AG v. Volterra Semiconductor Corp.*,
   No. C 11–6239 MMC, 2013 WL 1832558 (N.D. Cal. May 1, 2013)
   ................................................................................................................... 16, 17

*J & J Sports Prods., Inc. v. Ramirez Bernal*,
   No. 1:12–cv–01512–AWI–SMS, 2014 WL 2042120 (E.D. Cal. May 16,
   2014)..................................................................................................................... 3

*Juno Therapeutics, Inc. v. Kite Pharma*,
No. CV 17-07639 SJO, 2018 WL 1470594 (C.D. Cal. Mar. 8, 2018)................. 9

*Kaotica IP Corp v. Iconic Mars Corp.*,
No. 21-CV-433-CAB-DEB, 2021 WL 3726006 (S.D. Cal. Aug. 23, 2021) ..... 15

*Maxum Indemnity Co. v. Polymer80, Inc.*,
No. 2:21-cv-05852-FLA (GJSx), 2022 WL 3013134 (C.D. Cal. Apr. 18,
2022) ............................................................................................................... 4

*Motorola, Inc. v. United States*,
729 F.2d 765 (Fed. Cir. 1984) ........................................................................ 11

*Motorvac Techs., Inc. v. Norco Indus., Inc.*,
No. SA CV 02-503 DOC, 2005 WL 8260389 (C.D. Cal. June 23, 2005)
........................................................................................................... 11, 12

*MPI LLC v. Sorting Robotics, Inc.*,
No. LA CV22-07464 JAK (PDx), 2023 WL 5505028 (C.D. Cal. June 21,
2023) .................................................................................................. 14, 17, 19

*Nat'l Grange of the Ord. of Patrons of Husbandry v. Cal. State Grange*,
No. CIV. 2:14-676 WBS DAD, 2014 WL 3837434 (E.D. Cal. July 30,
2014) ............................................................................................................. 13

*Nippon Sigmax Co., Ltd v. Kranos Corp.*,
No. 8:21-CV-00375-DOC-(ADSx), 2021 WL 2634823 (C.D. Cal. June
25, 2021) ......................................................................................................... 3

*Perez v. Gordon & Wong Law Grp., P.C.*,
No. 11-CV-03323-LHK, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ........... 6

*Qarbon.com, Inc. v. eHelp Corp.*,
315 F. Supp. 2d 1046 (C.D. Cal. 2004)..................................................... 13, 15

*Roland Corp. v. Inmusicbrands, Inc.*,
No.: 2:16-cv-06256-CBM-AJWx, 2017 WL 513924 (C.D. Cal. Jan. 26,
2017)..................................................................................................... 3, 4, 9

*Romero v. Makan*,
No. 518-cv-353-ODW, 2018 WL 3244492 (C.D. Cal. July 3, 2018)................. 3

*Rosen v. Masterpiece Marketing Grp., LLC*,
222 F. Supp. 3d 793 (C.D. Cal. 2016)....................................................... 14, 17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

v

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
AFFIRMATIVE DEFENSES
2:25-cv-05864-FLA(AJRx)

*Ross v. Morgan Stanley Smith Barney, LLC*,
  No. 2:12-cv-09687-ODW(JCx), 2013 WL 1344831 (C.D. Cal. Apr. 2,
  2013)................................................................................................................3, 6

*Seville Classics, Inc. v. Neatfreak Grp., Inc.*,
  No.: CV 16–06460 SJO, 2017 WL 3473932 (C.D. Cal. Feb. 14, 2017)
  ..............................................................................................................4, 17

*Solis v. Couturier*,
  No. 2:08-cv-02732-RRB-GGH, 2009 WL 2022343 (E.D. Cal. July 8,
  2009)....................................................................................................................12

*Sprint Sols. Inc. v. Pac. Cellupage Inc.*,
  No. 213CV07862CASJCG, 2014 WL 12610204 (C.D. Cal. Dec. 17,
  2014)......................................................................................................................5

*Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co., Ltd.*,
  754 F.2d 345 (Fed. Cir. 1985)............................................................................10

*Starbuzz Tobacco, Inc. v. Fantasia Distrib., Inc.*,
  No. SACV 12-1328 JVS (JPRx), 2012 WL 12892505 (C.D. Cal. Dec. 5,
  2012)....................................................................................................................13

*United States v. Davenport*,
  519 F.3d 940 (9th Cir. 2008)................................................................................3

*Vogel v. Huntington Oaks Del. Partners LLC*,
  291 F.R.D. 438 (C.D. Cal. 2013) .........................................................................4

*Vogel v. OM ABS, Inc.*,
  No. CV 13-01797 RSWL (JEMx), 2014 WL 340662 (C.D. Cal. Jan. 30,
  2014)......................................................................................................................5

*Wyshak v. City Nat'l Bank*,
  607 F.2d 824 (9th Cir. 1979)................................................................................3

*Xingen v. Inland Energy, Inc.*,
  No. SA CV19-01039 JAK, 2020 WL 13211718 (C.D. Cal. Feb. 18, 2020) .....10

*Zivkovic v. S. Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002)....................................................................3, 5, 7

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW
  COSTA MESA

vi

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
AFFIRMATIVE DEFENSES
2:25-cv-05864-FLA(AJRx)

**STATUTES**

35 U.S.C. § 282.................................................................................................... 11

35 U.S.C. § 285................................................................................................ 10, 12

35 U.S.C. § 286.......................................................................................... 10, 11, 12

35 U.S.C. § 287.......................................................................................... 10, 11, 12

35 U.S.C. § 288.......................................................................................... 10, 11, 12

35 U.S.C. § 289................................................................................................ 10, 12

**OTHER AUTHORITIES**

4 Robert A. Matthews, Jr., Annotated Patent Digest § 30:147, *Marking Is Not
an Affirmative Defense* (Matthew Bender, Sept. 2025 update)....................11, 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

vii

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
AFFIRMATIVE DEFENSES
2:25-cv-05864-FLA(AJRx)

Pursuant to Rules 8(c) and 12(f) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Plaintiffs lululemon athletica canada inc. and lululemon usa, inc. (collectively, "lululemon" or "Plaintiffs") hereby move to strike the affirmative defenses asserted by Intervenor-Defendant Jacques Moret Inc. ("Moret" or "Intervenor-Defendant") in Moret's Answer, Defenses, and Counterclaims (Dkt. 44) and by Defendant Costco Wholesale Corporation ("Costco" or "Defendant") in Costco's Answer to Complaint (Dkt. 29).

## I.    **INTRODUCTION**

Costco and Moret collectively included twenty-six affirmative defenses in their answers. Many are not affirmative defenses at all. Those that are technically defenses were pleaded with the barest of allegations, leaving lululemon with no idea of the basis for the defense. This approach is improper under any pleading standard for affirmative defenses in the Ninth Circuit. Moreover, Costco and Moret's approach serves only to clutter the pleadings and force lululemon to take discovery on defenses that more than likely will never be pursued. This wastes the parties' resources. Each of Costco's and Moret's affirmative defenses should be stricken under Rule 12(f).

## II.    **FACTUAL BACKGROUND**

On June 27, 2025, lululemon filed its Complaint alleging trade dress, trademark, and patent infringement arising from Costco's sale of various apparel products, including the Danskin Half-Zip Pullover, Danskin Half-Zip Hoodie, Jockey Ladies Yoga Jacket, Spyder Women's Yoga Jacket, Hi-Tec Men's Scuba Full Zip, and Kirkland 5 Pocket Performance Pant (collectively, the "Accused Products"). *See* Dkt. 1. On August 21, 2025, Costco filed its Answer to Complaint (the "Costco Answer"). Dkt. 29. In the Costco Answer, Costco asserted nine affirmative defenses: (1) Trade Dress Invalidity; (2) Trademark Invalidity; (3) Patent Invalidity; (4) Fair Use; (5) Statute of Limitations; (6) Equitable Defenses; (7) Patent Misuse; (8) Good Faith; and (9) Adequate Remedy at Law along with "Additional Affirmative Defenses."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

1

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
AFFIRMATIVE DEFENSES
2:25-cv-05864-FLA(AJRx)

As supplier of the Danskin Half-Zip Pullover, Danskin Half-Zip Hoodie, Jockey Ladies Yoga Jacket (the "Moret Accused Products") and indemnitor to Costco with respect to the Moret Accused Products, the Court granted Moret's Unopposed Motion to Intervene on September 2, 2025. *See* Dkt. 35. On September 23, 2025, Moret filed its Answer to Complaint, Affirmative Defenses, and Counterclaims ("Moret Answer"). In the Moret Answer, Moret asserted sixteen affirmative defenses: (1) Failure to State a Claim; (2) Lack of Standing; (3) Non-Infringement of the Asserted Trade Dresses and Trademarks; (4) Abandonment of a Trade Dress through Non-Use; (5) Abandonment of a Trade Dress or Trademark through Genericide; (6) No Likelihood of Confusion; (7) Trade Dress Invalidity; (8) Non-Infringement of the Asserted Patents; (9) Invalidity of the Asserted Patents; (10) Functionality of the Asserted Patents; (11) Limitation on Damages; (12) Equitable Defenses; (13) Prosecution History Estoppel; (14) Fair Use; (15) Good Faith; and (16) Additional Defenses.

### III.    LEGAL STANDARD

#### A.    Fed. R. Civ. P. 12(f)

Rule 12(f) authorizes a court to "strike from a pleading an insufficient defense" as well as "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See, e.g.*, *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "A motion to strike portions of an answer is appropriate when an affirmative defense is (1) insufficient as a matter of law or (2) insufficiently pled." *GS Holistic, LLC v. Feelin Right Smoke Shop, LLC*, No. 2:22-cv-04807-SPG-AGR, 2023 WL 3564763, at *2 (C.D. Cal. Jan. 19, 2023). An affirmative defense is legally insufficient if it clearly lacks merit under any set of facts the defendants might allege, and an affirmative defense is insufficiently pled when it fails to provide the plaintiffs with fair notice of the defense. *Id.* (internal citations omitted).

## B.    Pleading Fed. R. Civ. P 8(c) Affirmative Defenses

Rule 8(c) requires that in "responding to a pleading, a party must affirmatively state any avoidance or affirmative defense.…" Fed. R. Civ. P. 8(c). "Affirmative defenses are complete defenses that, once proven by the defendant, negate ... liability for an offense, notwithstanding the [plaintiff's] ability otherwise to prove all elements of that offense...." *Roland Corp. v. Inmusicbrands, Inc.*, No.: 2:16-cv-06256-CBM-AJWx, 2017 WL 513924, at *1 (C.D. Cal. Jan. 26, 2017) (quoting *United States v. Davenport*, 519 F.3d 940, 945 (9th Cir. 2008)). Accordingly, a "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Neither the United States Supreme Court nor the Ninth Circuit has determined the standard to be used in determining the pleading sufficiency of a defendant's affirmative defenses. The majority of district courts require affirmative defenses to meet the heightened "plausibility" pleading standard dictated by the Supreme Court in *Twombly* and *Iqbal* rather than the "fair notice" standard. *See, e.g.*, *Nippon Sigmax Co., Ltd v. Kranos Corp.*, No. 8:21-CV-00375-DOC-(ADSx), 2021 WL 2634823, at *5 (C.D. Cal. June 25, 2021) (assessing the split and determining affirmative defenses pleading sufficiency under the *Twombly-Iqbal* standard); *Romero v. Makan*, No. 518-cv-353-ODW (SHKx), 2018 WL 3244492, at *2 (C.D. Cal. July 3, 2018) (same).[1] These courts apply a heightened standard to "weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where

---

[1] *See also Audionics Sys., Inc. v. AAMP of Fla., Inc.*, No. CV 12-10763 MMM (JEMx), 2013 WL 12129652, at *5 (C.D. Cal. Nov. 19, 2013) (same); *Ross v. Morgan Stanley Smith Barney, LLC*, No. 2:12-cv-09687-ODW(JCx), 2013 WL 1344831, at *2 (C.D. Cal. Apr. 2, 2013) (same); *Gonzalez v. Preferred Freezer Servs., LBV, LLC*, No. CV 12–3467 ODW (FMO), 2012 WL 2602882, at *2 (C.D. Cal. July 5, 2012) (stating "*Twombly* and *Iqbal* changed the legal foundation underlying the Ninth Circuit's *Wyshak* decision, and the reasoning in those decisions also applies in the context of affirmative defenses."); *J & J Sports Prods., Inc. v. Ramirez Bernal*, No. 1:12–cv–01512–AWI–SMS, 2014 WL 2042120, at *2 (E.D. Cal. May 16, 2014) ("[M]ost courts have applied the heightened pleading standard of *Iqbal* and *Twombly* to affirmative defenses.").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

3

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
MORET AND COSTCO AFFIRMATIVE
DEFENSES
2:25-cv-05864-FLA(AJRx)

1   many of the defenses alleged are irrelevant to the claims asserted." *Barnes v. AT & T*
2   *Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D.
3   Cal. 2010).

4       Other cases in this district appeared to apply the less stringent "fair notice"
5   standard. *See Fed. Trade Comm'n v. Green Equitable Sols.*, No. 2:22-cv-06499-FLA
6   (MARx), 2023 WL 7107273, at *1 (C.D. Cal. Sept. 29, 2023); *Maxum Indemnity Co.*
7   *v. Polymer80, Inc.*, No. 2:21-cv-05852-FLA (GJSx), 2022 WL 3013134, at *3 (C.D.
8   Cal. Apr. 18, 2022). In both those cases, the Court relied on *Vogel v. Huntington*
9   *Oaks Delaware Partners* for the proposition that "affirmative defenses 'may be
10  insufficiently pleaded where it fails to provide plaintiff with fair notice of the defense
11  asserted.'" *See id.* (*quoting Vogel v. Huntington Oaks Del. Partners LLC*, 291 F.R.D.
12  438, 440 (C.D. Cal. 2013)). However, after thoroughly assessing the split, the *Vogel*
13  court determined that the *Twombly* and *Iqbal* heightened plausibility standard
14  applied. *See Vogel*, 291 F.R.D. at 441 ("The Court therefore reaffirms what it has
15  said previously: *Twombly's* plausibility standard applies to affirmative defenses.").
16  Accordingly, this Court should adopt the majority heightened pleading standard of
17  *Twombly* and *Iqbal* for affirmative defenses.

18      Even when the *Twombly-Iqbal* standard is not applied, courts have still
19  required that affirmative defenses "be supported by at least some facts indicating the
20  grounds on which the defense is based …." *Seville Classics, Inc. v. Neatfreak Grp.,*
21  *Inc.*, No.: CV 16–06460 SJO (RAOx), 2017 WL 3473932, at *2 (C.D. Cal. Feb. 14,
22  2017). Bare references to doctrines or statutes are decidedly unacceptable because
23  they "do not afford fair notice of the nature of the defense pleaded" which is the "key
24  to determining the sufficiency of pleading an affirmative defense." *See Est. of*
25  *Jackson v. City of Modesto*, No. 1:21-CV-0415 AWI EPG, 2023 WL 2246872, at *1
26  (E.D. Cal. Feb. 27, 2023) (collecting cases); *see also Roland Corp.*, 2017 WL
27  513924, at *1.

28

## IV.  ARGUMENT

Costco's First, Second, Ninth, and "Additional Affirmative Defenses," and Moret's First through Third, Sixth through Eighth, Eleventh, and Sixteenth Affirmative Defenses fail as a matter of law and should be stricken. Costco's Third through Eighth, and Moret's Fourth, Fifth, Ninth, Tenth, and Twelfth through Fifteenth Affirmative Defenses are insufficiently pleaded under either the *Twombly-Iqbal* "plausibility" standard or the less stringent "fair notice" standard and should be stricken.

Moret served the Moret Answer on September 23, 2025. Thus, this motion to strike Moret's affirmative defenses is timely under Rule 12(f). To the extent that this motion to strike is considered untimely with respect to Costco's affirmative defenses, the Court has discretion to strike affirmative defenses on its own at any time under Rule 12(f), and considering the motion to strike Costco's affirmative defenses at this time will dispose of unnecessary affirmative defenses at an early stage in the litigation and will streamline the issues. *See GS Holistic*, 2023 WL 3564763, at *2; *Davis v. Hollywood and Ivar, LLC*, No. 2:21-cv-01235-VAP-JPRx, 2021 WL 4816823, at *3 (C.D. Cal. Aug. 30, 2021) (considering merits of motion to strike affirmative defenses after Rule 12(f) deadline passed); *Sprint Sols. Inc. v. Pac. Cellupage Inc.*, No. 2:13-cv-07862-CAS-JCG, 2014 WL 12610204, at *2 (C.D. Cal. Dec. 17, 2014) (same).

### A.  Moret's And Costco's Denials Pleaded As Affirmative Defenses And "Reservation Of Rights" Defenses Fail As A Matter of Law

Moret's First, Second, Third, Sixth, Seventh Eighth, and Eleventh, and Costco's First, Second, and Ninth "affirmative defenses" should be stricken because they merely deny liability by disputing lululemon's allegations. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic*, 302 F.3d at 1088; *Vogel v. OM ABS, Inc.*, No. CV 13–01797 RSWL (JEMx), 2014 WL 340662, at *2 (C.D. Cal. Jan. 30, 2014) (holding

affirmative defenses that deny liability by disputing the plaintiff's prima facie case fail as a matter of law and should be stricken). Moret's Sixteenth Affirmative Defense and Costco's "Additional Affirmative Defenses" should also be stricken because they are simply reservations of rights, not cognizable defenses.

### 1.  Moret's First Affirmative Defense (Failure to State a Claim) Fails as a Matter of Law

Moret's First Affirmative Defense alleges the Complaint "fails to state a claim upon which relief can be granted." Dkt. 44 at 26. However, a failure to state a claim is not an affirmative defense; it is a Rule 12(b)(6) sufficiency challenge. *See Ross*, 2013 WL 1344831, at *3; *see also ACCU Casting Co., Inc.*, No. 2:22-cv-05377 MEMF (AFMx), 2023 WL 6783302, at *6 (C.D. Cal. May 19, 2023) (striking "failure to state a claim" affirmative defense); *Clean Safety, Inc. v. Ruby Trucking LLC*, No. 5:21-cv-00225-JWH-SPx, 2021 WL 5935478, at *3 (C.D. Cal. July 27, 2021) (same). Accordingly, the Court should strike Moret's First Affirmative Defense.

### 2.  Moret's Second Affirmative Defense (Lack of Standing) Fails as a Matter of Law

Moret's Second Affirmative Defense "reserves the right to assert that Lululemon lacks standing to bring some or all of the claims." *See* Dkt. 44 at 26. Lack of standing is not an affirmative defense; it challenges the plaintiffs' prima facie case and/or the Court's jurisdiction and must be raised by motion. *See ACCU Casting Co., Inc.*, 2023 WL 6783302, at *7 (a challenge to standing raises a fundamental defect with the claim and is not an affirmative defense); *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *9 (N.D. Cal. Mar. 26, 2012) ("lack of standing" is a denial of Plaintiff's allegations in the complaint, not an affirmative defense). Accordingly, the Court should strike Moret's Second Affirmative Defense.

### 3. Moret's Third Affirmative Defense (Non-Infringement of the Asserted Trade Dress and Trademarks) Fails as a Matter of Law

Moret's Third Affirmative Defense that the Moret Accused Products "do not infringe the Asserted Trade Dresses and Trademarks" is not a cognizable defense. *See* Dkt. 44 at 26. It merely denies liability for lululemon's claims and is also redundant of Moret's Second and Third Counterclaims and denials in at least paragraphs 3–7, 10–11, 49, 51, 53–60 of its Answer (Dkt. 44 at 3–50). *See, e.g.*, *578539 B.C., Ltd. v. Kortz*, No. CV 14-04375 MMM (MANx), 2014 WL 12572679, at *8 (C.D. Cal. Oct. 16, 2014) (affirmative defense of non-infringement is not a proper affirmative defense because it merely denies claims); *Gibson Brands, Inc. v. John Hornby Skewes & Co., Ltd.*, No. CV 14-00609 DDP (SSx), 2014 WL 4187979, at *4 (C.D. Cal. Aug. 22, 2014) (striking affirmative defense of non-infringement on grounds it merely denies liability). Accordingly, the Court should strike Moret's Third Affirmative Defense.

### 4. Moret's Sixth Affirmative Defense (No Likelihood of Confusion) Should be Stricken

Moret's Sixth Affirmative Defense denies likelihood of confusion with respect to the Asserted Trade Dresses and Trademarks, and thus denies unfair competition. *See* Dkt. 44 at 27. This is not a cognizable affirmative defense; it merely denies an element of lululemon's claims. *See Gibson Brands, Inc.*, 2014 WL 4187979, at *3 (striking affirmative defense that defendant "has not infringed any applicable trademarks"); *see also Zivkovic*, 302 F.3d at 1088 (defense that plaintiff has not met burden of proof is not an affirmative defense). Accordingly, the Court should strike Moret's Sixth Affirmative Defense.

### 5. Costco's First and Moret's Seventh Affirmative Defense (Trade Dress Invalidity) Should be Stricken

Costco's First and Moret's Seventh Affirmative Defense assert that lululemon's Registered DEFINE Trade Dress is invalid and/or unenforceable

because it is not inherently distinctive, has not acquired secondary meaning, and does not act as a source identifier. *See* Dkt. 29 at 15; Dkt. 44 at 24. This is not an affirmative defense, but rather an attack on lululemon's case in chief. *See ACCU Casting Co., Inc.*, 2023 WL 6783302, at *8–9 (striking defenses that asserted mark was invalid and non-distinctive as "attack[s] on plaintiff's case in chief, and not an affirmative defense"). To the extent that trade dress invalidity is considered an affirmative defense, Costco has failed to plead it sufficiently. *See, e.g.*, *Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*, No. EDCV 11-197 RSWL (DTBx), 2011 WL 3809933, at *3 (C.D. Cal. Aug. 25, 2011) (striking affirmative defense of trademark invalidity for failing to allege supporting facts linking the defense to the case).

This defense should also be stricken as redundant of Moret's and Costco's denials in at least paragraphs 20–28 and 62–64 of Defendants' respective Answers. *See, e.g.*, *Gibson Brands, Inc.*, 2014 WL 4187979, at *6 (striking as redundant defendant's affirmative defenses of trademark invalidity as redundant of the denials in defendant's answer). Accordingly, the Court should strike Costco's First and Moret's Seventh Affirmative Defense.

### 6.    Costco's Second Affirmative Defense (Trademark Invalidity) Fails as a Matter of Law

Costco's Second Affirmative Defense alleges that the Registered SCUBA Mark "is invalid, not protectable, and/or unenforceable under federal, state, or common law" and that the mark "is generic and was generic when registered, does not serve as a source identifier, and is therefore not entitled to protection as a trademark." Dkt. 29 at 16. Trademark invalidity is not an affirmative defense, as it is an attack on plaintiffs' case-in-chief, which requires the SCUBA mark to be a valid trademark. *See, e.g., ACCU Casting Co., Inc.*, 2023 WL 6783302, at *9 (striking affirmative defense that asserted mark is "not a trademark" without leave to amend). To the extent that trademark invalidity is considered an affirmative defense,

Costco has failed to plead it sufficiently. *See, e.g., Desert Eur. Motorcars*, 2011 WL 3809933, at *3 (striking affirmative defense of trademark invalidity for failing to allege supporting facts linking the defense to the case).

The defense is also redundant of Costco's denials in at least paragraphs 29–42 and 72–73 of the Costco Answer. *See* Dkt. 29 5–6; *see, e.g., Gibson Brands, Inc.*, 2014 WL 4187979, at *5 (striking as redundant affirmative defenses of trademark invalidity as redundant of the denials in defendant's answer). The Court should strike Costco's Second Affirmative Defense.

### 7.    Moret's Eighth Affirmative Defense (Non-Infringement of the Asserted Patents) Fail as a Matter of Law

Moret's Eighth Affirmative Defense asserts the Moret Accused Products do not infringe the Asserted Patents. *See* Dkt. 44 at 27–28. This is merely a denial of liability, not a cognizable affirmative defense, and is redundant of Moret's First Counterclaim and the denials in paragraphs 3–7, 10–11, 49–60 of the Moret Answer (Dkt. 44 at 3–48). *See, e.g., Roland Corp.*, 2017 WL 513924, at *2 ( non-infringement of a patent is not an affirmative defense).

As an independent basis to strike this defense, Moret fails to plead a single fact in support and therefore improperly fails to provide lululemon the basis of the defense. *See Juno Therapeutics, Inc. v. Kite Pharma*, No. CV 17-07639 SJO (RAOx), 2018 WL 1470594 at *5 (C.D. Cal. Mar. 8, 2018) (striking affirmative defense of non-infringement of the asserted patents because defendant failed to plead at least some facts indicating the grounds on which the defense is based.). *578539 B.C., Ltd.*, 2014 WL 12572679, at *8. The Court should strike Moret's Eighth Affirmative Defense.

### 8.    Costco's Ninth Affirmative Defense (Adequate Remedy at Law) Fails as a Matter of Law

Costco's assertion that lululemon "is not entitled to equitable relief because there is an adequate remedy at law" is an attack on plaintiffs' prima facie case, rather

than an independent ground for precluding relief. *See* Dkt. 29 at 17; s*ee e.g.*, *GS Holistic, LLC*, 2023 WL 3564763, at *2 (striking affirmative defense of "adequacy of remedy at law" as legally insufficient); *Xingen v. Inland Energy, Inc.*, No. SA CV19-01039 JAK (JEMx), 2020 WL 13211718, at *4 (C.D. Cal. Feb. 18, 2020) ("[a]lleging, as an affirmative defense, that injunctive relief would not be available because an 'adequate remedy at law' exists is not a 'true affirmative defense' and instead goes to an element of a possible counterclaim for injunctive relief."). Accordingly, the Court should strike Costco's Ninth Affirmative Defense.

### 9.    Moret's Eleventh Affirmative Defense (Limitation on Damages) Fails as a Matter of Law

Moret's Eleventh Affirmative Defense asserts that lululemon's "claims for relief concerning the Asserted Patents are limited or barred as a consequence of failing to comply with the requirements of at least one of 35 U.S.C. §§ 285-289." *See* Dkt. 44 at 28. This affirmative defense is legally deficient and/or insufficiently pled.

Section 285 is a fee-shifting provision, and Section 289 is the statutory basis for recovery of profits specific to design patent infringement, rather than a damages limitation statute. *See* 35 U.S.C. §§ 285, 289. Neither contains any provision for limiting damages. *See id*. Accordingly, any purported limitation on damages defense under Sections 285 and 289 fails as a matter of law.

Furthermore, Moret's "defense" for a "limitation on damages" pursuant to the six-year time limitation provision of 35 U.S.C. § 286 running from the filing of lululemon's Complaint, which was filed on June 27, 2025, is legally deficient. *See* 35 U.S.C. § 286; *see also Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co., Ltd.*, 754 F.2d 345, 348 (Fed. Cir. 1985) ("the only effect § 286 has is to prevent any 'recovery … for any infringement committed more than six years prior to the filing of the complaint….'"); *Bradford Co. v. Jefferson Smurfit Corp.*, No. 2000-1511, 2001 WL 35738792, at *9–10 (Fed. Cir. Oct. 31, 2001) (holding that "a limitation on damages is not a statutory defense that must be pleaded … [and] 35 U.S.C. § 286 is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

10

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
MORET AND COSTCO AFFIRMATIVE
DEFENSES
2:25-cv-05864-FLA(AJRx)

1   not an affirmative defense for purposes of either Fed. R. Civ. P 8(c) or 35 U.S.C. §

2   282.").

3        Moret also relies on 35 U.S.C. § 287, which pertains to the patentee's marking

4   requirement. This statute operates to limit a patentee's entitlement to damages before

5   the date of actual notice. As such, this section provides a similar relief to § 286 insofar

6   as both sections operate as a limitation on damages and not as affirmative defenses.

7   *See* 4 Robert A. Matthews, Jr., Annotated Patent Digest § 30:147*, Marking Is Not an*

8   *Affirmative Defense* (Matthew Bender, Sept. 2025 update); *Artic Cat Inc. v.*

9   *Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (quoting

10  *Motorola*, 729 F.2d 765, 770 (Fed. Cir. 1984); *Catch a Wave, Inc. v. Sirius XM Radio,*

11  *Inc.*, No. C 12-05791 WHA, 2013 WL 1996134, at *3 (N.D. Cal. May 13, 2013)

12  (striking defendant's affirmative defense predicated upon § 287); *Bradford Co.*, 2001

13  WL 35738792, at *9–10 (identifying § 287 as a limitation on damages and not an

14  affirmative defense).

15       Similarly, invoking 35 U.S.C. § 288 is legally deficient because this rarely-

16  cited provision precludes the recovery of costs by a plaintiff if a disclaimer was not

17  filed on invalid claims before the lawsuit was filed, but if no determination of

18  invalidity has been made before the lawsuit is filed, then Section 288 is not

19  implicated. *See* 35 U.S.C. § 288; *see also Motorvac Techs., Inc. v. Norco Indus., Inc.*,

20  No. SA CV 02-503 DOC (ANx), 2005 WL 8260389, at *2 (C.D. Cal. June 23, 2005)

21  (finding that § 288 only applies "to those patents which have had a claim found

22  invalid before the litigation for which costs are sought has commenced."). Here, no

23  such invalidity determination was made before the lawsuit was filed, and under 35

24  U.S.C. § 282, an issued patent is presumed valid. Since Moret has failed to provide

25  any factual basis for invoking Section 288, this affirmative defense should be

26  stricken. *Am. GNC Corp. v. LG Elecs. Inc.*, No. 17-cv-01090-BAS-BLM, 2017 WL

27  4792373, at *4 (S.D. Cal. Oct. 24, 2017) (granting plaintiff's motion to strike

28  affirmative defense under 35 U.S.C. § 288 after defendant's withdrawal in response

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

11

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
MORET AND COSTCO AFFIRMATIVE
DEFENSES
2:25-cv-05864-FLA(AJRx)

1    to plaintiff's arguments that it lacked fair notice and factual or legal basis).

2    The statutory provisions 35 U.S.C. §§ 286, 287 and 288 and 289 are mere
3    limitations on damages; they do not constitute an avoidance of liability for purposes
4    of an affirmative defense. *See, e.g.*, *Bradford Co.*, 2001 WL 35738792, at *9–10;
5    ANPATDIG § 30:147, *Marking Is Not an Affirmative Defense*; *Motorvac Techs.,*
6    *Inc.*, 2005 WL 8260389, at *2.

7    Additionally, Moret's allegation that lululemon's claims for relief are limited
8    or barred by "at least one of 35 U.S.C. §§ 285-289" does not provide lululemon with
9    sufficient notice of the basis of this defense because it does not identify which
10    specific statute it is relying on as the basis for this defense. *See Est. of Jackson*, 2023
11    WL 2246872, at *1.

12    ### 10.    Moret's Sixteenth Affirmative Defense (Additional Defenses) and Costco's "Additional Affirmative Defenses" Fail as a Matter of Law
13

14    Moret's Sixteenth Affirmative Defense "gives notice that it reserves the right
15    to rely upon such other defenses as may become available or apparent during the
16    course of discovery, and reserves the right to amend this Answer to assert such
17    defenses." *See* Dkt. 44 at 29. Costco includes a similar reservation of rights in its
18    "Additional Affirmative Defenses." Dkt. 29 at 17. These "defenses" amount to
19    nothing more than a mere reservation of rights clause; such a clause is not a proper
20    affirmative defense, is redundant, and the Court should strike it. *See, e.g.*, *Amini*
21    *Innovation Corp. v. McFerran Home Furnishings Inc.*, No. CV 13–6496 RSWL
22    (SSx), 2014 WL 360048, at *5 (C.D. Cal. Jan. 31, 2014) (striking reservation of right
23    to assert defenses finding it was not a defense); *Solis v. Couturier*, No. 2:08-cv-
24    02732-RRB-GGH, 2009 WL 2022343, at *3 (E.D. Cal. July 8, 2009) (finding
25    reservation of additional defenses to be redundant, and noting that, "[a]lthough this
26    redundant defense is relatively harmless, it serves no real purpose in litigation and
27    should be stricken.").

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

12

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
MORET AND COSTCO AFFIRMATIVE
DEFENSES
2:25-cv-05864-FLA(AJRx)

**B.     Moret's Remaining Affirmative Defenses Are Insufficiently Pled And Should Be Stricken**

**1.     Moret's Fourth and Fifth Affirmative Defenses (Abandonment of a Trade Dress through Non-Use and Abandonment of a Trade Dress or Trademark Through Genericide) Should be Stricken**

Moret's Fourth and Fifth Affirmative Defenses are bare assertions that lululemon's trade dress was "abandoned through non-use" and lululemon's trade dress and trademarks were "abandoned through genericide," without any factual support. *See* Dkt. 44 at 26–27. Courts in this District have found such defenses inadequate when they merely recite legal conclusions without factual allegations. *See Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (affirmative defense consisting of bare legal conclusions, without supporting facts, was insufficient to provide the plaintiff with fair notice of its basis); *Nat'l Grange of the Ord. of Patrons of Husbandry v. Cal. State Grange*, Civ. No. 2:14-676 WBS DAD, 2014 WL 3837434, at *3–4 (E.D. Cal. July 30, 2014) (striking affirmative defense of genericness as insufficiently pled); *Starbuzz Tobacco, Inc. v. Fantasia Distrib., Inc.*, No. SACV 12-1328 JVS (JPRx), 2012 WL 12892505, at *9 (C.D. Cal. Dec. 5, 2012) (striking affirmative defense of abandonment of trademark through non-use as insufficiently pled).

Moret's defenses identify no facts specifying abandonment through non-use. For example, Moret does not identify (i) when or for how long lululemon allegedly ceased use; (ii) the channels of trade or market scope of any alleged non-use; or (iii) any facts showing intent not to resume use. With respect to genericide, Moret alleges no marketplace facts showing that the relevant public primarily understands the designation as a common name, such as competitor usage, dictionary treatment, media usage, policing history, or consumer survey results. Accordingly, the Court should strike Moret's Fourth and Fifth affirmative defenses.

### 2.    Costco's Fifth Affirmative Defense (Statute of Limitations) Should be Stricken

Costco's nonspecific assertion that lululemon's claims "are barred in whole or in part by the applicable statute of limitations" is insufficient to provide notice to Plaintiffs about the defense, including because it fails to identify the "applicable statute of limitations." *See* Dkt. 29 at 14; *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 804 (C.D. Cal. 2016) ("[a]t a minimum, [defendant] must allege which statute(s) of limitations it is relying upon, what cause(s) of action are barred, the date after which such bar became effective, and some factual allegations concerning why the limitations period has expired."); *see also Gibson Brands, Inc.*, 2014 WL 4187979, at *5 (striking affirmative defense where "[d]efendant does not state what statute(s) of limitations apply to the case, how long the limitation period(s) are, and to which claims such limitations would apply."); *Desert Eur. Motorcars, Ltd.*, 2011 WL 3809933, at *3 (striking affirmative defense because defendants did not set forth facts of how the action was barred by the statute of limitations). Accordingly, the Court should strike Costco's Fifth affirmative defense.

### 3.    Costco's Third and Moret's Ninth Affirmative Defense (Invalidity of the Asserted Patents) Should be Stricken

Costco and Moret's conclusory assertions that the Asserted Patents are invalid is insufficiently pleaded and does not provide Plaintiffs with sufficient notice regarding Defendants' invalidity positions. *See* Dkt. 29 at 16; Dkt. 44 at 25. Courts in this circuit have previously determined that affirmative defenses asserting patent invalidity are insufficient when they merely list statutes and legal conclusions without reciting facts from which one may plausibly conclude the patents-in-suit are invalid. *See, e.g.*, *MPI LLC v. Sorting Robotics, Inc.*, No. LA CV22-07464 JAK (PDx), 2023 WL 5505028, at *2 (C.D. Cal. June 21, 2023) (striking patent invalidity affirmative defense because defendant failed to plead sufficient facts to provide fair notice regarding its invalidity position); *Footbalance Sys. Inc. v. Zero Gravity Inside,*

*Inc.*, No. 15-CV-1058 JLS (DHB), 2017 WL 3877720, at *2 (S.D. Cal. Sept. 5, 2017) (striking conclusory affirmative defense of patent invalidity for failure to allege specific factual or legal basis for defense); *Kaotica IP Corp v. Iconic Mars Corp.*, No. 21-CV-433-CAB-DEB, 2021 WL 3726006, at *2 (S.D. Cal. Aug. 23, 2021) (striking boilerplate affirmative defense for patent invalidity). Accordingly, the Court should strike these defenses.

### 4. Moret's Tenth Affirmative Defense (Functionality of the Asserted Patents) Should be Stricken

Moret's Tenth Affirmative Defense states in full, "All claims of the Asserted Patents are invalid and not infringed because the claimed designs of the Asserted Patents are primarily functional and/or lack ornamentality." *See* Dkt. 44 at 28. This defense is conclusory and fails to provide the requisite factual support under Rule 8. Courts in this circuit have consistently rejected affirmative defenses that merely parrot legal conclusions without identifying the factual basis for the defense. *See Barnes*, 718 F. Supp. 2d at 1173–74; *Qarbon.com*, 315 F. Supp. 2d at 1049.

Moret's Tenth Affirmative Defense is nothing more than a bare assertion that the claimed designs are "primarily functional and/or lack ornamentality." It identifies no claim elements alleged to be dictated by function, no utilitarian considerations purportedly driving the designs, and no factual allegations supporting the conclusion that the designs lack ornamentality. Without such factual allegations, Plaintiffs have no fair notice of the specific grounds on which Moret intends to challenge validity or infringement.

Because Moret's Tenth Affirmative Defense offers nothing more than a conclusory legal assertion without factual support, it is insufficient under Rule 8 and should be stricken pursuant to Rule 12(f).

### 5. Costco's Sixth Affirmative Defense and Moret's Twelfth Affirmative Defense (Equitable Defenses) Should Be Stricken

Costco's general statement that lululemon's claims "are barred in whole or in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

15

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
MORET AND COSTCO AFFIRMATIVE
DEFENSES
2:25-cv-05864-FLA(AJRx)

part by the doctrines of laches, waiver, equitable estoppel, and/or unclean hands" and Moret's general statement that lululemon's claims are "barred, in whole or in part, under the principles of equity, including, without limitation: trade dress, trademark and patent prosecution laches; waiver; implied waiver; estoppel, misconduct, unclean hands; trade dress, trademark and patent misuse; unfair competition; and/or other equitable defenses" are insufficient to provide notice to plaintiffs about the defense. *See* Dkt. 29 at 16; Dkt. 44 at 25.

Courts have struck similar "catch-all" equitable defenses for precisely this reason. *See, e.g.*, *Gibson Brands, Inc.*, 2014 WL 4187979, at *4–5 (striking as factually insufficient and/or duplicative unclean hands, trademark misuse, laches, waiver, acquiescence, estoppel defenses); *CTF Dev., Inc. v. Penta Hosp., LLC*, No. C 09–02429 WHA, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) (striking affirmative defense of "unclean hands" because perfunctory statements reciting mere legal conclusions do not provide a plaintiff with fair notice of the defense asserted); *Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C 11–6239 MMC, 2013 WL 1832558, at *3–5 (N.D. Cal. May 1, 2013) (striking a "collective pleading" of equitable defenses, specifically, equitable estoppel, laches, unclean hands, and waiver, and holding that that such collective pleading is insufficient because it does not make clear which alleged facts support each asserted defense or which equitable defense(s) apply to which patent(s)).

Because Costco and Moret offer only collective, fact-free assertions that fail to identify which defenses apply to which asserted rights or what facts support the elements of each, their affirmative defenses asserting equitable defenses should be stricken.

### 6. Costco's Seventh Affirmative Defense (Patent Misuse) and Moret's Twelfth Affirmative Defense (Equitable Defenses, Including Patent Misuse) Should be Stricken

Costco's conclusory allegation in its Seventh Affirmative Defense that lululemon's twelfth cause of action "is barred, in whole or in part, by the doctrine of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

16

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
MORET AND COSTCO AFFIRMATIVE
DEFENSES
2:25-cv-05864-FLA(AJRx)

patent misuse" is insufficiently pleaded, as such bare-bones allegations fall short of providing fair notice of the defense. *See* Dkt. 29 at 17; *see, e.g.*, *Seville Classics*, 2017 WL 3473932, at *4 (striking affirmative defense of patent misuse as "nothing more than a conclusory recitation of the elements of a patent misuse defense."); *Cf. Gibson Brands, Inc.*, 2014 WL 4187979, at *4–5 (striking as factually insufficient and/or duplicative trademark misuse defense). Costco and Moret do not even recite the elements of a patent misuse defense, much less provide any factual bases for it. Similarly, Moret's inclusion of "patent misuse" in its list of unsupported allegations asserted collectively under the heading "Equitable Defenses" in its Twelfth Affirmative Defense fails to provide any notice to plaintiffs for the basis for its alleged patent misuse defense.

Accordingly, the Court should strike Costco's Seventh Affirmative Defense and Moret's Twelfth Affirmative Defense (in addition to striking Moret's Twelfth Affirmative Defense for the reasons discussed *supra*).

### 7.    Moret's Thirteenth Affirmative Defense (Prosecution History Estoppel) Should be Stricken.

Moret's Thirteenth Affirmative Defenses alleges lululemon "is estoped based on statements, representations, and admissions made by the applicant during the prosecution of the applications resulting in the Asserted Patents and from asserting any interpretation of the Asserted Patents that would cover any product of Moret." *See* Dkt. 44 at 29. However, "[p]rosecution history estoppel is not an independent affirmative defense" and "when raised in connection with another affirmative defense, including non-infringement, '[g]eneral reference to prosecution history estoppel does not meet Defendant's burden to provide some factual support.'" *MPI LLC*, 2023 WL 5505028, at *2 (quoting *Rosen*, 222 F. Supp. 3d at 802); *see also Infineon Technologies AG*, 2013 WL 1832558, at *3 (striking prosecution history estoppel defense because the "allegation does no more than state the obvious, i.e., that an affirmative defense of prosecution history estoppel is based on statements

1  made by the patent applicant during the prosecution of the patent."). The Court

2  should strike this defense.

### 8.   Costco's Fourth and Moret's Fourteenth Affirmative Defense (Fair Use) Should be Stricken

5  Costco and Moret's conclusory allegations that lululemon's claims "are barred

6  in whole or in part by the doctrine of fair use" is insufficiently pleaded. *See* Dkt. 29

7  at 16; Dkt. 44 at 26. The only "fact" that Defendants base these defenses on is their

8  own statements that any use by Defendants "of any of lululemon's alleged intellectual

9  property is and has been fair use." *Id.* These statements do not provide Plaintiffs with

10  sufficient notice about Defendants' alleged fair use defenses. For example,

11  Defendants do not even identify the specific intellectual property to which these

12  defenses would apply. *See, e.g.*, *Amini Innovation*, 2014 WL 360048, at *4–5

13  (striking "fair use" defense to trade dress and copyright infringement because

14  defendants failed to plead facts regarding the elements of the defense and how it

15  applied to the claims at issue); *Desert Eur. Motorcars, Ltd.*, 2011 WL 3809933, at

16  *3 (striking affirmative defense of fair use where defendant failed to set forth facts

17  regarding the elements of fair use and how it applied to the case); *Davis*, 2021 WL

18  4816823, at *7 (striking affirmative defense of fair use where defendant did not plead

19  any facts to satisfy the elements of the defense).

20  Accordingly, Costco's Fourth Affirmative Defense and Moret's Fourteenth

21  Affirmative Defense should be stricken.

### 9.   Costco's Eighth and Moret's Fifteenth Affirmative Defense (Good Faith) Should be Stricken

24  Costco and Moret's assertions that lululemon's claims are barred in whole or

25  in part because Defendants' conduct was at all times in good faith, innocent, lacking

26  malicious intent, etc. is not an affirmative defense to liability. *See* Dkt. 29 at 17; Dkt.

27  44 at 26; *see, e.g.*, *Gibson Brands, Inc.*, 2014 WL 4187979, at *4 ("[i]f the allegations

28  in Plaintiff's Complaint were found to be true and Plaintiff were able to establish its

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

18

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
MORET AND COSTCO AFFIRMATIVE
DEFENSES
2:25-cv-05864-FLA-(AJRx)

prima facie case, this scenario would necessarily preclude Defendant's contrary assertions that, for example, the infringement was 'innocent' … These defenses are not, therefore, affirmative defenses.").

To the extent that good faith may be relevant to damages, Defendants have failed to plead the defense sufficiently. Defendants do not identify which claim their "good faith" affirmative defense applies to, nor do they allege any supporting facts. As a result, the Court should strike Costco's Eighth and Moret's Fifteenth Affirmative Defense. *See, e.g.*, *Amini Innovation*, 2014 WL 360048, at *3 (striking affirmative defense of "innocent intent" with respect to trade dress infringement because defendants failed to plead any facts to support innocent intent); *MPI LLC*, 2023 WL 5505028, at *2 (striking "good faith" defense because defendant "does not explain the relevance of its good faith defense to any claims for either patent."); *Davis*, 2021 WL 4816823, at *7 (striking affirmative defense of innocent intent where defendant did not plead any facts that would support of defense of innocent intent).

Accordingly, the Court should strike Costco's Eighth and Moret's Fifteenth Affirmative Defense.

## V.    CONCLUSION

Moret and Costco have pleaded a series of boilerplate affirmative defenses, many of which are not even affirmative defenses, and the rest of which are insufficiently pleaded. Striking these legally deficient and inadequately pleaded affirmative defenses will streamline the litigation by disposing of frivolous affirmative defenses and allowing the parties and the Court to focus on the actual, well-pleaded issues instead.

Accordingly, this Court should strike Costco's Affirmative Defenses and Moret's Affirmative Defenses.

1   Dated:    October 7, 2025              MORGAN, LEWIS & BOCKIUS LLP

2

3                                         By */s/ Ali S. Razai*
                                             Ali S. Razai
4                                            Brandon G. Smith
                                             Brian O'Donnell
                                             Jack Hendershott
5

6                                         Attorneys for Plaintiff
                                          LULULEMON ATHLETICA
7                                         CANADA, INC. AND LULULEMON,
                                          USA INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
MORET AND COSTCO AFFIRMATIVE
DEFENSES
2:25-cv-05864-FLA(AJRx)

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff lululemon athletica Canada inc. and lululemon usa, inc. certifies that this brief contains 5,967 words, which complies with the word limit of L.R 11-6.1

Dated:        October 7, 2025                    MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Ali S. Razai*
     Ali S. Razai
     Brandon G. Smith
     Brian O'Donnell
     Jack Hendershott

Attorneys for Plaintiff
LULULEMON ATHLETICA
CANADA, INC. AND LULULEMON
USA, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

21

MEMO ISO PLAINTIFFS' MOTION TO STRIKE
MORET AND COSTCO AFFIRMATIVE
DEFENSES
2:25-cv-05864-FLA(AJRx)

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Orange County, California.  I am over the age of eighteen years and not a party to the within action.  My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626-7653.

On October 7, 2025, I served the foregoing document on counsel shown below via ECF:

Thomas Vidal
PRYOR CASHMAN LLP
1901 Avenue of the Stars,
Suite 900
Los Angeles, CA 90067
tvidal@pryorcashman.com

Brad D. Rose
Matthew Barkan
Jeffrey L. Snow
Alexander White
Kate E. Garber
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
mailto:brose@pryorcashman.com
brose@pryorcashman.com
mbarkan@pryorcashman.com
awhite@pryorcashman.com
kgarber@pryorcashman.com

Attorneys for Intervenor-Defendant,
JACQUES MORET INC

William A. Delgado
Ellen Y. Yang
Nicole G. Malick
DTO Law
915 Wilshire Boulevard, Suite 1950
Los Angeles, CA 90017
wdelgado@dtolaw.com
eyang@dtolaw.com
nmalick@dtolaw.com

Sudip Kundu
DTO Law
307 5th Avenue, 12th Floor
New York, NY 10016
skundu@dtolaw.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 7, 2025, at Costa Mesa, California.

*/s/ Katie Thompson*