Ali S. Razai, Bar No. 246,922
ali.razai@morganlewis.com
Brandon G. Smith, Bar No. 307,676
brandon.smith@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:  +1.714.830.0600
Fax: +1.714.830.0700

Brian O'Donnell (*pro hac vice*)
brian.odonnell@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Chicago, IL 60606-1511
Tel:  +1.312.324.1565
Fax: +1.312.324.1001

John Hendershott (*pro hac vice*)
jack.hendershott@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Tel:  +1.212.309.6000
Fax: +1.212.309.6001

Attorneys for Plaintiffs
LULULEMON ATHLETICA CANADA INC.
LULULEMON USA INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LULULEMON ATHLETICA CANADA INC. AND LULULEMON USA, INC., <br><br> Plaintiffs/Counter-Defendants, <br><br> vs. <br><br> COSTCO WHOLESALE CORPORATION <br><br> Defendant, <br><br> JACQUES MORET, INC. <br><br> Intervenor-Defendant/Counter-Claimant. | Case No. 2:25-cv-05864-FLA(AJRx) <br><br> **PLAINTIFFS' ANSWER TO INTERVENOR-DEFENDANT JACQUES MORET, INC.'S COUNTERCLAIMS** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

PLAINTIFFS' ANSWER TO INTERVENOR-DEFENDANT'S COUNTERCLAIMS
2:25-cv-05864-FLA(AJRx)

Plaintiffs/Counter-Defendants lululemon athletica canada inc. and lululemon usa, inc. (collectively, "lululemon" or "Plaintiffs"), by and through its undersigned counsel, answer the Counterclaims of Intervenor-Defendant/Counter-Claimant Jacques Moret Inc. ("Moret" or "Intervenor-Defendant") as follows:

## JURISDICTION AND VENUE

1. lululemon denies the allegations in paragraph 1 of Moret's Counterclaims, except that it admits only that Moret's Counterclaims purport to allege counterclaims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.* lululemon denies the merit and validity of Moret's Counterclaims.

2. lululemon denies the allegations of paragraph 2 of Moret's Counterclaims, and further denies the legal conclusions set forth therein, except that it admits for purposes of this matter only that this Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338, 2201 and 2202, based on an actual controversy between Moret and lululemon.

3. lululemon denies the allegations of paragraph 3 of Moret's Counterclaims, and further denies the legal conclusions set forth therein, except that it admits for purposes of this matter only that this Court as supplemental jurisdiction over Moret's counterclaims that arise under state statutes and the common law pursuant to 28 U.S.C. § 1367(a).

4. lululemon admits its products are available throughout the United States online and through lululemon's own retail stores, including multiple stores in this Judicial District, that lululemon regularly transacts, does business and solicits business in this District, that lululemon derives substantial revenue from interstate commerce, including deriving revenue from its business in this District. lululemon denies the legal conclusions set forth in the allegations of paragraph 4 of Moret's

Counterclaims, except that it admits for purposes of this action only the Court has personal jurisdiction over lululemon.

5. lululemon admits it is subject to personal jurisdiction based on the filing of this lawsuit. lululemon denies the legal conclusions set forth in the allegations of paragraph 5 of Moret's Counterclaims, except that it admits for purposes of this action only that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)-(d) and 1400(b).

## THE PARTIES

6. lululemon lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations of paragraph 6 of Moret's Counterclaims, and therefore denies them.

7. lululemon lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations of paragraph 7 of Moret's Counterclaims, and therefore denies them.

8. lululemon admits the allegations in paragraph 8 of Moret's Counterclaims.

## MORET'S FACTUAL BACKGROUND

I. **Facts Common to All Claims for Relief**

9. lululemon lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations of paragraph 9 of Moret's Counterclaims, and therefore denies them.

10. lululemon lacks information or knowledge sufficient to answer or form a belief as to the truth of the allegations of paragraph 10 of Moret's Counterclaims, and therefore denies them.

11. lululemon admits the allegations in paragraph 11 of Moret's Counterclaims.

12. lululemon admits the allegations in paragraph 12 of Moret's Counterclaims.

## II. The Asserted Patents

13. lululemon admits that it asserts U.S. Patent No. D989,442 against the "Danksin Half-Zip Hoodie" and U.S. Patent No. D1,035,219 against the "Danskin Half-Zip Pullover" and that Danskin products are included in the definition of "Moret Accused Products" in Moret's Answer at page 3, first paragraph. lululemon lacks information or knowledge sufficient to answer or form a belief as to the truth of the remainder of the allegations of paragraph 13 of Moret's Counterclaims, and therefore denies then.

14. lululemon denies that Moret attached any exhibits to Moret's Counterclaims. lululemon admits the remainder of the allegations in paragraph 14 of Moret's Counterclaims.

15. lululemon denies that Moret attached any exhibits to Moret's Counterclaims. lululemon admits the remainder of the allegations in paragraph 15 of Moret's Counterclaims.

16. lululemon admits the allegations in paragraph 16 of Moret's Counterclaims.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 17 of Moret's Counterclaims

### a. [Purported] Differences Between the Moret Accused Products and the Asserted Patents

18. lululemon admits that paragraph 18 of Moret's Counterclaims purports to include a reproduction of Figs. 1 and 2 of U.S. Patent No. D989,442, and that Fig. 1 purports to depict a front view of the claimed designed, and Fig. 2 purports to depict a rear view of the claimed design. The remainder of paragraph 18 of Moret's

Counterclaims includes legal conclusions to which no response is required. To the extent that a response is required, lululemon denies the allegations in paragraph 18 of Moret's Counterclaim.

19. lululemon lacks knowledge or information sufficient to determine the truth of the allegations regarding what product is shown in the images below paragraph 19 of Moret's Counterclaim. The remainder of paragraph 19 of Moret's Counterclaim includes legal conclusions which do not require a response. To the extent a response is required, lululemon denies the remaining allegations of paragraph 19 of Moret's Counterclaim.

20. lululemon admits that paragraph 20 of Moret's Counterclaims purports to include annotated reproductions of Figs. 1 and 2 of U.S. Patent No. D1,035,219 and that Fig. 1 purports to depict a front view of the claimed design, and Fig. 2 purports to depict a rear view of the claimed design. The remaining allegations in paragraph 20 of Moret's Counterclaim include legal conclusions to which no response is required. To the extent a response is required, lululemon denies the remaining allegations in paragraph 20 of Moret's Counterclaim.

21. lululemon lacks knowledge or information sufficient to determine the truth of the allegations regarding what product is shown in the images below paragraph 21 of Moret's Counterclaim. The remaining allegations of paragraph 21 include legal conclusions to which no response is required. To the extent a response is required, lululemon denies the remaining allegations of paragraph 21 of Moret's Counterclaim.

22. Paragraph 22 of Moret's Counterclaim includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 22 of Moret's Counterclaim.

23. Paragraph 23 of Moret's Counterclaim includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in Paragraph 23 of Moret's Counterclaim.

### III. The Asserted Trade Dress and Trademark

24. lululemon admits its asserts its registered and common law DEFINE trade dress against products sold under the name "Jockey Ladies Yoga Jacket", and the common law SCUBA trade dress and common law TIDEWATER TEAL trademark are asserted against products sold under the names "Danskin Half-Zip Hoodie" and "Danskin Half-Zip Pullover." lululemon lacks information or knowledge sufficient to answer or form a belief as to the truth of the remainder of the allegations of paragraph 24 of Moret's Counterclaims, and on that basis denies them.

25. lululemon denies that Moret attached any exhibits to Moret's Counterclaims. lululemon admits the remainder of the allegations in paragraph 25 of Moret's Counterclaims.

26. lululemon admits the allegations in paragraph 26 of Moret's Counterclaims.

27. Paragraph 27 of Moret's Counterclaim includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in Paragraph 27 of Moret's Counterclaims.

   **a. Differences Between the Moret Accused Products and the Asserted Trade Dress**

   **i. The Registered DEFINE Trade Dress**

28. lululemon admits that it asserts that the Jockey Ladies Yoga Jacket infringes the DEFINE trade dress in U.S. Trademark Reg. No. 7,526,264, that Moret purports to reproduce in paragraph 28 of Moret's Counterclaims the drawing on the face of the certificate of registration for U.S. Trademark Reg. No. 7,526,264, and that the face of the certificate states that "[t]he mark consists of one line appearing

horizontally in a wave design that is applied to the back of a garment above two parallel vertical lines, with a horizontal line appearing between the two parallel vertical lines." The remainder of paragraph 28 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent that a response is required, lululemon denies the remaining allegations in Moret's Counterclaims.

29. lululemon admits that paragraph 29 of Moret's Counterclaims purports to include an annotated view of the back region of the Jockey Ladies Yoga Jacket. The remaining allegations of paragraph 29 include legal conclusions to which no response is required. To the extent a response is required, lululemon denies the remaining allegations of paragraph 29 of Moret's Counterclaims.

30. lululemon admits that it asserts that the Jockey Ladies Yoga Jacket infringes the DEFINE trade dress in U.S. Trademark Reg. No. 7,526,265, that Moret purports to reproduce in paragraph 30 of Moret's Counterclaims the drawing on the face of the certificate of registration for U.S. Trademark Reg. No. 7,526,265, and that the face of the certificate states that "[t]he mark consists of two lines appearing vertically in a wave design that is applied to the front of a garment and one line that appears horizontally across the upper portion of the vertical lines." The remaining allegations in paragraph 30 of Moret's Counterclaim constitute legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations.

31. lululemon admits that paragraph 31 of Moret's Counterclaims purports to include an annotated view of the front region of the Jockey Ladies Yoga Jacket. The remaining allegations of paragraph 31 include legal conclusions to which no response is required. To the extent a response is required, lululemon denies the remaining allegations of paragraph 31 of Moret's Counterclaim.

32. Paragraph 32 of Moret's Counterclaim includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations.

33. Paragraph 33 of Moret's Counterclaim includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations.

### ii. The Common law DEFINE Trade Dress

34. lululemon admits the allegations in paragraph 34 of Moret's Counterclaims.

35. Paragraph 35 of Moret's Counterclaim includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 35 of Moret's Counterclaim.

36. lululemon admits that paragraph 36 of Moret's Counterclaims purports to include an annotated view of the back region of the Jockey Ladies Yoga Jacket. The remaining allegations of paragraph 36 include legal conclusions to which no response is required. To the extent a response is required, lululemon denies the remaining allegations of paragraph 36 of Moret's Counterclaim.

37. lululemon admits that paragraph 37 of Moret's Counterclaims purports to include an annotated view of the front region of the Jockey Ladies Yoga Jacket. The remaining allegations of paragraph 37 include legal conclusions to which no response is required. To the extent a response is required, lululemon denies the remaining allegations of paragraph 37 of Moret's Counterclaim.

38. Paragraph 38 of Moret's Counterclaim includes legal conclusion to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 38 of Moret's Counterclaims.

39. Paragraph 39 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 39 of Moret's Counterclaim.

### iii. The Common Law SCUBA Trade Dress

40. lululemon admits the allegations in paragraph 40 of Moret's Counterclaims.

41. Paragraph 41 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 41 of Moret's Counterclaims.

42. lululemon lacks knowledge or information sufficient to form a belief as to the identity of the product shown in the images below paragraph 42 of Moret's Counterclaim and on that basis denies those allegations. The remaining allegations of Paragraph 42 include legal conclusions to which no response is required. To the extent a response is required, lululemon denies the remaining allegations of paragraph 42.

43. Paragraph 43 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 43 of Moret's Counterclaims.

44. Paragraph 44 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 44 of Moret's Counterclaims.

### b. The TIDEWATER TEAL Trademark

45. lululemon admits the allegations in paragraph 45 of Moret's Counterclaims.

46. lululemon denies that Moret attached any exhibits to Moret's Counterclaims. The remaining allegations in paragraph 46 of Moret's Counterclaims include legal conclusions to which no response is required. To the extent a response

is required, lululemon denies the allegations in paragraph 46 of Moret's Counterclaims.

47. Paragraph 47 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 47 of Moret's Counterclaims.

48. Paragraph 48 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 48 of Moret's Counterclaims.

49. Paragraph 49 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 49 of Moret's Counterclaims.

## COUNTERCLAIM NO. 1

**(Declaratory Judgment of Non-Infringement of Patents – U.S. Design Patent Nos. D989,442 and D1,035,219)**

50. lululemon realleges and incorporates by reference the responses set forth in its answers to paragraphs 1-49 above, as if fully set forth herein.

51. Paragraph 51 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 51 of Moret's Counterclaims.

52. Paragraph 52 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 52 of Moret's Counterclaims.

53. Paragraph 53 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 53 of Moret's Counterclaims.

54. lululemon denies the allegations in paragraph 54 of Moret's First Counterclaim.

55. Paragraph 55 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 55 of Moret's Counterclaims.

## COUNTERCLAIM NO. 2

**(Declaratory Judgment of Non-Infringement of Trade Dress and Trademark Under the Lanham Act)**

56. lululemon realleges and incorporates by reference the responses set forth in its answers to paragraphs 1-55 above, as if fully set forth herein.

57. Paragraph 57 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 57 of Moret's Counterclaims.

58. lululemon denies the allegations in paragraph 58 of Moret's Second Counterclaim.

59. lululemon denies the allegations in paragraph 59 of Moret's Second Counterclaim.

60. Paragraph 60 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 60 of Moret's Counterclaims.

## COUNTERCLAIM NO. 3

**(Declaratory Judgment of Non-Infringement of Trade Dress and Trademark Under State Law)**

61. lululemon realleges and incorporates by reference the responses set forth in its answers to paragraphs 1-60 above, as if fully set forth herein.

62. Paragraph 62 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 62 of Moret's Counterclaims.

63. lululemon denies the allegations in paragraph 63 of Moret's Third Counterclaim.

64. lululemon denies the allegations in paragraph 64 of Moret's Third Counterclaim.

65. Paragraph 65 of Moret's Counterclaims includes legal conclusions to which no response is required. To the extent a response is required, lululemon denies the allegations in paragraph 65 of Moret's Counterclaims.

## RESPONSE TO MORET'S PRAYER FOR RELIEF

To the extent that a response to Moret's Prayer for Relief is required, lululemon denies that Moret is entitled to the relief it requests or any other relief.

## PRAYER FOR RELIEF

WHEREFORE, lululemon respectfully request the following relief:

A. That the Counterclaims against lululemon be dismissed with prejudice and that all relief requested by Intervenor-Defendant/Counter-Claimant be denied.

B. Any such other and further relief as this Court may deem just and proper.

Dated: October 7, 2025    MORGAN, LEWIS & BOCKIUS LLP

By */s/ Ali S. Razai*
Ali S. Razai
Brandon G. Smith
Brian O'Donnell
Jack Hendershott

Attorneys for Plaintiff
LULULEMON ATHLETICA CANADA, INC.

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Orange County, California. I am over the age of eighteen years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA 92626-7653.

On October 7, 2025, I served the foregoing document on counsel shown below via ECF:

Thomas Vidal
PRYOR CASHMAN LLP
1901 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
tvidal@pryorcashman.com

Brad D. Rose
Matthew Barkan
Jeffrey L. Snow
Alexander White
Kate E. Garber
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
mailto:brose@pryorcashman.com
brose@pryorcashman.com
mbarkan@pryorcashman.com
awhite@pryorcashman.com
kgarber@pryorcashman.com

Attorneys for Intervenor-Defendant,
JACQUES MORET INC

William A. Delgado
Ellen Y. Yang
Nicole G. Malick
DTO Law
915 Wilshire Boulevard, Suite 1950
Los Angeles, CA 90017
wdelgado@dtolaw.com
eyang@dtolaw.com
nmalick@dtolaw.com

Sudip Kundu
DTO Law
307 5th Avenue, 12th Floor
New York, NY 10016
skundu@dtolaw.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 7, 2025, at Costa Mesa, California.

*s/ Katie Thompson*