Thomas H. Vidal (State Bar No. 204432)
*tvidal@pryorcashman.com*
**PRYOR CASHMAN LLP**
1901 Avenue of the Stars, Suite 900
Los Angeles, California 90067
(310) 683-6900

Brad D. Rose (admitted *pro hac vice*)
*brose@pryorcashman.com*
Matthew Barkan (admitted *pro hac vice*)
*mbarkan@pryorcashman.com*
**PRYOR CASHMAN LLP**
7 Times Square
New York, NY 10036
(212) 421-4100
*Attorneys For Defendant Intervenor*
JACQUES MORET INC.

*Additional Counsel Listed on Following Page*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LULULEMON ATHLETICA CANADA INC. AND LULULEMON USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> Defendant. | Case No. 2:25-cv-05864-FLA-AJR <br> Hon. Fernando L. Aenlle-Rocha <br><br> **DEFENDANT INTERVENOR JACQUES MORET INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS AND STRIKE MORET'S SECOND AMENDED COUNTERCLAIM AND SIXTEENTH AFFIRMATIVE DEFENSE OF INTERVENOR JACQUES MORET INC.** |

Jeffrey L. Snow (admitted *pro hac vice*)
 *jsnow@pryorcashman.com*
Alexander White (admitted *pro hac vice*)
 *awhite@pryorcashman.com*
Rachel M. Kaplowitz (admitted pro hac vice)
 *rkaplowitz@pryorcashman.com*
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys For Defendant Intervenor*
JACQUES MORET INC.

DEFENDANT INTERVENOR JACQUES MORET INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS AND STRIKE SECOND AMENDED COUNTERCLAIM AND SIXTEENTH
AFFIRMATIVE DEFENSE OF JACQUES MORET INC. INC.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION .................................................................................................... 1

LEGAL STANDARDS ........................................................................................... 6

ARGUMENT ........................................................................................................... 8

    A. Moret Properly Pled "Who" Committed the Inequitable Conduct ............. 8

    B. Moret Pled Facts Sufficient to Support the Conclusion That the Identified Individuals Knew of the 2018-2019 Lululemon Scuba Prior Art Garment and Failed to Disclose It with an Intent to Deceive the Patent Office ........................................................................ 10

    C. Moret Pled Facts to Support the Conclusion that the 2018-2019 Lululemon Scuba Prior Art Garment Is Material to the Patentability of the Asserted Patents and Not Cumulative ............................................... 13

    D. Patent Unenforceability Affirmative Defense Is Sufficiently Pled ............ 15

    E. The Court Should Not Dismiss Moret's Inequitable Conduct Counterclaim and Patent Unenforceability Affirmative Defense Without Leave to Amend ............................................................................ 15

CONCLUSION ...................................................................................................... 16

DEFENDANT INTERVENOR JACQUES MORET INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS AND STRIKE SECOND AMENDED COUNTERCLAIM AND SIXTEENTH AFFIRMATIVE DEFENSE OF JACQUES MORET INC. INC.

## TABLE OF AUTHORITIES

**CASES**                                                                                 **PAGE(s)**

*California Costume Collections, Inc. v. Pandaloon, LLC*,
 No. 2:21-CV-01323-JWH-JEMx, 2022 WL 1062056
 (C.D. Cal. Apr. 7, 2022) ............................................................... 6, 11, 13, 16

*U.S., ex rel. Carver v. Factor Nutrition Labs, LLC*,
 2010 WL 5071696 (N.D. Cal. Dec. 7, 2010) ....................................................... 7

*Cellwitch Inc. v. Tile, Inc.*,
 No. 19-cv-01315-JSW, Dkt. No. 221, slip op.
 (N.D. Cal. Nov. 2, 2023) ................................................................................. 7

*Dioptics Med. Prods., Inc. v. IdeaVillage Prods. Corp.*,
 No. CV 08-03538 PVT, 2010 WL 4393876 (N.D. Cal. Oct. 29, 2010) ............ 13

*Enerlites, Inc. v. Century Prods. Inc.*,
 No. SACV 18-839, 2018 WL 4859947 (C.D. Cal. Aug. 13, 2018) ................... 13

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
 575 F.3d 1312 (Fed. Cir. 2009) ................................................................. 6, 7, 10

*Hangzhou Chic Intelligent Tech. Co. v. Razor USA LLC*,
 No. 2:16-CV-06359-RGK, 2016 WL 10518582
 (C.D. Cal. Dec. 19, 2016) ................................................................................. 7

*Human Genome Sciences, Inc. v. Genentech, Inc.*,
 No. 2:11-CV-6519-MRP, 2011 WL 7461786 (C.D. Cal. Dec. 9, 2011) ............. 7

*International Seaway Trading Corp. v. Walgreens Corp.*,
 589 F.3d 1233 (Fed. Cir. 2009) ......................................................................... 13

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*,
 439 F.3d 1335 (Fed. Cir. 2006) ......................................................................... 11

*Regeneron Pharms., Inc. v. Merus N.V.*,
 864 F.3d 1343 (Fed. Cir. 2017) ......................................................................... 14

*Therasense, Inc. v. Becton, Dickinson & Co.*,
 649 F.3d 1276 (Fed. Cir. 2011) ..................................................................... 6, 11

DEFENDANT INTERVENOR JACQUES MORET INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO DISMISS AND STRIKE SECOND AMENDED COUNTERCLAIM AND SIXTEENTH
AFFIRMATIVE DEFENSE OF JACQUES MORET INC.

*Total Rebuild, Inc. v. PHC Fluid Power, LLC*,
    417 F. Supp. 3d 797 (W.D. La. 2019) ................................................................. 12

*TransWeb, LLC v. 3M Innovative Props. Co.*,
    812 F.3d 1295 (Fed. Cir. 2016) ....................................................................... 12

## STATUTES AND RULES

35 U.S.C. § 102 ....................................................................................................... 4

35 U.S.C. § 103 ....................................................................................................... 4

Fed. R. Civ. P. 9(b) ............................................................................................ 6, 15

Fed. R. Civ. P. 15(a) ............................................................................................. 15

DEFENDANT INTERVENOR JACQUES MORET INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS AND STRIKE SECOND AMENDED COUNTERCLAIM AND SIXTEENTH AFFIRMATIVE DEFENSE OF JACQUES MORET INC.

Intervenor-Defendant/Counter-Claimant Jacques Moret Inc. ("Moret") hereby submits its opposition to the motion by Plaintiffs Lululemon Athletica Canada Inc. ("Lululemon Canada") and Lululemon USA, Inc. (collectively, "Lululemon" or "Plaintiffs") to dismiss and strike Moret's Second Amended Counterclaim and Sixteenth Affirmative Defense, respectively, which relate to Moret's claim of unenforceability of the Asserted Patents due to inequitable conduct.

## **INTRODUCTION**

While conducting its diligence in defending against Plaintiffs' unfounded claims of design patent infringement in this action, Moret discovered a highly material *prior art garment sold by Lululemon*, identified as the "2018-2019 Lululemon Scuba Prior Art Garment," which was not cited to, and intentionally withheld from, the patent examiner by Lululemon Canada's designers/inventors and patent attorney in connection with prosecuting the patent applications that issued as the Asserted Patents.

Plaintiffs now seek to sidestep their own misconduct for hiding *Lululemon's own prior art* from the Patent Office through an attempt to dismiss and strike Moret's sufficiently pled counterclaim and affirmative defenses of inequitable conduct. In its Second Amended Answer, Affirmative Defenses, and Counterclaims (Dkt. No. 71)[1] ("Second Amended Answer and Counterclaims") (of which Plaintiffs chose not to oppose Moret's filing), Moret set out allegations of *fact* that support its inequitable conduct counterclaim and affirmative defense. These factual allegations include:

1. Michelle Alicia Rae Beaulieu ("Beaulieu") and Jessica Somaly Tep ("Tep") are the named inventors of U.S. Design Patent No. D989,442 ("the '442 Patent") and U.S. Design Patent No. D1,035,219 ("the '219 Patent") (collectively,

---

[1] References herein to numbered paragraphs of Dkt. No. 71 refer to Moret's Counterclaims.

DEFENDANT INTERVENOR JACQUES MORET INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS AND STRIKE SECOND AMENDED COUNTERCLAIM AND SIXTEENTH AFFIRMATIVE DEFENSE OF JACQUES MORET INC. INC.

"Asserted Patents"). *Id*. ¶¶ 14-15. Beaulieu and Tep executed declarations that they are inventors of the Asserted Patents. *Id*. ¶ 22.

2.      Lululemon Canada was the applicant and assignee, and continues to be the assignee, of the Asserted Patents. *Id*. ¶¶ 14-15 & 17.

3.      Joseph Conneely ("Conneely") of Conneely PC is a registered patent practitioner before the United States Patent and Trademark Office who prosecuted the applications that issued as the Asserted Patents. *Id*. ¶¶ 19-20; *see also id*. ¶ 21 (powers of attorney from Lululemon Canada for the patent applications).

4.      On information and belief, designers/inventors Beaulieu and Tep and patent attorney Conneely "were all substantively involved in, and knew of their duty of candor and good faith in connection with, the prosecution of the applications that issued as the '442 and '219 Patents. *Id*. ¶ 88.

5.      The '442 and '219 Patents are a continuation application and a continuation-in-part application, respectively, of an earlier patent application, U.S Serial. No. 29/765,375, which issued as U.S. Design Patent No. D969,456. *Id*. ¶ 16. The earliest claimed priority date of the '442 and '219 Patents, based on the filing date of the parent application, U.S. Serial No. 29/765,375, is January 7, 2021. *Id*. Ex. 7 (copy of U.S. Design Patent No. D969,456).

6.      During the prosecution of U.S. Serial No. 29/765,375, the patent examiner—not any of designers/inventors Beaulieu and Tep and patent attorney Conneely—cited a reference identified as the "2021 Oversized Half-Zip Hoodie," which appears to show a *garment sold by Lululemon* with the same appearance as, and identical features to, the claimed designs of the Asserted Patents. *Id*. ¶¶ 25-26 & 28. Designers/inventors Beaulieu and Tep and patent attorney Conneely only cited the 2021 Oversized Half-Zip Hoodie reference to the Patent Office during the prosecution of the Asserted Patents. *Id*. ¶ 27.

-2-

DEFENDANT INTERVENOR JACQUES MORET INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS AND STRIKE SECOND AMENDED COUNTERCLAIM AND SIXTEENTH AFFIRMATIVE DEFENSE OF JACQUES MORET INC.

7.     At least as early as February 2018 and throughout the 2018-2019 time frame, Lululemon sold a garment ("2018-2019 Lululemon Scuba Prior Art Garment") that has the same appearance as, and includes features of, the Asserted Patents. *Id*. ¶¶ 29-31 (including photographs of 2018-2019 Lululemon Scuba Prior Art Garment; including allegation that "these images show that the 2018-2019 Scuba Prior Art Garment itself constitutes highly pertinent and material prior art to the '442 and '219 Patents"); *id*. ¶ 32 (describing similar features of curved shoulder portions and a waistband with upward curvature extending into the back region in both the claimed designs of the Asserted Patents and the 2018-2019 Lululemon Scuba Prior Art Garment).

8.     "On information and belief, Lululemon, its employes (including the inventors of the '442 and '219 Patents), and its patent prosecution attorneys did know or should have known about the 2018-2019 Lululemon Scuba Prior Art Garment and its materiality to the claimed designs of the '442 and '219 Patents." *Id*. ¶ 33.

9.     Designers/inventors Beaulieu and Tep and patent attorney Conneely "did not disclose the 2018-2019 Lululemon Scuba Prior Art Garment to the Patent Office." *Id*. ¶ 92; *see also id*. ¶ 91 (same individuals "consistently withheld material information from the Patent Office in connection with the prosecution of the applications that issued as the '442 and '219 Patents"); *id*. ¶ 97 (same individuals "withheld the invalidating 2018-2019 Lululemon Scuba Prior Art Garment from the Patent Office, of which they clearly had knowledge, in spite of the requirement to do so.").

10.     The 2018-2019 Lululemon Prior Art Garment "is nearly identical or at least highly similar to the claimed designs of the '442 and '219 Patents." *Id*. ¶ 93.

11.     "A patent examiner at the Patent Office would have considered the 2018-2019 Lululemon Scuba Prior Art Garment material to the issuance of the '442 and '219 Patents." *Id*. ¶ 93.

12.     The 2018-2019 Lululemon Scuba Prior Art Garment "would have formed the basis for a rejection of the claimed designs, either alone or as a primary reference

-3-

combinable with other references or in light of itself, in the examination of the '442 and '219 patents for anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103." *Id*. ¶ 93.

13. The prior art cited during the prosecution of the Asserted Patent had the same overall appearance as the claimed design but did not have all the identical features. *Id*. ¶¶ 28 (prior art cited during prosecution "shows a garment with the same overall appearance as the claimed designs of the '442 and '219 Patents, as well as identical features including but not limited to a hood, sleeve cuffs, a waistband, and a kangaroo pouch") & 32 ("The 2018-2018 Lululemon Scuba Prior Art Garment has the same overall appearance as the claimed designs of the '442 and '219 Patents and further includes the features of (a) curved portions extending upward toward the shoulder regions and downward towards the sides at the rib cage region above the waistband, in the front view, and (b) the waistband having an upward curvature extending into the back region in the back view.").

14. "As the manufacturer, distributor, and seller of the garment shown in the 2018-2019 Lululemon Scuba Prior Art Garment, Lululemon Canada, as well as its inventors Beaulieu and Tap and its attorneys Conneely PC and Conneely, had knowledge of the 2018-2019 Lululemon Scuba Prior Art Garment prior to and during the prosecution of applications that issued as the '442 and '219 Patents." *Id*. ¶ 95.

15. Designers/inventors Beaulieu and Tep and patent attorney Conneely "did not cite the 2018-2019 Lululemon Scuba Prior Art Garment to the patent examiner at the Patent Office, despite the Patent Office's citation of a later Lululemon Scuba Hoodie, the 2021 Scuba Oversized Half-Zip Hoodie, which the examiner did not apply to reject the applications that issued as the '442 and '219 Patents on the basis of prior art." *Id*. ¶ 96.

16. On information and belief, designers/inventors Beaulieu and Tep and patent attorney Conneely "intended to deceive the Patent Office." *Id*. ¶ 99.

-4-

In view of these factual allegations, it is appalling that Lululemon's designers/inventors and attorneys intentionally withheld Lululemon's own, highly pertinent prior art garment design from the patent examiner, in violation of their duty of disclosure to the Patent Office, to obtain the Asserted Patents for Lululemon. In short, designers/inventors Beaulieu and Tep and patent attorney Conneely effectively hid the 2018-2019 Lululemon Scuba Prior Art Garment from the Patent Office and doubled down on their deception when the patent examiner made it clear that such prior art should be disclosed.

Plaintiffs' argument that this Court should grant dismissal because inequitable conduct claims are commonly asserted is of no moment. Moret's allegations of inequitable conduct here are fully justified and supported by the facts alleged in Moret's Second Amended Answer and Counterclaims and allow the Court to reasonably infer scienter. In particular, in their motion to dismiss and strike Moret's inequitable conduct claims, Plaintiffs either misconstrue or ignore critical factual allegations pled by Moret that inventors/designers Beaulieu and Tep and patent attorney Conneely each had both knowledge of the withheld information and a specific intent to deceive the Patent Office.. Just as Plaintiffs have persisted in seeking to strike Moret's well-pled affirmative defenses (*see* Plaintiffs' Motion to Strike Moret's Second Amended Affirmative Defenses (Dkt. No. 75)), with the present motion they accomplish no more than to delay these proceedings and increase litigation costs.[2]

---

[2] In their memorandum in support of the present motion (Dkt. No. 74-1 at 3), Plaintiffs continue to complain needlessly about the parties' meet-and-confer on Moret's inequitable conduct claim. As Moret explained in its response to Plaintiffs' Notice of Non-Opposition to Moret's Motion for Leave to File Second Amended Answer, Affirmative Defenses, and Counterclaims, Plaintiffs admitted that Moret identified the 2018-2019 Lululemon Scuba Prior Art Garment and it is incredulous for Plaintiffs to assert that they did not have enough detail about the inequitable conduct claim arising

-5-

For all of these reasons, Plaintiffs' motion to dismiss and strike Moret's inequitable conduct counterclaim and affirmative defense should be denied and, in any event, not granted without leave to amend if necessary.

## LEGAL STANDARDS

Unenforceability due to "[i]nequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011).

Fed. R. Civ. P. 9(b) governs the pleading of inequitable conduct claims. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). A pleading of inequitable conduct "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual[:] (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the [Patent Office]." *Id*. at 1328-29.

For purposes of responding to Plaintiffs' present motion, and contrary to Plaintiffs' contentions otherwise (Dkt. No. 74-1 at 6), Moret need not *prove* the allegations concerning inequitable conduct set out in the Second Amended Answer and Counterclaims. In particular, the pleading standard "does not require *proving* by clear and convincing evidence that intent to deceive is the single most reasonable inference. Rather, merely pleading such intent through plausible allegations is sufficient." *California Costume Collections, Inc. v. Pandaloon, LLC*, No. 2:21-CV-01323-JWH-JEMx, 2022 WL 1062056, at *5 (C.D. Cal. Apr. 7, 2022) (emphasis in original);

from the withholding of *Lululemon's own prior art* garment from the patent examiner. Dkt. No. 66 at 2. Given that Plaintiffs had Moret's amended pleading for many weeks before filing their Notice of Non-Opposition, Plaintiffs have no reasons for failing to oppose Moret's motion for leave to file the Second Amended Answer and Counterclaim at that time, other than that they had no basis to do so.

-6-

*Hangzhou Chic Intelligent Tech. Co. v. Razor USA LLC*, No. 2:16-CV-06359-RGK (AJWx), 2016 WL 10518582, at \*2 (C.D. Cal. Dec. 19, 2016) (inequitable conduct need not be "the single most reasonable inference" drawn from the alleged facts at the pleading stage) (internal quotation marks and citation omitted); *Human Genome Sciences, Inc. v. Genentech, Inc.*, No. 2:11-CV-6519-MRP (JEMx), 2011 WL 7461786, at \*3 (C.D. Cal. Dec. 9, 2011) ("[i]n deciding a motion to dismiss an inequitable conduct claim, the level of scrutiny applied to the pleadings does not appear to be so exacting" as to require clear and convincing evidence or meeting the single-most-reasonable burden, "a mere reasonable inference is quite enough to survive").

"Pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control," and it is permissible "if the pleading sets forth the specific facts upon which the belief is reasonably based." *Exergen*, 575 F.3d at 1330; *see also U.S., ex rel. Carver v. Factor Nutrition Labs, LLC*, 2010 WL 5071696, at \*2 (N.D. Cal. Dec. 7, 2010) ("[A]s to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded.") (citation omitted).

The Court should uphold a pleading of inequitable conduct where, as here, the facts alleged provide a plausible and reasonable basis to infer that a material and non-cumulative reference was intentionally withheld from the patent examiner. *See Cellwitch Inc. v. Tile, Inc.*, No. 19-cv-01315-JSW, Dkt. No. 221, slip op. at 9-10 (N.D. Cal. Nov. 2, 2023) (sustaining inequitable conduct claim based on allegation that inventor believed the prior art was a "threat" and therefore material).[3]

---

[3] *See* Ex. A to the Declaration of Jeffrey L. Snow dated January 30, 2026.

-7-

## ARGUMENT

### A.    Moret Properly Pled "Who" Committed the Inequitable Conduct

Plaintiffs incorrectly assert that Moret did not "name the specific individual[s] associated with the filing or prosecution of the application . . . who both knew of the material information and deliberately withheld or misrepresented it." Dkt. No. 74-1 at 7. To the contrary, Moret specifically named Lululemon Canada's designers/inventors of the claimed designs of the Asserted Patents, Beaulieu and Tep, and the patent attorney who prosecuted the Asserted Patents, Conneely of Conneely PC.[4]

Here, the designers/inventors, Beaulieu and Tep, were employed by Lululemon to create the designs of the Asserted Patents. Their designs are so similar to the 2018-2019 Lululemon Scuba Prior Art Garment that, as Moret pleads, the designers were necessarily aware of Lululemon's *own prior art design* from Lululemon's recent and current product portfolio—and they would have referred to the prior design itself in creating the new designs of the Asserted Patent as variations of the 2018-2019 Lululemon Scuba Prior Art Garment. The extreme similarity of the designs cannot be a coincidence and, in fact, the 2018-2019 Lululemon Scuba Prior Art Garment is the best prior art applicable to the determination of invalidity in this case. Dkt. No. 71 ¶¶ 29-32 (2018-2019 Lululemon Scuba Prior Art Garment has same appearance as, and includes features of, the Asserted Patents, as well as constitutes highly pertinent and material prior art to the Asserted Patents); *id*. ¶ 93 (2018-2019 Lululemon Scuba Prior Art Garment is nearly identical or at least highly similar to the claimed designs of the

---

[4] In the Second Amended Answer and Counterclaim, in addition to identifying the individuals who committed inequitable conduct, Moret also identifies Lululemon Canada as Beaulieu and Tep's employer for whom they created the claimed designs of the Asserted Patents and patent attorney Conneely's firm, Conneely PC. Moret considers that in addition to the named individuals, others at Lululemon Canada and Conneely PC may be found during the course of discovery in this action to have committed inequitable conduct.

-8-

Asserted Patents); *id*. ¶ 93 (2018-2019 Lululemon Scuba Prior Art Garment would have formed a basis for rejecting the claimed design, including as a primary reference for obviousness). The 2018-2019 Lululemon Scuba Prior Art Garment and its materiality to the patentability of the Asserted Patents were known not only to Beaulieu and Tep (the designers/inventors), but also to Conneely, the patent attorney to whom Beaulieu and Tep provided the drawings and application materials, including known prior art designs, to file and prosecute the patent applications that issued as Asserted Patents.

Tellingly, the patent examiner had located a Lululemon design reference encompassing the claimed designs of the Asserted Patents during the prosecution of the parent application and cited it on the prosecution record. Dkt. No. 71 ¶¶ 25-26 & 28 (2021 Oversized Half-Zip Hoodie reference cited by patent examiner shows *Lululemon garment* corresponding to the claimed designs of the Asserted Patents). This provided a clear indication to the patent attorney and the designers/inventors during the continuing prosecution of the applications issuing as the Asserted Patents that the patent examiner considered prior art garments, *particularly Lululemon's own prior art designs*, material to the question of patentability. Thus, as Moret sufficiently pleads, the patent attorney and the inventors/designers were informed and knew that Lululemon's prior art design—the 2018-2019 Lululemon Scuba Prior Art Garment—was material to the prosecution of the Asserted Patents, but they intentionally withheld this highly material prior art from the patent examiner. Dkt. No. 71 ¶¶ 95-96.

Accordingly, there is no question of "who did what" in connection with the inequitable conduct emanating from the prosecution of the Asserted Patents. Moret's Second Amended Answer and Counterclaims sets out a factual basis to allege that the designers/inventors Beaulieu and Tep and patent attorney Conneely knew of the material 2018-2019 Lululemon Scuba Prior Art Garment and deliberately withheld it from the patent examiner.

**B.      Moret Pled Facts Sufficient to Support the Conclusion that the Identified Individuals Knew of the 2018-2019 Lululemon Scuba Prior Art Garment and Failed to Disclose It with an Intent to Deceive the Patent Office**

Plaintiffs next assert that Moret failed to allege facts from which it could be inferred that Beaulieu, Tep, and Conneely failed to disclose the 2018-2019 Lululemon Scuba Prior Art Garment with intent to deceive the Patent Office. Dkt. No. 74-1 at 8-12. Plaintiffs are incorrect. Moret alleged a factual basis to conclude that designers/inventors Beaulieu and Tep and patent attorney Conneely knew of the 2018-2019 Lululemon Scuba Prior Art Garment, knew of its materiality to the patentability of the Asserted Patents, and withheld this prior art with a specific intent to deceive the Patent Office. Moret's Second Amended Answer and Counterclaims set forth the specific facts upon which its allegations are plausible and reasonably based. *Exergen*, 575 F.3d at 1330.

In particular, as designers employed by Lululemon to make new garment designs, it is plausible and reasonable to conclude that Beaulieu and Tep knew of the 2018-2019 Lululemon Scuba Prior Art Garment through their work designing the next iteration of Lululemon's Scuba Garment, which was nothing more than a variation of the 2018-2019 Lululemon Scuba Prior Art Garment, and that Conneely knew of the 2018-2019 Lululemon Scuba Prior Art Garment when he obtained the design materials from Beaulieu and Tep to prepare, file, and prosecute the patent applications that issued as the Asserted Patents. Dkt. No. 71 ¶¶ 19-21. As Moret further pled, the 2018-2019 Lululemon Scuba Prior Art Garment is prior art with which Lululemon's designers/inventors Beaulieu and Tep and patent attorney Conneely were intimately

-10-

familiar in their roles for Lululemon, not simply information that was "widely available" of which they might have been familiar.[5] Dkt. No. 71 ¶¶ 29-33.

It is also plausible and reasonable to conclude that Beaulieu, Tep, and Conneely knew of the materiality of the 2018-2019 Lululemon Scuba Prior Art Garment. Moret alleges that these individuals did know or should have known about the 2018-2019 Lululemon Scuba Prior Art Garment and its materiality to the claimed designs of the Asserted Patents. Dkt. No. 71 ¶ 33; *see California Costume*, 2022 WL 1062056, at *7 (determining whether inequitable conduct pleading alleged that the inventor and attorney "should have known" that the references were material) (citing *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, 439 F.3d 1335, 1341 (Fed. Cir. 2006) ("In an inequitable conduct determination based upon a nondisclosure, the applicant must know, or should have known, of the materiality of the reference for an inference of intent.")).[6] The withheld 2018-2019 Lululemon Scuba Prior Art Garment is material and not cumulative because it has the same appearance as and includes features of, and is nearly identical or highly similar to, the claimed designs of the Asserted Patents. Dkt. No. 71 ¶¶ 29-32 & 93. Further, the 2018-2019 Lululemon Scuba Prior Art Garment has features found in the claimed designs of the Asserted Patents that are not alleged to be present in other cited prior art. *Id.* ¶¶ 28 & 32. The patent examiner would have used this

---

[5] Plaintiffs' assertion that it was *Lululemon* (and not Beaulieu, Tep, or Conneely) that had knowledge of the 2018-2019 Lululemon Scuba Prior Art Garment as the manufacturer, distributor, and seller of the garment is a ruse, as designers/inventors Beaulieu and Tep knew of this prior art as LLL's *designers* and employee inventors of the Asserted Patents performing the specific task of making another very similar iteration of Lululemon's Scuba Garment. Dkt. No. 71 ¶¶ 29-33.

[6] Plaintiffs' assertion that the "should have known" standard is insufficient for alleging inequitable conduct (Dkt. No. 74-1 at 10) is misplaced, as the cited *Therasense* opinion was discussing proof of an inequitable conduct claim, not the pleading requirement.

-11-

information in assessing the patentability of the claims by rejecting the claimed designs as anticipated by or obvious over the 2018-2019 Lululemon Scuba Prior Art Garment, including as a primary reference, either alone or in combination with other prior art references. *Id*. ¶ 93.

It is further plausible and reasonable to conclude that, as the designers/inventors and prosecuting attorney for the claimed designs of the Asserted Patents, Beaulieu, Tep, and Conneely knew that they needed to cite the 2018-2019 Lululemon Scuba Prior Art Garment, of which the claimed designs of the Asserted Patents are mere variations, when the patent examiner had cited the then-current version of Lululemon's Scuba Garment in the prosecution record. *Id*. ¶¶ 25-28.

Finally, it is plausible and reasonable to infer and conclude, in light of all of these facts—particularly the extreme similarity of the 2018-2019 Lululemon Scuba Prior Art Garment and the claimed designs of the Asserted Patents and the patent examiner's indication that Lululemon's own prior art designs are material prior art—that Beaulieu, Tep, and Conneely flouted their clearly known and understood duty of disclosure to the Patent Office and *intentionally* withheld the highly material 2018-2019 Lululemon Scuba Prior Art Garment to deceive the patent examiner to obtain allowance of the applications that issued as the Asserted Patents. *See TransWeb, LLC v. 3M Innovative Props. Co.*, 812 F.3d 1295, 1304 (Fed. Cir. 2016) (Court "may infer intent from indirect and circumstantial evidence" because "direct evidence of intent is rare.") (citation omitted).  In fact, there is no reasonable excuse for the nondisclosure of *Plaintiffs' own* 2018-2019 Lululemon Scuba Prior Art Garment to the patent examiner. *Total Rebuild, Inc. v. PHC Fluid Power, LLC*, 417 F. Supp. 3d 797, 808 (W.D. La. 2019) (for an inequitable conduct claim based on failure to disclose sales of prior systems for years, the court found "[t]here is no reasonable excuse for the nondisclosure").

DEFENDANT INTERVENOR JACQUES MORET INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS AND STRIKE SECOND AMENDED COUNTERCLAIM AND SIXTEENTH AFFIRMATIVE DEFENSE OF JACQUES MORET INC.

**C.    Moret Pled Facts to Support the Conclusion that the 2018-2019 Lululemon Scuba Prior Art Garment Is Material to the Patentability of the Asserted Patents and Not Cumulative**

Contrary to Plaintiffs' assertions, Moret pled facts to support the conclusion that the 2018-2019 Lululemon Scuba Prior Art Garment is material to the patentability of the Asserted Patents and not cumulative. Significantly, Moret identifies, describes, and shows the 2018-2019 Lululemon Scuba Prior Art Garment in the Second Amended Answer and Counterclaims. Dkt. No. 71 ¶¶ 29-32 (describing extremely similar appearance and overlapping features of the prior art and claimed designs and materiality of the 2018-2019 Lululemon Scuba Prior Art Garment).

The similarity of the 2018-2019 Lululemon Scuba Prior Art Garment and the claimed designs of the Asserted Patents is undeniable, and the ordinary observer—as well as the Court making such an assessment—can conclude that Lululemon's prior art garment is material to the question of patentability. Importantly, the 2018-2019 Lululemon Scuba Prior Art Garment and the claimed designs of the Asserted Patents are not so dissimilar that the Court could find at this stage of the proceedings that Moret's but-for materiality allegations fail as a matter of law. *See California Costume*, 2022 WL 1062056, at * 5 ; *Enerlites, Inc. v. Century Prods. Inc*., No. SACV 18-839 JVS (KESx), 2018 WL 4859947, at *3 (C.D. Cal. Aug. 13, 2018) (Typically, design patent infringement is a question of fact, "unless the claimed design and accused product are so plainly dissimilar that it is implausible that an ordinary observer would confuse them."). Determining "[w]hich features would be significant to the ordinary observer is a question of fact." *Dioptics Med. Prods., Inc. v. IdeaVillage Prods. Corp.*, No. CV 08-03538 PVT, 2010 WL 4393876, at *2 (N.D. Cal. Oct. 29, 2010) (citing *International Seaway Trading Corp. v. Walgreens Corp*., 589 F.3d 1233, 1241-42 (Fed. Cir. 2009)). "Those infringement-related factual questions also pertain to what the examiner would have considered material. . . ." *California Costume*, 2022 WL 1062056,

-13-

at *5. In light of the extreme similarity and closeness of the prior art and claimed designs, it would be reasonable to conclude that the patent examiner could have—and should have—assessed the patentability of the claimed designs of the Asserted Patents in light of the 2018-2019 Lululemon Scuba Prior Art Garment.

Further, the Lululemon 2018-2019 Scuba Prior Art Garment is not merely cumulative of other prior art designs, including U.S. Design Patent No. D787,160 ("the '160 Patent"), that were cited to the patent examiner. *See* Dkt. No. 74-1 at 13. In particular, Moret explained in its Second Amended Answer and Counterclaims how the 2018-2019 Lululemon Scuba Prior Art Garment includes certain features, namely curved shoulder portions and a waistband with upward curvature extending into the back region, that are *not* alleged to be present in other cited prior art such as the '160 Patent. Dkt. No. 71 ¶¶ 28 & 32. The withheld 2018-2019 Lululemon Scuba Prior Art Garment taught more than what a reasonable patent examiner would have considered to be taught by the cited prior art. *Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1350 (Fed. Cir. 2017) ("A reference is cumulative when it teaches no more than what a reasonable examiner would consider to be taught by the prior art already before the PTO.") (internal quotation marks and citation omitted). In fact, even a cursory examination reveals that the 2018-2019 Lululemon Scuba Prior Art Garment is extremely similar to the claimed designs of the Asserted Patent. Moreover, there is no real question that *Lululemon's own prior art design*, of which the claimed designs of the Asserted Patents are merely variations, would be more material to the patentability of the claimed designs and not merely cumulative of other prior art cited during prosecution of the Asserted Patents.

Therefore, Moret has pled particularized facts to support the conclusion that 2018-2019 Lululemon Scuba Prior Art Garment is but-for material to the patentability of the claimed designs of the Asserted Patents and not cumulative.

-14-

## D.    Patent Unenforceability Affirmative Defense Is Sufficiently Pled

Moret's Sixteenth Affirmative Defense of patent unenforceability is sufficiently pled for the same reasons set forth above with respect to Moret's inequitable conduct counterclaim. The unenforceability affirmative defense meets the pleading requirements of Fed. R. Civ. P. 9(b) through its reliance on the allegations made with specificity in connection with Moret's inequitable conduct counterclaim.

## E.    The Court Should Not Dismiss Moret's Inequitable Conduct Counterclaim and Patent Unenforceability Affirmative Defense Without Leave to Amend

Moret herein asserts that its inequitable conduct counterclaim and patent unenforceability affirmative defense have been sufficiently pled and should not be dismissed or stricken in light of Plaintiffs' present motion. Nevertheless, if the Court were to determine that any aspect of Moret's pleading on these issues is insufficient, then Moret would request an opportunity to replead the allegations on this issue to supplement or correct them.

Plaintiffs have provided no basis for asserting that they would be prejudiced by Moret's repleading the inequitable conduct counterclaim and affirmative defense if the Court deems them insufficient, and they cannot allege any prejudice, delay caused by Moret, or futility. Indeed, Plaintiffs previously declined to oppose Moret's amendment of its first amended pleading. Significantly, Moret's inequitable conduct claims were set out for the first time in the Second Amended Answer, Counterclaims, and Affirmative Defenses, which were filed promptly after Moret discovered the 2018-2019 Lululemon Prior Art Garment in the course of its ongoing investigation. This action remains in its early stages, and the parties have not yet begun to exchange documents in discovery.

Moreover, citing the admonition of Fed. R. Civ. P. 15(a) that leave to amend a claim "shall be freely granted when justice so requires," this Court has previously

-15-

allowed a party raising an inequitable conduct claim to file an amended pleading because "it did not have the benefit of the Court's ruling on the specific challenges that [patentee] raised." *California Costume*, 2022 WL 1062056, at \*8 ("Therefore, in the interest of justice, and because [patentee] Pandaloon will not be prejudiced if the Court grants leave to file a first amended inequitable conduct claim, the Court will allow CCC to amend its inequitable conduct claim, consistent with the analysis and rulings set forth herein.").

## CONCLUSION

For all of the reasons set forth herein, Moret respectfully requests that the Court deny Plaintiffs' motion to dismiss and strike Moret's inequitable conduct counterclaim and patent unenforceability affirmative defense, respectively, in its entirety.

Respectfully submitted,

Dated: January 30, 2026   PRYOR CASHMAN LLP

By: */s/ Thomas H. Vidal*
  Thomas H. Vidal (State Bar No. 204432)
  Brad D. Rose (admitted *pro hac vice*)
  Matthew Barkan (admitted *pro hac vice*)
  Jeffrey L. Snow (admitted *pro hac vice*)
  Alexander White (admitted *pro hac vice*)
  Rachel Kaplowitz (admitted *pro hac vice*)

  Attorneys for Defendant Intervenor,
  JACQUES MORET INC.

-16-

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Jacques Moret Inc. certifies that this brief contains 4,846 words, which complies with the word limit of L.R. 11-6.1.

By:   */s/ Thomas H. Vidal*
         Thomas H. Vidal
         PYROR CASHMAN LLP
         *Attorneys for Jacques Moret Inc.*

-17-

# CERTIFICATE OF SERVICE

I certify that on January 30, 2026, I electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to the following:

| | |
|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP**<br>Ali S. Razai, Bar No. 246,922<br> *ali.razai@morganlewis.com*<br>Brandon G. Smith, Bar No. 307,676<br> *brandon.g.smith@morganlewis.com*<br>600 Anton Boulevard, Suite 1800<br>Costa Mesa, CA  92626-7653<br>Tel: 714.830.0600<br>Fax: 714.830.0700<br><br>Brian P. O'Donnell<br> *brian.odonnell@morganlewis.com*<br>110 N. Wacker Drive, Suite 2800<br>Chicago, IL 60606-1511<br>Tel: 312.324.1000<br>Fax: 312.324.1001<br><br>John Hendershott<br> *jack.hendershott@morganlewis.com*<br>101 Park Avenue<br>New York, NY 10178-0060<br>Tel: 212.309.6000<br>Fax: 212.309.6001<br><br>*Attorneys for Plaintiffs*<br>LULULEMON ATHLETICA CANADA INC. AND LULULEMON USA, INC. | **DTO LAW**<br>William Delgado (SBN 222666)<br> *wdelgado@dtolaw.com*<br>Ellen Y. Yang (SBN 223143)<br> *eyang@dtolaw.com*<br>Nicole G. Malick (SBN 335754)<br> *nmalick@dtolaw.com*<br>915 Wilshire Boulevard, Suite 1950<br>Los Angeles, California 90017<br>Telephone: (213) 334-6999<br>Facsimile:  (213) 335-7802<br><br>Sudip Kundu (*pro hac vice*)<br> *skundu@dtolaw.com*<br>307 5th Avenue, 12th Floor<br>New York, NY 10016<br>Telephone: (646) 955-5400<br>Facsimile:  (213) 355-7802<br><br>*Attorneys for Defendant*<br>COSTCO WHOLESALE CORPORATION |

By:   */s/ Thomas H. Vidal*
_____
Thomas H. Vidal

-18-