Thomas H. Vidal (State Bar No. 204432)
 *tvidal@pryorcashman.com*
**PRYOR CASHMAN LLP**
1901 Avenue of the Stars, Suite 900
Los Angeles, California 90067
(310) 683-6900

Brad D. Rose (admitted *pro hac vice*)
 *brose@pryorcashman.com*
**PRYOR CASHMAN LLP**
7 Times Square
New York, NY 10036
(212) 421-4100
*Attorneys For Defendant Intervenor*
JACQUES MORET INC.
*Additional Counsel Listed on Following Page*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LULULEMON ATHLETICA CANADA INC. AND LULULEMON USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> Defendant, <br><br> and <br><br> JACQUES MORET INC., <br><br> Defendant-Intervenor. | Case No. 2:25-cv-05864-FLA-AJR <br> Hon. Fernando L. Aenlle-Rocha <br><br> **DEFENDANT-INTERVENOR JACQUES MORET INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE SECOND AMENDED AFFIRMATIVE DEFENSES OF INTERVENOR JACQUES MORET INC.** |

Matthew Barkan (admitted *pro hac vice*)
  *mbarkan@pryorcashman.com*
Jeffrey L. Snow (admitted *pro hac vice*)
  *jsnow@pryorcashman.com*
Alexander White (admitted *pro hac vice*)
  *awhite@pryorcashman.com*
Rachel Kaplowitz (admitted *pro hac vice*)
  *rkaplowitz@pryorcashman.com*
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100

*Attorneys For Defendant-Intervenor*
JACQUES MORET INC.

DEFENDANT-INTERVENOR JACQUES MORET INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE SECOND AMENDED
AFFIRMATIVE DEFENES OF INTERVENOR JACQUES MORET INC.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................iii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS .......................................................................................... 2

LEGAL STANDARDS .............................................................................................. 3

    A. Motions to Strike are Disfavored ................................................................ 3

    B. Only the Lower "Fair Notice" Standard
       Applies to Affirmative Defenses ................................................................ 4

ARGUMENT .............................................................................................................. 6

    A. Moret's First (Failure to State a Claim), Second (Lack of Standing),
       and Seventeenth (Reservation of Rights) Affirmative Defenses
       Do Not Prejudice Plaintiffs.......................................................................... 6

    B. Moret's Seventh Affirmative Defense (Invalidity of Registered Marks)
       Is Sufficiently Pleaded ................................................................................ 8

    C. Moret's Third (Non-Infringement of the Asserted Trade Dresses and
       Trademarks) and Sixth (Likelihood of Confusion) Affirmative Defenses
       Are Sufficiently Pleaded .............................................................................. 9

    D. Moret's Fifth Affirmative Defense (Abandonment of a Trade Dress or
       Trademark Through Genericide) Is Sufficiently Pleaded ......................... 11

    E. Moret's Fourth Affirmative Defense (Abandonment Through Non-Use)
       Is Sufficiently Pleaded .............................................................................. 12

    F. Moret's Eighth Affirmative Defense (Non-Infringement of
       Asserted Patents) Is Sufficiently Pleaded ................................................ 13

    G. Moret's Thirteenth Affirmative Defense (Patent Misuse)
       Is Sufficiently Pleaded .............................................................................. 14

H. Moret's Twelfth (Equitable Defenses), Fourteenth (Fair Use), and Fifteenth (Good Faith) Affirmative Defenses Are Sufficiently Pleaded ..................................................................................17

CONCLUSION.................................................................................................19

## TABLE OF AUTHORITIES

**CASES**                                                  **PAGE(s)**

*ACCU Casting Co. Inc. v. Yunhong Zou,*
No. 2:22-CV-05377 MEMF (AFMX), 2023 WL 6783302,
(C.D. Cal. May 19, 2023) ...................................................................................... 9

*Agricola Cuyuma SA v. Corona Seeds, Inc.,*
No. CV 17-8220-DMG (SKx), 2019 WL 1878353,
(C.D. Cal. Feb. 20, 2019) ..................................................................................4, 5

*Ameranth, Inc. v. Pizza Hut, Inc.,*
No. 11-CV-1810 JLS (NLS), 2012 WL 12918370,
(S.D. Cal. June 26, 2012) ...................................................................................... 3

*Am. GNC Corp. v. LG Elecs. Inc.,*
No. 17-CV-01090-BAS-BLM, 2017 WL 4792373,
(S.D. Cal. Oct. 24, 2017) ...................................................................................... 3

*Barkhordar v. Century Park Place Condo. Ass'n*,
No. 2:16-cv-03071-CAS(Ex), 2016 WL 6102323,
(C.D. Cal. Oct. 18, 2016).................................................................................... 18

*Brother Records, Inc. v. Jardine,*
318 F.3d 900 (9th Cir. 2003) .............................................................................. 19

*Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.,*
217 F. Supp. 2d 1028 (C.D. Cal. 2002)................................................................ 4

*Cirana Corp. v. Changshu Jisheng Spinning &*
*Weaving Commodities Co.,*
No. 216CV4590CASGJSX, 2016 WL 6495376,
(C.D. Cal. Oct. 31, 2016).................................................................................... 11

*Corp. of Gonzaga Univ. v. Pendleton Enters., LLC*,
55 F. Supp. 3d 1319 (E.D. Wash. 2014) ............................................................ 19

*C.R. Bard, Inc. v. M3 Sys., Inc.,*
157 F.3d 1340 (Fed. Cir. 1998) .......................................................................... 15

*Daniels v. Dixon,*
    No. 8:21-cv-00223-CJC-MAR, 2022 WL 2101740,
    (C.D. Cal. Mar. 22, 2022)................................................................................. 4, 18

*Davis v. Hollywood & Ivar, LLC,*
    No. 221CV01235VAPJPRX, 2021 WL 4816823,
    (C.D. Cal. Aug. 30, 2021) ...................................................................................... 11

*DC Labs Inc. v. Celebrity Signatures Int'l, Inc.,*
    No. 12–CV–01454 BEN (DHB), 2013 WL 4026366,
    (S.D. Cal. Aug. 6, 2013)................................................................................... 8, 12

*Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.,*
    No. EDCV–11–197, 2011 WL 3809933,
    (C.D. Cal. Aug.25, 2011) ...................................................................................... 12

*Ecological Rts. Found. v. Hot Line Constr., Inc.,*
    No. 20-01108 AB (KKX), 2021 WL 1537205,
    (C.D. Cal. Feb. 17, 2021) ......................................................................................... 7

*Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd,*
    No. CV 14–00609 DDP (SSx), 2014 WL 4187979,
    (C.D. Cal. Aug. 22, 2014) ........................................................................................ 9

*Hydraunatics v. FilmTec Corp.,*
    70 F.3d 533 (9th Cir. 1995).................................................................................... 16

*Hydril Co. LP v. Grant Prideco LP,*
    474 F.3d 1344 (Fed. Cir. 2007) .............................................................................. 16

*In re Honest Co., Inc. Sec. Litig.,*
    343 F.R.D. 147 (C.D. Cal. 2022) ......................................................................... 1, 6

*Kohler v. Bed Bath & Beyond of California, LLC,*
    No. CV 11-4451 RSWL SPX, 2012 WL 424377,
    (C.D. Cal. Feb. 8, 2012) ........................................................................................... 8

*Kohler v. Flava Enters.,*
    779 F.3d 1016 (9th Cir. 2015)...................................................................... 5, 14, 17

*Lettuce Entertain You Enters. Inc. v. 1541 Ocean LLC,*
    No. CV 24-347-MWF (AJRX), 2024 WL 3915131,
    (C.D. Cal. July 16, 2024).................................................................................... 7, 13

iv

*Loi Nguyen v. Durham Sch. Servs., L.P.,*
  358 F. Supp. 3d 1056 (C.D. Cal. 2019) ...................................................... 5, 6

*Miller v. Ghirardelli Chocolate Co.,*
  No. C 12-04936 LB, 2013 WL 3153388,
  (N.D. Cal. June 19, 2013) ................................................................... 1, 3, 4

*Monsanto Co. v. Scruggs,*
  459 F.3d 1328 (Fed. Cir. 2006) ................................................................. 13

*Myers v. Real Time Resols., Inc.,*
  No. EDCV 16-182 JGB (SP), 2016 WL 11746541,
  (C.D. Cal. Oct. 18, 2016) ...................................................................... 17, 18

*National Grange of the Order of Patrons of Husbandry v.*
  *California State Grange,*
  No. CIV. 2:14-676 WBS, 2014 WL 3837434,
  (E.D. Cal. July 30, 2014) ................................................................... 1, 9, 17

*Nike, Inc. v. Tuinenberg,*
  No. 2:23-CV-10495-AB-AS, 2024 WL 5716718,
  (C.D. Cal. Apr. 11, 2024) ...................................................................... 1, 11

*Peacock v. Pabst Brewing Co., LLC,*
  No. 2:18-cv-00568-TLN-CKD, 2022 WL 446201,
  (E.D. Cal. Feb. 14, 2022) ........................................................................ 18

*Perez v. Nuzon Corp.,*
  No. SACV 16-00363-CJC(KESx), 2016 WL 11002544,
  (C.D. Cal. June 6, 2016) .......................................................................... 10

*Platte Anchor Bolt, Inc. v. IHI, Inc.,*
  352 F. Supp. 2d 1048 (N.D. Cal. 2004) ....................................................... 3

*Philpot v. Baltimore Post-Exam'r,*
  No. 3:20-cv-00872-H-MSB, 2020 WL 6449199,
  (S.D. Cal. Nov. 3, 2020) ..................................................................... 10, 18

*Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc.,*
  No. CV 20-8708-DMG (PDx), 2021 WL 6103078,
  (C.D. Cal. Oct. 19, 2021) ................................................................ 5, 17, 18

v

*Reiffer v. HGM Holdings LLC,*
 1:18-CV-1058-LCO-BAM, 2019 WL 1455325,
 (C.D. Cal. Dec. 19, 2016) .......................................................................... 1

*Roland Corp. v. Inmusicbrands, Inc.,*
 No. 2:16-cv-06256-CBM-AJWx, 2017 WL 513924,
 (C.D. Cal. Jan 26, 2017) ........................................................................... 13

*Sanchez v. City of Fresno,*
 914 F. Supp. 2d 1079 (E.D. Cal. 2012) ..................................................... 4

*Simmons v. Navajo Cnty., Ariz.,*
 609 F.3d 1011 (9th Cir. 2010) ................................................................... 11

*Shenzhen Smoore Technology Co., LTD. v.*
 *Next Level Ventures, LLC, et al.,*
 No. 2:22-cv-07646-AB-AGR, 2024 WL 5317246,
 (C.D. Cal. Dec. 4, 2024) ............................................................................ 16

*Smith v. Wal-Mart Stores,*
 No. C 06-2069 SBA, 2006 WL 2711468,
 (N.D. Cal. Sept. 20, 2006) ......................................................................... 10

*Solis v. Couturier,*
 No. 08-02732-RRB, 2009 WL 3055207,
 (E.D. Cal. Sept. 17, 2009) .......................................................................... 8

*Sportvision, Inc. v. Sportsmedia Tech. Corp.,*
 No. C 04–03115 JW, 2005 WL 1869350,
 (N.D. Cal. Aug. 4, 2005) ............................................................................ 8

*Staggs v. Doctor's Hosp. of Manteca,*
 No. 2:11-cv-00414-MCE-KJN, 2016 WL 3027742,
 (E.D. Cal. May 27, 2016) ........................................................................... 5

*United States Sec. & Exch. Comm'n v. W. Int'l Sec., Inc.,*
 No. 222CV04119ODWAFMX, 2023 WL 2480732,
 (C.D. Cal. Mar. 13, 2023)........................................................................ 7, 9

*Villagordoa Bernal v. Rodriguez,*
 No. 5:16-cv-00152-CAS(DTBx), 2016 WL 6407406,
 (C.D. Cal. Oct. 28, 2016)............................................................................ 18

vi

*Vuitton et Fils S.A. v. J. Young Enters., Inc.,*
   644 F.2d 769 (9th Cir. 1981) ................................................................8

*Walker Process Equipment, Inc. v. Food Machinery & Chem. Corp,*
   382 U.S. 172 (1965) .............................................................................16

*Weddle v. Bayer AG Corp.,*
   No. 11CV817 JLS (NLS), 2012 WL 1019824,
   (S.D. Cal. Mar. 26, 2012) ....................................................................10

*White v. Moore,*
   No. 2:21-CV-09113-FL (MRWx), 2022 WL 18359428,
   (C.D. Cal. Sept. 21, 2022) (Aenlle-Rocha, J.)...................................5, 14

*Whittlestone, Inc. v. Handi-Craft Co.,*
   618 F.3d 970 (9th Cir. 2010) .................................................................4

*Wyshak v. City Nat. Bank,*
   607 F.2d 824 (9th Cir. 1979) ............................................................3, 11

*Xu v. City of Los Angeles,*
   No. 223CV01575FLASP, 2023 WL 8143542,
   (C.D. Cal. Oct. 18, 2023)...................................................................7, 14

*Zivkovic v. S. Cal. Edison Co.,*
   302 F.3d 1080 (9th Cir. 2002) .............................................................13

**STATUTES AND RULES**

15 U.S.C. § 1115(b)(8) ..............................................................................8

35 U.S.C. § 282.....................................................................................13, 14

Fed. R. Civ. P. 7(a) ...................................................................................7

Fed. R. Civ. P. 8........................................................................................5

Fed. R. Civ. P. 12(f)............................................................................1, 4, 5

Fed. R. Civ. P. 12(h) .................................................................................7

**TREATISES**

5C Charles A. Wright & Arthur R. Miller, Federal Practice and
Procedure: Civil, § 1381 (3d ed.) ......................................................................... 1

Defendant-Intervenor Jacques Moret Inc. ("Moret") hereby oppose Plaintiffs lululemon athletica canada inc.'s ("lululemon canada") and lululemon usa inc.'s ("lululemon usa") (collectively, "lululemon" or "Plaintiffs") Motion to Strike Moret's Second Amended Affirmative Defenses (the "Motion") (Dkt. No. 75).

## PRELIMINARY STATEMENT

Plaintiffs' Motion – its second attempt to strike Moret's Affirmative Defenses – is antithetical to "Rule 12(f)'s central purpose" of avoiding "the unnecessary expenditure of time and money." *See In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 151 (C.D. Cal. 2022). Indeed, Plaintiffs' insistence on proposing or filing a motion to strike after the filing of each of Moret's pleadings (Dkt. Nos. 44, 51 & 71) is exactly the kind of action that is "dilatory" and "harassing [in] character" and that causes federal courts to disfavor motions to strike. *See Reiffer v. HGM Holdings LLC*, No. 1:18-CV-1058-LCO-BAM, 2019 WL 1455325, at *5 (E.D. Cal. Apr. 2, 2019) (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil, § 1381 (3d ed.)); *see also*, *e.g.*, *Nike, Inc. v. Tuinenberg*, No. 2:23-CV-10495-AB-AS, 2024 WL 5716718, at *1 (C.D. Cal. Apr. 11, 2024); *National Grange of the Order of Patrons of Husbandry v. California State Grange*, No. CIV. 2:14-676 WBS, 2014 WL 3837434, at *2 (E.D. Cal. July 30, 2014); *Miller v. Ghirardelli Chocolate Co.*, No. C 12-04936 LB, 2013 WL 3153388, at *2 (N.D. Cal. June 19, 2013). For this reason alone, the Court should deny the Motion.

Plaintiffs variously assert that Moret's affirmative defenses fail as a matter of law or are insufficiently pleaded and make a generalized statement that the affirmative defenses prejudice Plaintiffs. *See* Dkt. No. 75 at 6-18. These assertions fall flat given the detail pleaded in Moret's Second Amended Affirmative Defenses and Plaintiffs' own past practice in pleading affirmative defenses. *See*, *e.g.*, Dkt Nos. 52-2, 52-3, 52-4, 52-5, 52-6, 52-7, 52-8, and 71. Indeed, Plaintiffs' history as sophisticated litigants, including in numerous intellectual property focused cases, renders hollow their claimed

ignorance as to the bases of Moret's Second Amended Affirmative Defenses. The Motion should be denied.

## STATEMENT OF FACTS

On June 27, 2025, Plaintiffs filed their Complaint asserting twelve causes of action and claiming that Defendant Costco Wholesale Corporation's ("Costco") sale of six products infringed Plaintiffs' intellectual property rights. Dkt No. 1. Among the six products were three Moret-supplied products. Moret made an unopposed motion to intervene in this case (Dkt. No. 31), which the Court granted (Dkt. No. 35).

On September 23, 2025, Moret filed its Answer, Affirmative Defenses, and Counterclaims. Dkt. No. 44. One week later, the parties met and conferred regarding Plaintiffs proposal to file a motion to strike Costco's and Moret's affirmative defenses. On October 7, 2025, Plaintiffs filed their First Motion to Strike Costco's and Moret's Affirmative Defenses ("First Motion to Strike"). Dkt. No. 47. In good faith and seeking to avoid a waste of everyone's resources, Moret filed its First Amended Answer, Affirmative Defenses, and Counterclaims ("First Amended Answer") on October 16, 2025.

Soon thereafter, Moret's continuing investigation of Plaintiffs' claims yielded new evidence – that lululemon concealed its own prior art from the Patent Office in the prosecution of the design patents it asserts in this case – necessitating further amendment and supplementation to Moret's affirmative defenses and counterclaims. In quick succession and in an attempt to avoid unnecessary motions, the parties met and conferred on October 30, 2025, to discuss Plaintiffs' proposal to file a motion to strike Moret's First Amended Answer, and on November 6, 2025, to discuss Moret's good faith proposal to amend and supplement its affirmative defenses and counterclaims. During the meet-and-confers, Plaintiffs did not indicate whether they would oppose Moret's proposal to amend and supplement its affirmative defenses and counterclaims. On November 19, 2025, Moret filed its Motion for Leave to file a Second Amended

2

Answer, Affirmative Defenses, and Counterclaims ("Motion for Leave"). Dkt. No. 60. On December 23, 2025, Plaintiffs filed a Notice of Non-Opposition to Moret's Motion for Leave. Dkt. No. 65.

On January 5, 2026, the Court issued an order (Dkt. No. 68) granting Moret leave to file its second Amended Answer, Affirmative Defenses, and Counterclaims ("Second Amended Answer") and denying as moot Plaintiffs' First Motion to Strike with respect to Moret. Moret filed its Second Amended Answer the next day. After meeting and conferring on January 16, 2026, on yet another proposal by Plaintiffs to file a Motion to Strike, Plaintiffs filed the present Motion on January 23, 2026.

## LEGAL STANDARD

### A.    Motions To Strike Are Disfavored

Motions to strike "are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution of the merits." *Miller*, 2013 WL 3153388, at *2 (cleaned up); *see also Ameranth, Inc. v. Pizza Hut, Inc.*, No. 11-CV-1810 JLS (NLS), 2012 WL 12918370, at *3 (S.D. Cal. June 26, 2012) ("Motions to strike are generally disfavored because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." (cleaned up)). Such motions "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt . . . the court should deny the motion.'" *Am. GNC Corp. v. LG Elecs. Inc.*, No. 17-CV-01090-BAS-BLM, 2017 WL 4792373, at *1 (S.D. Cal. Oct. 24, 2017) (citing *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).[1]

---

[1] Where a court does strike one or more affirmative defenses, leave to amend should be freely granted so long as there is no prejudice to the moving party. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826–827 (9th Cir. 1979). Plaintiffs have made no showing whatsoever that it would be prejudiced if Moret were permitted to amend.

3

Although the Court has discretion to grant motions to strike "for the purpose of streamlining the ultimate resolution of the action," it should not do so "where, like here, it would serve no real purpose" other than to expend party and judicial resources. *Miller*, 2013 WL 3153388, at \*4; *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) ("The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]").   For this reason, "courts often require a showing of prejudice by the moving party" before striking a defendant's affirmative defenses. *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012); *see also Daniels v. Dixon*, No. 8:21-cv-00223-CJC-MAR, 2022 WL 2101740, at \*2–3 (C.D. Cal. Mar. 22, 2022) (denying motion to strike where plaintiff failed to show she would be "prejudiced should the affirmative defenses stand," including by failing to explain "how any of the defenses would confuse the jury or needlessly complicate the trial" or "how the inclusion of these defenses . . . would cost the parties any more resources than were expended litigating" the motion to strike); *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) ("The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike"); *Agricola Cuyuma SA v. Corona Seeds, Inc.*, No. CV 17-8220-DMG (SKx), 2019 WL 1878353, at \*2 (C.D. Cal. Feb. 20, 2019) (explaining "motions to strike affirmative defenses are largely a waste of time unless prejudice can be shown" because affirmative defenses need not be pled in great detail).

**B.      Only the Lower "Fair Notice" Standard Applies to Affirmative Defenses.**

As Plaintiffs recognize, "[n]either the United States Supreme Court nor the Ninth Circuit has determined the standard to be used in determining the pleading sufficiency

4

of a defendant's affirmative defenses." Dkt. No. 75-1 at 4. The Ninth Circuit has held, however, that "the 'fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'" *Kohler v. Flava Enters.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Many courts in this circuit, including this Court, have interpreted *Kohler* as requiring only the "fair notice" standard for affirmative defenses, as opposed to the heightened pleading standard established by *Twombly* and *Iqbal*. *See White v. Moore*, No. 2:21-CV-09113-FL (MRWx), 2022 WL 18359428, at *1 (C.D. Cal. Sept. 21, 2022) (Aenlle-Rocha, J.); *Staggs v. Doctor's Hosp. of Manteca*, No. 2:11-cv-00414-MCE-KJN, 2016 WL 3027742, at *1 (E.D. Cal. May 27, 2016); *Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc.*, No. CV 20-8708-DMG (PDx), 2021 WL 6103078, at *5 (C.D. Cal. Oct. 19, 2021); *Agricola*, 2019 WL 1878353, at *1–2 (supporting application of fair notice standard because (a) Ninth Circuit continues to apply the standard, (b) Federal Rule of Civil Procedure 8 suggests different pleading standards for claims and defenses, and (c) for practicality and efficiency of litigation).

As these and other courts recognize, applying the heightened *Twombly/Iqbal* plausibility requirement to affirmative defenses "would encourage litigants to file more 12(f) motions, thus undercutting the longstanding principle that Rule 12(f) motions are a drastic remedy and should rarely be granted." *Loi Nguyen v. Durham Sch. Servs., L.P.*, 358 F. Supp. 3d 1056, 1062 (C.D. Cal. 2019) (applying "fair notice" standard). Moreover, Rule 8 requires only that a defendant "state in short and plain terms its defenses."[2] Fed. R. Civ. P. 8(b). Common sense also supports application of this less-

[2] Notably, and in accordance with the Court's standard schedule, the Scheduling Order provided an early deadline for motions to amend the pleadings that is already passed and well before the fact discovery cut-off. *See* Dkt. No. 55. With such an early deadline, it is impractical to require defendants to meet a pleading standard that would force them to refrain from on pleading defenses until they have conducted substantial discovery.

5

demanding standard: "[T]he plaintiff is the party who initiates the lawsuit. It makes sense, then, to ask more of the plaintiff at the outset of the case. After all, a defendant doesn't come to court by choice—the plaintiff forces them to appear." *Loi Nguyen*, 358 F. Supp. 3d at 1062. A lower pleading standard further makes sense given the risk of waiver. *Id*. ("Defendants risk permanently waiving any affirmative defenses not raised in their initial response . . . And if *Twiqbal's* plausibility requirement was extended to affirmative defenses, waiver is much more likely."). Accordingly, the Court should apply the "fair notice" standard.[3]

## ARGUMENT

**A. Moret's First (Failure to State a Claim), Second (Lack of Standing), and Seventeenth (Reservation of Rights) Affirmative Defenses Do Not Prejudice Plaintiffs**

Plaintiffs contend that Moret's First (Failure to State a Claim), Second (Lack of Standing), and Seventeenth (Reservation of Rights) Affirmatives Defenses are not affirmative defenses and thus fail as a matter of law. Dkt. No. 75-1 at 6-8. Plaintiffs are incorrect, as Moret's First and Second Affirmative Defenses are appropriately identified as affirmative defenses. Furthermore, Plaintiffs are not prejudiced by the inclusion of Moret's First, Second, and Seventeenth Affirmative Defenses.

The touchstone of whether an affirmative defense should be stricken is whether it prejudices the party against whom the defense is asserted. *In re Honest Co.*, 343 F.R.D. at 151. While Plaintiffs challenge whether Moret's First Affirmative Defense (Failure to State a Claim), Second Affirmative Defense (Lack of Standing), and

---

[3] While Moret applies the correct "fair notice" standard to address Plaintiffs' arguments, Moret's Affirmative Defenses would also survive under the *Iqbal/Twombly* pleading standard because each of Moret's Affirmative Defenses is supported by sufficient facts to render the Affirmative Defenses plausible on their face.

DEFENDANT-INTERVENOR JACQUES MORET INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE SECOND AMENDED
AFFIRMATIVE DEFENSES OF INTERVENOR JACQUES MORET INC.

Seventeenth Affirmative Defense (Reservation of Rights) are properly denominated "affirmative defenses," they tellingly do not "suggest[] that the outcome of this rather academic inquiry" concerning the propriety of the affirmative defenses asserted "will have any material outcome on the proceedings – that is, that any party will be prejudiced." *United States Sec. & Exch. Comm'n v. W. Int'l Sec., Inc.*, No. 222CV04119ODWAFMX, 2023 WL 2480732, at *10 (C.D. Cal. Mar. 13, 2023); *see also Ecological Rts. Found. v. Hot Line Constr., Inc.,* No. 20-01108 AB (KKX), 2021 WL 1537205, at *1 (C.D. Cal. Feb. 17, 2021) (holding that to the extent "[c]ourts have differing views about whether [Failure to State a Claim, Lack of Subject Matter Jurisdiction, and No Standing] are "affirmative defenses that should be in an answer" or "are not proper affirmative defenses, their presence in the Answer does not prejudice Plaintiffs. In the context of this case, this is an academic question upon which the Court need not expend its resources."). "Because [Plaintiffs] ha[ve] made no showing that the inclusion of the affirmative defenses would prejudice [them] . . . 'an assessment of the sufficiency of the defenses is better left for adjudication on the merits,' and the motion to strike the First, Second, and Seventeenth Affirmative Defenses should be denied." *Xu v. City of Los Angeles*, No. 223CV01575FLASP, 2023 WL 8143542, at *2 (C.D. Cal. Oct. 18, 2023).

In addition, regardless of prejudice, Moret's First Affirmative Defense (Failure to State a Claim) and Second Affirmative Defenses (Lack of Standing) are properly denominated as affirmative defenses. Federal Rule of Civil Procedure Rule 12(h) "expressly contemplates that failure to state a claim may be raised in an answer." *Lettuce Entertain You Enters. Inc. v. 1541 Ocean LLC*, No. CV 24-347-MWF (AJRX), 2024 WL 3915131, at *3 (C.D. Cal. July 16, 2024); Fed. R. Civ. P. 12(h)(2)(a) ("Failure to state a claim upon which relief can be granted . . . may be raised: (a) in any pleading allowed or ordered under Rule 7(a)."). "Numerous courts have denied motions to strike on this basis." *Lettuce*, 2024 WL 3915131, at *3 (collecting cases and remarking further

7

that "every California lawyer always lists Failure to State a Claim as the first 'affirmative defense' in every answer filed," so the court is "not eager to see a motion to strike that defense in every case"). Similarly, "[w]hile standing is an essential element of a plaintiff's claim, some courts have recognized it as an affirmative defense." *Kohler v. Bed Bath & Beyond of California, LLC*, No. CV 11-4451 RSWL SPX, 2012 WL 424377, at *3 (C.D. Cal. Feb. 8, 2012) (citing *Solis v. Couturier*, No. 08-02732-RRB, 2009 WL 3055207 at *1 (E.D. Cal. Sept. 17, 2009)).

### B.  Moret's Seventh Affirmative Defense (Invalidity of Registered Marks) Is Sufficiently Pleaded

Plaintiffs assert that Moret's Seventh Affirmative Defense (Invalidity of Registered Marks) is a redundant attack on Plaintiffs' case in chief and not an affirmative defense. Dkt. No. 75-1 at 16-17. Plaintiffs are incorrect, as Courts repeatedly find and treat defenses of trademark invalidity as affirmative defenses.

"Since a trademark registration constitutes *prima facie* evidence of the validity of the registered mark, the burden shifts to the accused infringer to rebut the presumption." *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12–CV–01454 BEN (DHB), 2013 WL 4026366, at *6 (S.D. Cal. Aug. 6, 2013); *see also Vuitton et Fils S.A. v. J. Young Enters., Inc.,* 644 F.2d 769, 775 (9th Cir 1981) (explaining a trademark registration "shifts the burden of proof from the plaintiff, who would have to establish his right to exclusive use in a common law infringement action, to the defendant, who must introduce sufficient evidence to rebut the presumption of plaintiff's right to such protected use."). Accordingly, it is well-recognized that "[t]o rebut a plaintiff's *prima facie* evidence of [a] mark's validity," a defendant may, for example, "raise an affirmative defense of invalidity based on a mark's functionality." *Sportvision, Inc. v. Sportsmedia Tech. Corp.*, No. C 04–03115 JW, 2005 WL 1869350, at *3 (N.D. Cal. Aug. 4, 2005) (citing 15 U.S.C. § 1115(b)(8)); *see also National Grange*, 2014 WL 3837434, at *2 (denying motion to strike invalidity affirmative defense where "courts

8

DEFENDANT-INTERVENOR JACQUES MORET INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE SECOND AMENDED
AFFIRMATIVE DEFENSES OF INTERVENOR JACQUES MORET INC.

have recognized that invalidity 'is effectively an affirmative defense to claims of infringement'" and "the court cannot see how allowing defendant to proceed with this defense would prejudice plaintiff in any way".)

Plaintiffs' cited cases are not to the contrary. Plaintiffs quote *ACCU Casting Co. Inc. v. Yunhong Zou*, No. 2:22-CV-05377 MEMF (AFMX), 2023 WL 6783302, at *8 (C.D. Cal. May 19, 2023) for the proposition that Moret's invalidity defense is "an attack on [lululemon's] case in chief, and not an affirmative defense." However, the quoted language in *ACCU* is in reference to an entirely different affirmative defense – "no immediate or irreparable injury, and adequate relief at law" – and thus has no application here. Plaintiffs' other cited case, *Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd*, No. CV 14–00609 DDP (SSx), 2014 WL 4187979 (C.D. Cal. Aug. 22, 2014), expressly holds that "[defendant] may conceivably raise invalidity as an affirmative defense." *Id.* at *7.

### C. Moret's Third (Non-Infringement of the Asserted Trade Dresses and Trademarks) and Sixth (Likelihood of Confusion) Affirmative Defenses Are Sufficiently Pleaded

Plaintiffs assert that Moret's Third (Non-Infringement of the Asserted Trade Dresses and Trademarks) Affirmative Defense is merely a denial of liability and not an affirmative defense. Dkt. No. 75-1 at 16. Plaintiffs also assert that Moret's Sixth (Likelihood of Confusion) Affirmative Defense addresses Plaintiffs' case in chief and is not an affirmative defense. Dkt. No. 75-1 at 17-18. Plaintiffs are incorrect. Not only do Plaintiffs apply the wrong pleading standard, but Courts continue to find arguments that a pled affirmative defense is not a "proper" affirmative defense to be an insufficient rationale for striking that defense.

As explained *supra* at 6-8, an argument that a pleaded affirmative defense is not a proper affirmative defense does not itself overcome "the general disfavor federal courts regularly express for motions to strike." *W. Int'l Sec., Inc.*, 2023 WL 2480732,

9

at *10; *see also Philpot v. Baltimore Post-Exam'r*, No. 3:20-cv-00872-H-MSB, 2020 WL 6449199, at *2 (S.D. Cal. Nov. 3, 2020) ("[A]rguments that an affirmative defense is better characterized as a challenge to or a denial of an element of a plaintiff's cause of action 'provide[ ] insufficient grounds for striking the defenses.'" (citing *Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, at *10 (N.D. Cal. Sept. 20, 2006))*; Weddle v. Bayer AG Corp.*, No. 11CV817 JLS (NLS), 2012 WL 1019824, at *4 (S.D. Cal. Mar. 26, 2012) (concluding "denials that are improperly pled as defenses should not be stricken on that basis alone.") (cleaned up); *cf. Perez v. Nuzon Corp.*, No. SACV 16-00363-CJC(KESx), 2016 WL 11002544, at *2 (C.D. Cal. June 6, 2016) ("[M]otions to strike affirmative defenses infrequently simplify litigation and conserve resources, even when the defenses at issue are not perfectly pleaded or when they are more accurately described as negative defenses.").

Notably, Plaintiffs do not attempt to challenge the factual sufficiency of Moret's Third Affirmative Defense (Non-Infringement).  As to Moret's Sixth Affirmative Defense, Plaintiffs are clearly relying on the *Twombly*/*Iqbal* standard for which they advocate in their Motion (Dkt. No. 75-1 at 5).  But as described *supra* at 4-6, the "fair notice" standard is the appropriate pleading standard for affirmative defenses.

Under that standard, there is no question that Moret's allegations that the Moret Accused Products "are sold through different channels of trade at markedly different price points, and Moret designed the Moret Accused Products using commonly used functional and aesthetic features and commonly used descriptors with no intent to adopt any other parties' trade dress or trademarks" – key elements of a likelihood of confusion analysis – provide fair notice of the defense to Plaintiffs.  Accordingly, Plaintiffs' claim that Moret did not allege facts "relating to the similarity or dissimilarity of its products, the channels of trade, or the price points" should be rejected.  *See* Dkt. No. 75-1 at 18.

In any event, courts in this District have denied motions to strike likelihood of confusion affirmative defenses (and trademark noninfringement affirmative defenses)

10

– even those devoid of all of the specificity of Moret's Third and Sixth Affirmative Defenses – because "while boilerplate, [these defenses] are standard affirmative defenses, appropriate at the outset of the case*." Cirana Corp. v. Changshu Jisheng Spinning & Weaving Commodities Co.*, No. 216CV4590CASGJSX, 2016 WL 6495376, at *8 (C.D. Cal. Oct. 31, 2016); *see also Nike,* 2024 WL 5716718, at *4 (rejecting challenge to a number of affirmative defenses, including no likelihood of confusion, because "it cannot be said that the defenses are immaterial" and "leaving Defendants be on this issue would not prejudice nor materially alter the outcome of the case")."

**D.    Moret's Fifth Affirmative Defense (Abandonment of a Trade Dress or Trademark Through Genericide) Is Sufficiently Pleaded**

Plaintiffs assert that Moret's Fifth Affirmative Defense (Abandonment of a Trade Dress and Trademark Through Genericide) is insufficiently pleaded for purportedly failing to plead the requisite elements of genericide, abandonment or genericness. Dkt. No. 75-1 at 8-9. Plaintiffs are incorrect as their arguments rely on the application of the wrong pleading standard and Moret has provided sufficient detail to provide Plaintiffs with fair notice of the bases for Moret's Fifth Affirmative Defense.

Again, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty., Ariz.,* 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak,* 607 F.2d at 827). Moret alleges that "the Asserted Trade Dresses are common design elements," such that their presence on a product is not source-identifying (making those elements generic and therefore not trademark protected). (Dkt. 71 at 28). Moret also alleges that the "alleged TIDEWATER teal common law trademark is a common descriptor of color," which, again, because of its descriptiveness – teal is a common name for a particular shade of blue-green – is not associated in the minds of consumers with Plaintiffs. *Id.* These allegations provide fair notice of the abandonment through genericide defense. *See, e.g. Davis v. Hollywood & Ivar, LLC*, No. 221CV01235VAPJPRX, 2021 WL

11

4816823, at *8 (C.D. Cal. Aug. 30, 2021) (rejecting argument that defendant "fail[ed] to provide sufficient factual bases for descriptiveness and genericness" where defendant explained that the term "Jamaica Gold" was descriptive of geographic source and/or "akin to a 'generic name for the type of music offered'"); *DC Labs Inc.*, 2013 WL 4026366, at *6 (affirmative defense of no secondary meaning not stricken where defendant "alleges the specific grounds on which the validity of the marks can be rebutted – lack of distinctiveness" which provide "fair notice"); *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.,* No. EDCV–11–197, 2011 WL 3809933, at *9 (C.D. Cal. Aug.25, 2011) (denying motion to strike affirmative defense that alleges that "the mark is not distinctive and has not acquired secondary meaning"). Indeed, Plaintiffs advance this exact understanding of genericide in their Motion and their claim that they do not understand the defense rings hollow. Dkt. No. 75-1 at 8 ("In other words, genericide requires proving that the primary significance of the trademark or trade dress ceases to identify a single source of that generic thing.").

### E. Moret's Fourth Affirmative Defense (Abandonment Through Non-Use) Is Sufficiently Pleaded

Plaintiffs assert that Moret's Fourth Affirmative Defense (Abandonment of a Trade Dress and Trademark Through Non-Use) is insufficiently pleaded for purportedly failing to plead the requisite elements of abandonment through non-use. Dkt. No. 75-1 at 9-10. Plaintiffs again are incorrect as their arguments rely on the application of the wrong pleading standard, and Moret has provided sufficient detail to provide Plaintiffs with fair notice of the bases for Moret's Fourth Affirmative Defense.

Moret alleges the affirmative defense of abandonment through non-use on the basis that "[u]pon information and belief, Lululemon has not used and has shown no intent to use the alleged DEFINE Trade Dresses in commerce since at least Fall 2023, with multiple new versions of Lululemon's DEFINE products released without the alleged DEFINE Trade Dresses." (Dkt. 71 at 25). Plaintiffs clearly understand the

12

defense, which is a proper affirmative defense and argue only that "Moret fails to plead facts" supporting the defense. (Dkt. No. 75-1 at 10.). Again, "[a]lthough the Answer is somewhat conclusory, [Moret has] provided fair notice" of the defense," and, moreover, "the nature of the defense is well known, and Plaintiff can seek discovery regarding the purported factual basis for these defenses". Accordingly, there is no basis to strike the defense at this juncture. *Lettuce*, 2024 WL 3915131, at *5.

### F.     Moret's Eighth Affirmative Defense (Non-Infringement of Asserted Patents) Is Sufficiently Pleaded

Plaintiffs assert that Moret's Eighth Affirmative Defense (Non-Infringement of the Asserted Patents) is insufficiently pleaded by virtue of merely pleading a redundant "denial of liability, not a cognizable affirmative defense." Dkt. No. 75-1 at 16. Plaintiffs' assertions are incorrect, as non-infringement of a patent is a statutorily recognized affirmative defense and Moret sufficiently pleads enough detail to provide "fair notice" of the bases for the Eighth Affirmative Defense to Plaintiffs.

Non-infringement of a patent is an explicit statutory affirmative defense: "[t]he following *shall be defenses* in any action involving the validity or infringement of a patent and *shall be pleaded*: (1) *Noninfringement*, absence of liability for infringement or unenforceability . . . " 35 U.S.C. § 282(b)(1) (emphasis added).

Plaintiffs' citation of *Roland Corp. v. Inmusicbrands, Inc.*, No. 2:16-cv-06256-CBM-AJWx, 2017 WL 513924 (C.D. Cal. Jan 26, 2017) to attempt to show the contrary is misplaced. While *Roland Corp.* is a patent infringement case, it simply states that non-infringement is "not [an] affirmative defense" and cites to a case with no connection to patents, or intellectual property, for the proposition that defenses simply negating elements of what a plaintiff is required to prove are not affirmative defenses. *Roland Corp.*, 2017 WL 513924 at *2 (C.D. Cal. Jan 26, 2017) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). In fact, the Federal Circuit has explicitly stated that noninfringement is an affirmative defense. *See Monsanto Co. v.*

13

*Scruggs*, 459 F.3d 1328, 1334 (Fed. Cir. 2006) ("Affirmative defenses to [patent] infringement include noninfringement, unenforceability, invalidity (e.g., failing to satisfy the written description or enablement requirements), *see* 35 U.S.C. § 282, patent misuse, . . . and the existence of an implied license.") (citations omitted).

Moreover, Moret's Eighth Affirmative Defense is pleaded with detail far beyond the "general terms" required to satisfy the Ninth Circuit's "fair notice" standard. *See Kohler v. Flava Enters.*, 779 F.3d at 1019; *White v. Moore*, 2022 WL 18359428, at *1. Among other details, Moret's Eighth Affirmative Defense states that the Moret Accused Products "are plainly dissimilar from the claimed designs of the Asserted Patents" and "do not include all of the claimed features of the claimed designs . . . including but not limited to features shown in solid lines on the front and/or back of the garment of the claimed designs;" with the scope of the claimed designs being limited by: (1) "the prior art, including publicly available garment designs and features of same and prior art cited during the prosecution of the Asserted Patents;" (2) the "exclu[sion of] functional features of the claimed designs . . . including features designed to maintain the shape and position of the claimed garment relative to a user's body;" and (3) by "statements, representations, and admissions made by the applicant during the prosecution of the Asserted Patents." *See* Dkt. No. 71 at 27.

Additionally, there is absolutely no prejudice to Plaintiffs from Moret's Eighth Affirmative Defense, and Plaintiff has made no showing otherwise. *See*, *e.g.*, *Xu*, 2023 WL 8143542, at *2.

**G.    Moret's Thirteenth Affirmative Defense (Patent Misuse) Is Sufficiently Pleaded**

Plaintiffs contend that Moret's Thirteenth Affirmative Defense (Patent Misuse) is insufficiently pleaded by purportedly failing to allege the requisite elements of patent misuse.  Dkt. No. 75-1 at 13-16.  Plaintiffs' assertions are incorrect, as Moret has

sufficiently pleaded multiple bases to provide Plaintiffs with substantially more than "fair notice" of the facts underpinning an affirmative defense of patent misuse.

In support of their assertions that Moret's Thirteenth Affirmative Defense is insufficiently pleaded, Plaintiffs cite Federal Circuit precedent for the proposition that "[it] is not patent misuse to bring suit to enforce patent rights *not fraudulently* obtained." *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1373 (Fed. Cir. 1998) (emphasis added). Plaintiffs ignore that Moret lays out facts at least in its Thirteenth Affirmative Defense, Sixteenth Affirmative Defense, and Third Counterclaim to show that Plaintiffs engaged in inequitable conduct and *fraudulently* obtained U.S. Patent Nos. D989,442 and D1,035,219 (the "Asserted Patents") by intentionally withholding material prior art references from the United States Patent and Trademark Office ("USPTO").[4]  *See* Dkt. No. 71 at 29-31, 34-39, and 57-60.  For example, Moret's Thirteenth Affirmative Defense states, among other things, that Plaintiffs knew "that the Asserted Patents are invalid, unenforceable, and not infringed, as set forth herein," *i.e.*, within Moret's Second Amended Answer; that Plaintiffs "fraudulently procur[ed] and then attempt[ed] to enforce the Asserted Patents, which it knew were invalid, not infringed, and/or unenforceable, in order to illegally acquire monopoly power in the athleisure market;" that Plaintiffs "brought [their] patent infringement claims to harass [their] competitors, including Moret;" and that Plaintiffs' "patent infringement claims constitute a mere sham having the intended effect to impermissibly broaden the scope of the Asserted Patents in a manner that has anticompetitive effects." *See* Dkt. No. 71 at 29-30.  Moret's

---

[4] Separately from this Motion, Plaintiffs filed a Motion to Dismiss Moret's Third Counterclaim and Strike Moret's Sixteenth Affirmative Defense (Dkt. No. 74) (the "Motion to Dismiss").  In response, Moret's Opposition to the Motion to Dismiss (Dkt. No. 77) explains how Moret's Third Counterclaim and Sixteenth Affirmative Defense are more than sufficiently pled to meet all requirements for pleading inequitable conduct.

15

Thirteenth Affirmative Answer thus addresses each requirement Plaintiffs purport that Moret fails to address.

Courts have ruled that a fraudulently obtained patent strips the patentee "of its exemption from the antitrust laws its patent would otherwise provide." *Hydril Co. LP v. Grant Prideco LP*, 474 F.3d 1344, 1349 (Fed. Cir. 2007). Further, litigations based on fraudulently obtained patents are found to be objectively baseless and constitute *Walker Process* fraud. *See Hydril Co. LP*, 474 F.3d at 1349; *see also Walker Process Equipment, Inc. v. Food Machinery & Chem. Corp.*, 382 U.S. 172, 177 (1965); *Hydraunatics v. FilmTec Corp.*, 70 F.3d 533, 537-39 (9th Cir. 1995); *Shenzhen Smoore Technology Co., LTD. v. Next Level Ventures, LLC, et al.*, No. 2:22-cv-07646-AB-AGR, 2024 WL 5317246, at *7-*8 (C.D. Cal. Dec. 4, 2024). Plaintiffs' action based on the Asserted Patents, which they knowingly and intentionally obtained through inequitable conduct, is textbook patent misuse.[5]

Beyond sufficiently pleading the unenforceability of the Asserted Patents, Moret sufficiently pleads the invalidity and non-infringement of the Asserted Patents. As addressed *supra* at 13-14, Moret's Eighth Affirmative Defense (Non-Infringement of the Asserted Patents) is a statutorily provided and sufficiently pleaded affirmative defense. Plaintiffs further acquiesce to the sufficiency of Moret's pleadings by not moving to dismiss or strike its First Counterclaim for Declaratory Judgement of Non-Infringement. Through its Eighth and Thirteenth Affirmative Defenses and First Counterclaim, Moret provides more than fair notice to Plaintiffs that the Moret Accused Products are plainly dissimilar to the claimed designs and do not include all of the

---

[5] Plaintiffs' assertion that Moret lacks any support for pleading that Plaintiffs have market power is bemusing, particularly in light of Plaintiffs' Complaint stating that Plaintiffs' products are "among the most recognizable athletic and lifestyle apparel in the world."

16

claimed features of the Asserted Patents, and are thereby plainly non-infringing. *See* Dkt. No. 71 at 27.

Regarding invalidity, Plaintiffs notably do not move to strike Moret's Ninth Affirmative Defense (Invalidity of the Asserted Patents) or Dismiss Moret's Second Counterclaim for Declaratory Judgment of Invalidity of the Asserted Patents. Moret's pleadings plainly explain how the Asserted Patents are invalid due to indefiniteness and lack of novelty or obviousness in light of the prior art, including Plaintiffs' own prior art products. Dkt. No. 71 at 27-30 and 56-57.

Moret's pleadings thus sufficiently provide Plaintiffs with multiple bases that support allegations of Plaintiffs' knowing and willful assertion of an invalid and unenforceable patent against plainly non-infringing products, i.e., patent misuse.

**H.    Moret's Twelfth (Equitable Defenses), Fourteenth (Fair Use), and Fifteenth (Good Faith) Affirmative Defenses Are Sufficiently Pleaded**

Plaintiffs assert that Moret's Fourteenth (Fair Use) and Fifteenth (Good Faith) Affirmative Defenses purportedly fail as a matter of law by virtue of merely being defenses to liability, and thus not an affirmative defense, or being inapplicable to Plaintiffs' patent infringement claims. Dkt. No. 75-1 at 10-13. Plaintiffs additionally assert that Moret's Twelfth, Fourteenth, and Fifteenth Affirmative Defenses are insufficiently pled by purportedly failing to plead supporting facts for the requisite elements of the corresponding defense. *Id.* Plaintiffs' assertions are incorrect, as Moret's Twelfth, Fourteenth, and Fifteenth Affirmative Defenses are straightforward affirmative defenses that must be pled to avoid waiver and for which Moret provided numerous details to provide Plaintiffs with well more than "fair notice."

Moret's Twelfth, Fourteenth, and Fifteenth Affirmative Defenses are the kinds of "straightforward defenses" where Courts find pleading them in general terms to be sufficient to provide a plaintiff with "fair notice." *See Myers v. Real Time Resols., Inc.*, No. EDCV 16-182 JGB (SP), 2016 WL 11746541, at *4 (C.D. Cal. Oct. 18, 2016);

17

*National Grange*, 2014 WL 3837434, at *3-*4; *Pocketbook*, 2021 WL 6103078 at *4-*5. Each of these defenses is "relevant, not necessarily redundant, and/or would be waived if not pled." *Daniels*, 2022 WL 2101740, at *3 (citing *Kohler v. Flava Enters.*, 779 F.3d at 1019).

Even when only provided as boilerplate or sparsely detailed defenses, Courts have declined to strike these and similar defenses. *See Philpot*, 2020 WL 6449199, at *2 (denying motion to strike equitable defenses including laches, equitable estoppel, waiver, and unclean hands); *Myers*, 2016 WL 11746541, at *4 (declining to strike "good faith" defense); *Villagordoa Bernal v. Rodriguez*, No. 5:16-cv-00152-CAS(DTBx), 2016 WL 6407406, at *4 (C.D. Cal. Oct. 28, 2016) (declining to strike laches and estoppel defenses, holding that "while boilerplate, [they were] standard affirmative defenses, appropriate at the outset of the case"); *Barkhordar v. Century Park Place Condo. Ass'n*, No. 2:16-cv-03071-CAS(Ex), 2016 WL 6102323, at *6 (C.D. Cal. Oct. 18, 2016) (declining to strike statute of limitations defense on the same basis); *Pocketbook*, 2021 WL 6103078, at *4 (declining to strike affirmative defenses of laches, waiver, unclean hands, good faith, and innocent intent because "affirmative defenses need not be pled in great detail" and because plaintiff had "not specifically identified any prejudice arising from their inclusion"); *Peacock v. Pabst Brewing Co., LLC*, No. 2:18-cv-00568-TLN-CKD, 2022 WL 446201, at *3 (E.D. Cal. Feb. 14, 2022) (denying motion to strike statute of limitations, laches, and waiver defenses because "[a]ll three are well-established defenses whose application is typically self-explanatory"). On this basis alone, the Court should decline to strike Moret's Twelfth, Fourteenth, and Fifteenth Affirmative Defenses.

Of course, Moret's Twelfth, Fourteenth, and Fifteenth Affirmative Defenses go well beyond boilerplate language to lay out specific and plausible facts that support the defenses. *See* Dkt. No. 71 at 29-31. Plaintiffs' own past practice shows their awareness that less detail than that provided by Moret is sufficient to plead affirmative defenses

18

such as good faith, fair use, and equitable defenses. *See*, *e.g.*, Dkt. Nos. 52-3, 52-4, 52-5, 52-6, and 52-8.

Additionally, fair use is a standard affirmative defense in trademark/trade dress cases. *See, e.g., Brother Records, Inc. v. Jardine*, 318 F.3d 900, 905–07 (9th Cir. 2003); *Corp. of Gonzaga Univ. v. Pendleton Enters., LLC*, 55 F. Supp. 3d 1319, 1329 (E.D. Wash. 2014). A party may satisfactorily plead fair use by asserting that the use of an alleged trademark/trade dress was descriptive, i.e., non-infringing, manner. *Id*.

In light of the foregoing, the Court should exercise its discretion and decline to strike Moret's Twelfth, Fourteenth, and Fifteenth Affirmative Defenses.

## CONCLUSION

Plaintiffs' Motion completely lacks merit, which only underscores that its primary purpose is to harass and delay. For the foregoing reasons, Plaintiffs' Motion to Strike Moret's Second Amended Affirmative Defenses should be denied.

Respectfully submitted,

Dated: January 30, 2026    PRYOR CASHMAN LLP

By: */s/ Thomas H. Vidal*
    Thomas H. Vidal (State Bar No. 204432)
    Brad D. Rose (admitted *pro hac vice*)
    Matthew Barkan (admitted *pro hac vice*)
    Jeffrey L. Snow (admitted *pro hac vice*)
    Alexander White (admitted *pro hac vice*)
    Rachel Kaplowitz (admitted *pro hac vice*)

    Attorneys for Defendant-Intervenor,
    JACQUES MORET INC.

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Jacques Moret Inc. certifies that this brief contains 5,982 words, which complies with the word limit of L.R. 11-6.1.

By: */s/ Thomas H. Vidal*

Thomas H. Vidal
PRYOR CASHMAN LLP
*Attorneys for Jacques Moret Inc.*

CERTIFICATE OF COMPLIANCE

# CERTIFICATE OF SERVICE

I certify that on January 30, 2026, I electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to the following:

**MORGAN, LEWIS & BOCKIUS LLP**
Ali S. Razai, Bar No. 246,922
 *ali.razai@morganlewis.com*
Brandon G. Smith, Bar No. 307,676
 *brandon.g.smith@morganlewis.com*
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel: 714.830.0600
Fax: 714.830.0700

Brian P. O'Donnell
 *brian.odonnell@morganlewis.com*
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: 312.324.1000
Fax: 312.324.1001

John Hendershott
 *jack.hendershott@morganlewis.com*
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001

*Attorneys for Plaintiffs*
LULULEMON ATHLETICA CANADA
INC. AND LULULEMON USA, INC.

**DTO LAW**
William Delgado (SBN 222666)
 *wdelgado@dtolaw.com*
Ellen Y. Yang (SBN 223143)
 *eyang@dtolaw.com*
Nicole G. Malick (SBN 335754)
 *nmalick@dtolaw.com*
915 Wilshire Boulevard, Suite 1950
Los Angeles, California 90017
Telephone: (213) 334-6999
Facsimile:  (213) 335-7802

Sudip Kundu (*pro hac vice*)
 *skundu@dtolaw.com*
307 5th Avenue, 12th Floor
New York, NY 10016
Telephone: (646) 955-5400
Facsimile:  (213) 355-7802

*Attorneys for Defendant*
COSTCO WHOLESALE
CORPORATION

By:    */s/ Thomas H. Vidal*
         Thomas H. Vidal